IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC. | Civil Action No. 15-cv-8940 |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., AND TRINITY MANUFACTURING, L.L.C. | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Gamon Plus, Inc. and Gamon International, Inc. (collectively, "Gamon" or "Plaintiffs"), by and through their counsel, complain of Campbell Soup Company ("Campbell's"), Meijer, Inc. ("Meijer"), The Kroger Co. ("Kroger"), and Trinity Manufacturing, L.L.C. ("Trinity") (collectively, "Defendants"), as follows:

## THE PARTIES

1.      Gamon Plus, Inc. is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Gamon Plus, Inc. is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.

2.      Gamon International, Inc. is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Gamon International, Inc. is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.

3.     Campbell's is a corporation organized under the laws of the State of New Jersey with a principal place of business at 1 Campbell Place, Camden, New Jersey 08103. Campbell's is in the business of, among other things, the production and sale of foods and beverages sold using brands that include Pepperidge Farm, V8, Campbell's brand, Prego, and Royal Dansk.

4.     Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840. Trinity is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.

5.     Meijer is a corporation organized under the laws of the State of Michigan with a principal place of business at 2929 Walker Avenue North West, Grand Rapids, Michigan 49544. Meijer is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.

6.     Kroger is a corporation organized under the laws of the State of Ohio with a principal place of business as 1014 Vine Street, Cincinnati, Ohio 45202. Kroger is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.

7.     Gamon competes with Trinity in the product display industry. Gamon is a former supplier of display racks to Campbell's, and Meijer and Kroger both use infringing display racks to sell, *inter alia*, Campbell's soup products.

## PATENTS-IN-SUIT

8.     On September 9, 2014, the USPTO duly and legally issued U.S. Utility Patent No. 8,827,111 (the "'111 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '111 Patent. A copy of the '111 Patent is attached

as Exhibit A. On July 30, 2015 a Supplemental Examination Certificate was issued for the '111 Patent. A copy of the Supplemental Examination Certificate is attached as Exhibit B.

9.     On September 29, 2015 the USPTO duly and legally issued U.S. Utility Patent No. 9,144,326 (the "'326 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon also owns and has standing to sue for infringement of the '326 Patent. A copy of the '326 Patent is attached as Exhibit C.

10.     On June 30, 2009, the USPTO duly and legally issued U.S. Design Patent No. D595,074 (the "'074 Patent") titled "Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '074 Patent. A copy of the '074 Patent is attached as Exhibit D.

11.     On May 30, 2010, the USPTO duly and legally issued U.S. Design Patent No. D612,646 (the "'646 Patent") titled "Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '646 Patent. A copy of the '646 Patent is attached as Exhibit E.

12.     On August 17, 2010, the USPTO duly and legally issued U.S. Design Patent No. D621,644 (the "'644 Patent") titled "Dispenser and Display Device." Gamon owns and has standing to sue for infringement of the '644 Patent. A copy of the '644 Patent is attached as Exhibit F.

13.     On August 17, 2010, the USPTO duly and legally issued U.S. Design Patent No. D621,645 (the "'645 Patent") titled "Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '645 Patent. A copy of the '645 Patent is attached as Exhibit G.

## JURISDICTION AND VENUE

14.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

15.     The Court has personal jurisdiction over Campbell's because, among other things, Campbell's regularly conducts business in Illinois and in this judicial district. Campbell's is specifically offering soup products using infringing display racks at retail stores in Illinois and this judicial district.

16.     The Court has personal jurisdiction over Trinity because, among other things, Trinity regularly conducts business in Illinois and in this judicial district. Trinity is specifically supplying infringing display racks for retail stores in Illinois and this judicial district.

17.     The Court has personal jurisdiction over Meijer because, among other things, Meijer regularly conducts business in Illinois and in this judicial district. In this judicial district, Meijer operates retail stores at 1301 Meijer Drive, Rolling Meadows, Illinois, 60008, 130 South Gary Avenue, Bloomingdale, Illinois, 60108, and 950 West North Avenue, Melrose Park, Illinois, 60160. Meijer is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.

18.     The Court has personal jurisdiction over Kroger because, among other things, Kroger regularly conducts business in Illinois and in this judicial district. In this judicial district, Kroger operates retail stores at 4620 South Damen Avenue, Chicago, Illinois 60609, 2701 Columbus Street, Ottawa, Illinois 61350, and 301 East McKinley Road, Ottawa, Illinois 61350. Kroger is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.

