IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. and GAMON INTERNATIONAL, INC., | |
| Plaintiffs, | Civil Action No. 1:15-cv-08940 |
| v. | |
| CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., and TRINITY MANUFACTURING, L.L.C., | Judge Charles R. Norgle, Sr. Magistrate Judge Young B. Kim |
| Defendants. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO (i) TAKE A DISCOVERY DEPOSITION AND A *DE BENE ESSE* DEPOSITION OF MR. TERRY JOHNSON AND (ii) CONDUCT LIMITED DOCUMENT DISCOVERY ON AN EXPEDITED BASIS**

Plaintiffs, Gamon Plus, Inc. and Gamon International, Inc. (collectively, "Gamon"), respectfully move for an Order permitting the parties to (i) take a discovery deposition and a *de bene esse* deposition ("Depositions") of Mr. Terry Johnson ("Mr. Johnson") pursuant to Rules 30 and 32(a)(4)(C) of the Federal Rules of Civil Procedure, respectively, while this matter is stayed pending a ruling from the United States Court of Appeals for the Federal Circuit regarding certain of Gamon's patents-in-suit (*see* Court's 11/29/2018 Order, Dkt. #122); and (ii) engage in limited document discovery prior to, and in preparation for, the Depositions of Mr. Johnson. In support of this unopposed motion, Gamon states as follows:

1. Mr. Johnson is a critical witness in this litigation. He is the president of Plaintiff Gamon International, Inc., the secretary of Plaintiff Gamon Plus, Inc., a primary inventor of each of the four patents-in-suit, and a central player in the business relationship between Gamon and Defendant Campbell Soup Company that devolved into the dispute that gave rise to this action.

2.      Mr. Johnson is 79 years old and, unfortunately, has suffered an increasingly serious illness in the past two years.  In December 2018, Mr. Johnson suffered a heart attack, requiring surgery, a three-day hospitalization, and an extensive recovery period.  More recently, Mr. Johnson was hospitalized again due to a fall-related injury, and now requires the assistance of a walker to move around.

3.      As a result of Mr. Johnson's age and declining health over the past several months, the parties agree that there is good cause to take the Depositions of Mr. Johnson on an expedited basis while this matter is stayed pending the Federal Circuit's ruling.

4.      Courts routinely allow parties to take a *de bene esse* deposition under similar circumstances.  *See, e.g.*, *U.S. v. Firishchak*, 468 F.3d 1015, 1022-1023 (7th Cir. 2006) (holding that district court did not abuse its discretion in allowing the plaintiff to take two *de bene esse* depositions, where the plaintiff gave notice that it would be taking *de bene esse* depositions of two elderly witnesses more than ten weeks before trial); *In re: NC Swine Farm Nuisance Litig.*, No. 5:15-CV-00013-BR, 2016 WL 3742135, at *5 (E.D.N.C. July 7, 2016) (holding that "the circumstances of [plaintiff's expert witness's] health provide good cause to allow the taking of his *de bene esse* deposition on an expedited basis"):

> "The Fourth Circuit, this court, and other courts continue to recognize the distinct role of a *de bene esse* deposition to preserve trial testimony and to distinguish it from a deposition taken for the purpose of discovery." *The Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 649925, at *2 (E.D.N.C. Feb. 10, 2011) (unpublished) (citing *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991) (recognizing the distinct purpose of *de bene esse* depositions to preserve testimony for use at trial); *Lucas v. Pactiv Corp.*, No. 5:08CV79, 2009 WL 5197838, at *4 (W.D. Va. Dec. 22, 2009) (unpublished) (denying defendant's motion to quash *de bene esse* depositions and rejecting defendant's argument that the depositions should have been taken during the discovery period); *Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D.N.C. 2006) (noting distinction between discovery and *de bene esse* depositions); Local Civil Rule 32.1 (E.D.N.C.) ("Depositions *de bene esse* may be taken outside of the period of discovery.")).

*Id*. at *4.

5.      Counsel for the parties have conferred concerning the relief sought by this motion. Subject to Gamon's agreement to produce certain relevant documents before the Depositions, and Defendants' opportunity to conduct a discovery deposition of Mr. Johnson before the sought *de bene esse* deposition, Defendants do not oppose this motion.

6.      At or before the presentment of this motion on March 1, 2019 at 10:30 a.m., counsel for the parties will submit a schedule for the aforementioned document production, discovery deposition, and *de bene esse* deposition.

WHEREFORE, for the foregoing reasons, Gamon respectfully seeks an Order allowing the parties to conduct (i) a discovery deposition and a *de bene esse* deposition of Mr. Johnson while this matter is stayed pending the Federal Circuit's ruling and (ii) limited document discovery prior to, and in preparation for, said depositions.

Respectfully submitted,

Dated: February 21, 2019

*/s/ Matthew G. McAndrews*
Raymond P. Niro, Jr.
Matthew G. McAndrews
Kyle D. Wallenberg
NIRO McANDREWS, LLP
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

Andrew L. Tiajoloff
Tiajoloff & Kelly LLP
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, New York 10174

(212) 490-3285
Fax (212) 490-3295
atiajoloff@tkiplaw.com

*Attorneys for Plaintiffs,*
Gamon Plus, Inc. and
Gamon International, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 21, 2019 the foregoing

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO (i) TAKE A DISCOVERY DEPOSITION AND A *DE BENE ESSE* DEPOSITION OF MR. TERRY JOHNSON AND (ii) CONDUCT LIMITED DOCUMENT DISCOVERY ON AN EXPEDITED BASIS**

was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

I further certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/ Matthew G. McAndrews*
*Attorney for Plaintiffs,*
NIRO McANDREWS, LLP