19.     Joinder of the Defendants is proper under 35 U.S.C. § 299 because, *inter alia*, all of the Defendants participate in the production of the product line of dispensers identified in Exhibit H and referred to as the "IQ Maximizer Group 1 Dispenser" based on the shape of the lower product stop. The hard plastic portions and Campbell's themed labeling of the IQ Maximizer Group 1 Dispenser appears to be created by Campbell's and Trinity while Kroger and Meijer both reconfigure, modify, and rebrand the IQ Maximizer Group 1 Dispensers to sell their private label lines of soup cans (Exhibit H pages 7 and 6, respectively).

20.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## SOUP CAN DISPLAYS

21.     The IQ Maximizer Group 1 Dispenser shown in Exhibit H has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Healthy Request® Homestyle Chicken Noodle Soup, Campbell's brand Healthy Request® Tomato Soup, Campbell's brand Healthy Request® Chicken Noodle Soup, Campbell's brand Chicken with Rice Soup, Campbell's brand Healthy Request® Bean with Bacon Soup, Campbell's brand Split Pea with Ham & Bacon Soup, Campbell's brand 25% Less Sodium Chicken Noodle Soup, Campbell's brand Healthy Request® Cream of Chicken Soup, and Campbell's brand Healthy Request® Vegetable Beef Soup.

22.     The dispenser shown in Exhibit I (referred to as the "IQ Maximizer Group 2 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Chunky Beef with Country Vegetables, Campbell's brand Homestyle Light Chicken and Dumpling Soup, Campbell's brand Homestyle Healthy Request® Savory Chicken with Brown Rice Soup, Campbell's brand Chunk Hearty Cheeseburger,

Campbell's brand Homestyle Creamy Chicken Alfredo Soup, and Campbell's brand Homestyle Healthy Request® Tomato with Basil Soup.

23.     The dispenser shown in Exhibit J (referred to as the "IQ Maximizer Group 3 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Asian-Style Chicken Noodle, Campbell's Brand Great for Cooking Cream of Chicken and Mushroom Soup, Campbell's Brand Great for Cooking Cream of Chicken with Herbs Soup, Campbell's Brand Great for Cooking Cream of Onion Soup, Campbell's brand Fun Favorites Mega Noodle Soup, Campbell's brand Fun Favorites Avengers™ Fun Shaped Pasta Soup, and Meijer brand Health Tomato Condensed Soup.

24.     The dispenser shown in Exhibit K (referred to as the "IQ Maximizer Group 4 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Soup on the Go Classic Tomato Soup, Campbell's brand Soup on the Go Healthy Request® Classic Tomato Soup, Campbell's brand Soup on the Go Healthy Request® Chicken w/Mini Noodles Soup, and Campbell's brand Soup on the Go Cheesy Potato with Bacon Flavor Soup.

25.     The dispenser shown in Exhibit L (referred to as the "IQ Maximizer Group 5 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Creamy Tomato Soup Microwavable Bowl, Campbell's brand Chicken Noodle Soup Microwavable Bowl, Campbell's brand Healthy Request® Mexican-Style Chicken Tortilla Soup Microwavable Bowl, and Campbell's brand Creamy Chicken and Dumplings Soup Microwavable Bowl.

## COUNT I – CAMPBELL'S INFRINGEMENT OF U.S. PATENT NO. 8,827,111

26.     Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

27.     Campbell's has infringed and continue to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

28.     Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 1 Dispenser in the United States.

29.     Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.

30.     Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.

31.     Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.

32.     Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of

the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

33.     Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.

34.     Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.

35.     Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.

36.     Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.

37. Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.

38. Campbell's has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Trinity to make the IQ Maximizer Group 2 Dispenser in the United States.

39. Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser.

40.     Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.

41.     Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.

42.     Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.

43.     Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.

44.     Campbell's has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.

## COUNT II– TRINITY'S INFRINGEMENT OF U.S. PATENT NO. 8,827,111

45.     Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

46.     Trinity has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 2 Dispenser in the United States.

47. Trinity has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.

48. Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

49. Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.

50. Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.

51. Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.

52. Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.

53. Trinity has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.

54. Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.

55.     Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.

56.     Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.

57.     Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.

58.     Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.

59.     Trinity has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.

## COUNT III – KROGER'S INFRINGEMENT OF U.S. PATENT NO. 8,827,111

60.     Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

61.     Kroger has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.

13

62.     Kroger has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.

63.     Kroger has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.

## COUNT IV – MEIJER'S INFRINGEMENT OF U.S. PATENT NO. 8,827,111

64.     Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

65.     Meijer has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

66.     Meijer has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.

67.     Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.

68.     Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.

## COUNT V – CAMPBELL'S INFRINGEMENT OF U.S. PATENT NO. 9,144,326

69.     Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

70.     Campbell's has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

71.     Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 1 Dispenser in the United States.

72.     Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.

73.     Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.

74.     Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.

75.     Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of

the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

76.     Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.

77.     Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.

78.     Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.

79.     Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.

80.     Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.

81.     Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.

82.     Campbell's has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.

83. Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.

84. Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.

85. Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.

86. Campbell's has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.

**COUNT VI– TRINITY'S INFRINGEMENT OF U.S. PATENT NO. 9,144,326**

87. Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

88. Trinity has indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct

infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

89.     Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.

90.     Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.

91.     Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.

92.     Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.

93.     Trinity has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.

94.     Trinity has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer

Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.

95.     Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.

96.     Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.

97.     Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.

98.     Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.

99.     Trinity has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.

## COUNT VII – KROGER'S INFRINGEMENT OF U.S. PATENT NO. 9,144,326

100.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

101.    Kroger has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.

102.    Kroger has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.

103.    Kroger has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.

## COUNT VIII – MEIJER'S INFRINGEMENT OF U.S. PATENT NO. 9,144,326

104.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

105.    Meijer has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

21

106.    Meijer has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.

107.    Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.

108.    Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.

## COUNT IX – CAMPBELL'S INFRINGEMENT OF
## U.S. DESIGN PATENT NO. D595,074

109.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

110.    The '074 Patent claims an "ornamental design for a gravity feed dispenser display."

111.    The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are gravity feed dispenser displays that infringe the '074 Patent.

112.    Figure 1 of the '074 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser.

| '074 Patent Fig. 1 | IQ Maximizer Group 1 Dispenser | IQ Maximizer Group 2 Dispenser | IQ Maximizer Group 3 Dispenser |
|---|---|---|---|
|  | | | |

113.     The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '074 Patent. The '074 Patent claims a non-functional ornamental design.

114.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '074 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

115.     Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States.

116.     Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent under 35

U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '074 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.

117.    Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

118.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

119.    Campbell's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.

120.    Campbell's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '074 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '074 Patent.

## COUNT X – TRINITY'S INFRINGEMENT OF
## U.S. DESIGN PATENT NO. D595,074

121.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

122.    Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '074 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.

123.    Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

124.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

125.    Trinity's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.

126.    Trinity's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this

25

Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '074 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '074 Patent.

**COUNT XI – KROGER'S INFRINGEMENT OF**
**U.S. DESIGN PATENT NO. D595,074**

127.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

128.    Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.

129.    Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

130.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

131.    Kroger's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.

132.    Kroger's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the

design claimed in the '074 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '074 Patent.

## COUNT XII – MEIJER'S INFRINGEMENT OF
## U.S. DESIGN PATENT NO. D595,074

133.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

134.    Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.

135.    Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

136.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

137.    Meijer's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.

138.    Meijer's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '074 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '074 Patent.

## COUNT XIII – CAMPBELL'S INFRINGEMENT OF
## U.S. DESIGN PATENT NO. D612,646

139.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

140.    The '646 Patent claims an "ornamental design for a gravity feed dispenser display."

141.    The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are gravity feed dispenser displays that infringe the '646 Patent.

142.    Figure 1 of the '646 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser.

| '646 Patent Fig. 1 | IQ Maximizer Group 1 Dispenser | IQ Maximizer Group 3 Dispenser |
|---|---|---|
|  | | |

143.    The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '646 Patent. The '646 Patent claims a non-functional ornamental design.

144.    In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the

'646 Patent and the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

145. Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.

146. Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.

147. Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

148. Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

149. Campbell's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.

150. Campbell's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '646 Patent.

## COUNT XIV – TRINITY'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D612,646

151. Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

152. Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.

153. Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such

infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

154. Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

155. Trinity's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.

156. Trinity's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '646 Patent.

## COUNT XV – KROGER'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D612,646

157. Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

158. Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser in the United States.

159. Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

160. Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

161.    Kroger's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.

162.    Kroger's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '646 Patent.

## COUNT XVI – MEIJER'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D612,646

163.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

164.    Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.

165.    Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

166.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

167.    Meijer's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.

168.    Meijer's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this

32

Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '646 Patent.

**COUNT XVII–CAMPBELL'S INFRINGEMENT OF
U.S. DESIGN PATENT NO. D621,644**

169.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

170.    The '644 Patent claims an "ornamental design for a dispenser and display device."

171.    The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser are dispensers and display devices that infringe the '644 Patent.

172.    Figure 1 of the '644 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser.

| '644 Patent | IQ Maximizer Group 1 | IQ Maximizer Group 2 | IQ Maximizer Group 3 | IQ Maximizer Group 4 | IQ Maximizer Group 5 |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

173.    The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser have appropriated the ornamental design for a dispenser and display device as shown and described in the '644 Patent. The '644 Patent claims a non-functional ornamental design.

174.    In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a dispenser and display device claimed in the '644 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

175.    Campbell's has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States.

176.    Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a dispenser and display device claimed in the '644 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States,

and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in a manner that infringes the '644 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States. The direct infringers include Kroger and Meijer.

177.    Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

178.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

179.    Campbell's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.

180.    Campbell's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '644 Patent.

## COUNT XVIII–TRINITY'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D621,644

181.  Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

182.  Trinity has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States.

183.  Trinity has also indirectly infringed and continues to indirectly infringe the ornamental design for a dispenser and display device claimed in the '644 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in a manner that infringes the '644 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States. The direct infringers include Kroger and Meijer.

184.     Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

185.     Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

186.     Trinity's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.

187.     Trinity's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '644 Patent.

## COUNT XIX – KROGER'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D621,644

188.     Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

189.     Kroger has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.

190.     Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

191.     Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

192.     Kroger's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.

193.     Kroger's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '644 Patent.

## COUNT XX – MEIJER'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D621,644

194.     Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

195.     Meijer has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 5 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.

196.     Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

197.     Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

198.     Meijer's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.

199.   Meijer's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '644 Patent.

**COUNT XXI – CAMPBELL'S INFRINGEMENT OF<br>U.S. DESIGN PATENT NO. D621,645**

200.   Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

201.   The '645 Patent claims an "ornamental design for a gravity feed dispenser display."

202.   The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are dispensers and display devices that infringe the '645 Patent.

203.   Figure 1 of the '645 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser.

| '645 Patent | IQ Maximizer Group 1 | IQ Maximizer Group 2 | IQ Maximizer Group 3 |
|---|---|---|---|
|  |  |  |  |

204.    The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '645 Patent. The '645 Patent claims a non-functional ornamental design.

205.    In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '645 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

206.    Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States.

207.    Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.

208.    Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

209.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

210.    Campbell's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.

211.    Campbell's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of

the design claimed in the '645 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '645 Patent.

## COUNT XXII – TRINITY'S INFRINGEMENT OF
## U.S. DESIGN PATENT NO. D621,645

212.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

213.    Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.

214.    Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

215.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

216.    Trinity's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.

217. Trinity's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '645 Patent.

## COUNT XXIII–KROGER'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D621,645

218. Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

219. Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.

220. Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

221. Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

222. Kroger's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.

223. Kroger's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the

design claimed in the '645 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '645 Patent.

## COUNT XXIV–MEIJER'S INFRINGEMENT OF U.S. DESIGN PATENT NO. D621,645

224.    Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

225.    Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.

226.    Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.

227.    Gamon has complied with 35 U.S.C. § 287 to the extent required by law.

228.    Meijer's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.

229.    Meijer's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '645 Patent.

44

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Defendants, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with the Defendants, granting the following relief:

      A.      The entry of judgment in favor of Gamon and against the Defendants;

      B.      An award of damages adequate to compensate Gamon for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest;

      C.      Additional remedies for design Patent infringement as permitted under 35 U.S.C. § 289;

      D.      Increased damages as permitted under 35 U.S.C. § 284;

      E.      A finding that this case is exceptional and an award to Gamon of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

      F.      A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the Patents-in-Suit; and,

      G.      Such other relief that Gamon is entitled to under law, and any other further relief that this Court or a jury may deem just and proper.

**Jury Demand**

Gamon demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: October 8, 2015

/s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr.
Matthew G. McAndrews
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

Attorneys for Plaintiffs
Gamon Plus, Inc. and Gamon International, Inc.

Of Counsel:
Joel Brodsky
Attorney at Law
8 S. Michigan Ave.
Suite 3200
Chicago IL 60603
(312) 541-7000
Fax: (312) 541-7311
jbrodsky@joelbrodskylaw.com

Andrew L. Tiajoloff
Tiajoloff & Kelly LLP
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, New York 10174
(212) 490-3285
Fax (212) 490-3295
atiajoloff@tkiplaw.com