IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., AND TRINITY MANUFACTURING, L.L.C., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. 15-cv-8940-CRN-YBK** |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT TRINITY MANUFACTURING, L.L.C.

In accordance with the Scheduling Order entered by the Court (Dkt. No. 160), Defendant Trinity Manufacturing, L.L.C. ("Trinity") submits the following Amended Answer, Affirmative Defenses and Counterclaims in response to the Complaint for Patent Infringement (Dkt. No. 1) filed by plaintiffs Gamon Plus, Inc. and Gamon International, Inc. ("Gamon" or "Plaintiffs") on October 8, 2015. With respect to each of the numbered paragraphs of the Complaint, Trinity responds as follows:

1.  *Gamon Plus, Inc. is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Gamon Plus, Inc. is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies same.

2.  *Gamon International, Inc. is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Gamon International, Inc. is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies same.

3.      *Campbell's is a corporation organized under the laws of the State of New Jersey with a principal place of business at 1 Campbell Place, Camden, New Jersey 08103. Campbell's is in the business of, among other things, the production and sale of foods and beverages sold using brands that include Pepperidge Farm, V8, Campbell's brand, Prego, and Royal Dansk.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies same

4.      *Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840. Trinity is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:** Trinity admits the allegations of paragraph 4.

5.      *Meijer is a corporation organized under the laws of the State of Michigan with a principal place of business at 2929 Walker Avenue North West, Grand Rapids, Michigan 49544. Meijer is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies same.

6.      *Kroger is a corporation organized under the laws of the State of Ohio with a principal place of business as 1014 Vine Street, Cincinnati, Ohio 45202. Kroger is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies same.

7.      *Gamon competes with Trinity in the product display industry. Gamon is a former supplier of display racks to Campbell's, and Meijer and Kroger both use infringing display racks to sell, inter alia, Campbell's soup products.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegation that Gamon competes with Trinity in the product display industry and therefore denies said allegation; Trinity admits that Gamon is a former supplier of display racks to Campbell;

2

Trinity admits that, in some circumstances, Meijer uses Trinity display racks in connection with its sale of Campbell's soup; Trinity admits that, in some circumstances, Kroger used Trinity display racks in connection with its sale of Campbell's soup; and denies the remaining allegations contained in Paragraph 7.

## **PATENTS-IN-SUIT**

8. *On September 9, 2014, the USPTO duly and legally issued U.S. Utility Patent No. 8,827,111 (the "'111 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '111 Patent. A copy of the '111 Patent is attached as Exhibit A. On July 30, 2015 a Supplemental Examination Certificate was issued for the '111 Patent. A copy of the Supplemental Examination Certificate is attached as Exhibit B.*

**ANSWER:** Trinity admits that U.S. Patent No. 8,827,111 ("the '111 patent") is entitled "Multi-Chute Gravity Feed Dispenser Display," that the '111 patent was issued by the United States Patent and Trademark Office ("USPTO") on September 9, 2014, that Gamon Plus, Inc. is listed on the face of the '111 patent as the assignee of the '111 patent, that a copy of the '111 patent was attached to the Complaint as Exhibit A, that, on July 30, 2015, a Supplemental Examination Certificate was issued for the '111 patent, and that a copy of the July 30, 2015, a Supplemental Examination Certificate was attached to the Complaint as Exhibit B, and denies the remaining allegations in Paragraph 8.

9. *On September 29, 2015 the USPTO duly and legally issued U.S. Utility Patent No. 9,144,326 (the "'326 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon also owns and has standing to sue for infringement of the '326 Patent. A copy of the '326 Patent is attached as Exhibit C.*

**ANSWER:** Trinity admits that U.S. Patent No. 9,144,326 ("the '326 patent") is entitled "Multi-Chute Gravity Feed Dispenser Display," that the '326 patent was issued by the USPTO on September 29, 2015, that Gamon Plus, Inc. is listed on the face of the '326 patent as the assignee of the '326 patent, and that a copy of the '326 patent was attached to the Complaint as Exhibit C, and denies the remaining allegations in Paragraph 9.

10.     *On June 30, 2009, the USPTO duly and legally issued U.S. Design Patent No. D595,074 (the "'074 Patent") titled "Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '074 Patent. A copy of the '074 Patent is attached as Exhibit D.*

**ANSWER:** Trinity admits that U.S. Patent No. D595,074 ("the '074 patent") is entitled "Gravity Feed Dispenser Display," that the '074 patent was issued by the USPTO on June 30, 2009, that Gamon Plus, Inc. is listed on the face of the '074 patent as the assignee of the '074 patent, and that a copy of the '074 patent was attached to the Complaint as Exhibit D, and denies the remaining allegations in Paragraph 10, in part, because on January 14, 2020, the USPTO issued an *Inter Partes* Review Certificate No. 1606 for the '074 patent cancelling the sole claim of the '074 patent. In light of the cancellation, Plaintiffs may not seek any relief pertaining to the '074 patent in this lawsuit. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) (" 'if the original claim is cancelled . . . [in a reexamination], the patentee's cause of action is extinguished and the suit fails.' ").

11.     *On May 30, 2010, the USPTO duly and legally issued U.S. Design Patent No. D612,646 (the "'646 Patent") titled "Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '646 Patent. A copy of the '646 Patent is attached as Exhibit E.*

**ANSWER:** Trinity admits that U.S. Patent No. D612,646 ("the '646 patent") is entitled "Gravity Feed Dispenser Display," that Gamon Plus, Inc. is listed on the face of the '646 patent as the assignee of the '646 patent, and that a copy of the '646 patent was attached to the Complaint as Exhibit E, and denies the remaining allegations in Paragraph 11.

12.     *On August 17, 2010, the USPTO duly and legally issued U.S. Design Patent No. D621,644 (the "'644 Patent") titled "Dispenser and Display Device." Gamon owns and has standing to sue for infringement of the '644 Patent. A copy of the '644 Patent is attached as Exhibit F.*

**ANSWER:** Trinity admits that U.S. Patent No. D621,644 ("the '644 patent") is entitled "Dispenser and Display Device," that the '644 patent was issued by the USPTO on

4

August 17, 2010, that Gamon Plus, Inc. is listed on the face of the '644 patent as the assignee of the '644 patent, and that a copy of the '644 patent was attached to the Complaint as Exhibit F, and denies the remaining allegations in Paragraph 12, in part, because on January 14, 2020, the USPTO issued an *Inter Partes* Review Certificate No. 1607 for the '644 patent cancelling the sole claim of the '644 patent. In light of cancellation, Plaintiffs may not seek any relief pertaining to the '644 patent in this lawsuit. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) (" 'if the original claim is cancelled . . . [in a reexamination], the patentee's cause of action is extinguished and the suit fails.' ").

13.     *On August 17, 2010, the USPTO duly and legally issued U.S. Design Patent No. D621,645 (the "'645 Patent") titled "Gravity Feed Dispenser Display." Gamon owns and has standing to sue for infringement of the '645 Patent. A copy of the '645 Patent is attached as Exhibit G.*

**ANSWER:** Trinity admits that U.S. Patent No. D621,645 ("the '645 patent") is entitled "Gravity Feed Dispenser Display," that the '645 patent was issued by the USPTO on August 17, 2010, that Gamon Plus, Inc. is listed on the face of the '645 patent as the assignee of the '645 patent, and that a copy of the '645 patent was attached to the Complaint as Exhibit G, and denies the remaining allegations in Paragraph 13.

## JURISDICTION AND VENUE

14.     *This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).*

**ANSWER:** Admitted.

15.     *The Court has personal jurisdiction over Campbell's because, among other things, Campbell's regularly conducts business in Illinois and in this judicial district. Campbell's is specifically offering soup products using infringing display racks at retail stores in Illinois and this judicial district.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies same.

5

16.     *The Court has personal jurisdiction over Trinity because, among other things, Trinity regularly conducts business in Illinois and in this judicial district. Trinity is specifically supplying infringing display racks for retail stores in Illinois and this judicial district.*

**ANSWER:**  Trinity denies the allegations in Paragraph 16, but consents to personal jurisdiction

in this Court.

17.     *The Court has personal jurisdiction over Meijer because, among other things, Meijer regularly conducts business in Illinois and in this judicial district. In this judicial district, Meijer operates retail stores at 1301 Meijer Drive, Rolling Meadows, Illinois, 60008, 130 South Gary Avenue, Bloomingdale, Illinois, 60108, and 950 West North Avenue, Melrose Park, Illinois, 60160. Meijer is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.*

**ANSWER:**  Trinity is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 17 and, therefore, denies same.

18.     *The Court has personal jurisdiction over Kroger because, among other things, Kroger regularly conducts business in Illinois and in this judicial district. In this judicial district, Kroger operates retail stores at 4620 South Damen Avenue, Chicago, Illinois 60609, 2701 Columbus Street, Ottawa, Illinois 61350, and 301 East McKinley Road, Ottawa, Illinois 61350. Kroger is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.*

**ANSWER:**  Trinity is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 18 and, therefore, denies same.

19.     *Joinder of the Defendants is proper under 35 U.S.C. § 299 because, inter alia, all of the Defendants participate in the production of the product line of dispensers identified in Exhibit H and referred to as the "IQ Maximizer Group 1 Dispenser" based on the shape of the lower product stop. The hard plastic portions and Campbell's themed labeling of the IQ Maximizer Group 1 Dispenser appears to be created by Campbell's and Trinity while Kroger and Meijer both reconfigure, modify, and rebrand the IQ Maximizer Group 1 Dispensers to sell their private label lines of soup cans (Exhibit H pages 7 and 6, respectively).*

**ANSWER:**  Trinity denies the allegations in Paragraph 19, but consents to joinder under 35 U.S.C.

§ 299.

20.     *Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).*

**ANSWER:**  Denied.

## SOUP CAN DISPLAYS

21.     *The IQ Maximizer Group 1 Dispenser shown in Exhibit H has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Healthy Request® Homestyle Chicken Noodle Soup, Campbell's brand Healthy Request® Tomato Soup, Campbell's brand Healthy Request® Chicken Noodle Soup, Campbell's brand Chicken with Rice Soup, Campbell's brand Healthy Request® Bean with Bacon Soup, Campbell's brand Split Pea with Ham & Bacon Soup, Campbell's brand 25% Less Sodium Chicken Noodle Soup, Campbell's brand Healthy Request® Cream of Chicken Soup, and Campbell's brand Healthy Request® Vegetable Beef Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 1

Dispensers may have dispensed in the United States some or all of the products listed in Paragraph

21, but is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 21, and therefore denies same.

22.     *The dispenser shown in Exhibit I (referred to as the "IQ Maximizer Group 2 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Chunky Beef with Country Vegetables, Campbell's brand Homestyle Light Chicken and Dumpling Soup, Campbell's brand Homestyle Healthy Request® Savory Chicken with Brown Rice Soup, Campbell's brand Chunk Hearty Cheeseburger, Campbell's brand Homestyle Creamy Chicken Alfredo Soup, and Campbell's brand Homestyle Healthy Request® Tomato with Basil Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 2

Dispensers may have dispensed in the United States some or all of the products listed in Paragraph

22, but is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 22, and therefore denies same.

23.     *The dispenser shown in Exhibit J (referred to as the "IQ Maximizer Group 3 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Asian-Style Chicken Noodle, Campbell's Brand Great for Cooking Cream of Chicken and Mushroom Soup, Campbell's Brand Great for Cooking Cream of Chicken with Herbs Soup, Campbell's Brand Great for Cooking Cream of Onion Soup, Campbell's brand Fun Favorites Mega Noodle Soup, Campbell's brand Fun Favorites Avengers™ Fun Shaped Pasta Soup, and Meijer brand Health Tomato Condensed Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 3

Dispensers may have dispensed in the United States some or all of the products listed in Paragraph

23, but is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 23, and therefore denies same.

24.     *The dispenser shown in Exhibit K (referred to as the "IQ Maximizer Group 4 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Soup on the Go Classic Tomato Soup, Campbell's brand Soup on the Go Healthy Request® Classic Tomato Soup, Campbell's brand Soup on the Go Healthy Request® Chicken w/Mini Noodles Soup, and Campbell's brand Soup on the Go Cheesy Potato with Bacon Flavor Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 4

Dispensers may have dispensed in the United States some or all of the products listed in Paragraph

24, but is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 24, and therefore denies same.

25.     *The dispenser shown in Exhibit L (referred to as the "IQ Maximizer Group 5 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Creamy Tomato Soup Microwavable Bowl, Campbell's brand Chicken Noodle Soup Microwavable Bowl, Campbell's brand Healthy Request® Mexican-Style Chicken Tortilla Soup Microwavable Bowl, and Campbell's brand Creamy Chicken and Dumplings Soup Microwavable Bowl.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 5

Dispensers may have dispensed in the United States some or all of the products listed in Paragraph

25, but is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 25, and therefore denies same.

## COUNT I – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '111 PATENT

26.     *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**     Trinity incorporates by reference paragraphs 1-25 of this Amended Answer,

Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

27.     *Campbell's has infringed and continue to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1*

*Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 27 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 27, as those allegations are not directed to Trinity, and on that basis denies them.

28. *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 28 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 28, as those allegations are not directed to Trinity, and on that basis denies them.

29. *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 29 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 29, as those allegations are not directed to Trinity, and on that basis denies them.

30. *Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33- 35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 30 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 30, as those allegations are not directed to Trinity, and on that basis denies them.

31. *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 31 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 31, as those allegations are not directed to Trinity, and on that basis denies them.

32. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 32 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 32, as those allegations are not directed to Trinity, and on that basis denies them.

33. *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 33 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 33, as those allegations are not directed to Trinity, and on that basis denies them.

34.  *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 34 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 34, as those allegations are not directed to Trinity, and on that basis denies them.

35.  *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 35 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 35, as those allegations are not directed to Trinity, and on that basis denies them.

36.  *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 36 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 36, as those allegations are not directed to Trinity, and on that basis denies them.

37.  *Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33- 35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 37 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 37, as those allegations are not directed to Trinity, and on that basis denies them.

38.     *Campbell's has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Trinity to make the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 38 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 38, as those allegations are not directed to Trinity, and on that basis denies them.

39.     *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser.*

**ANSWER:**  The allegations set forth in paragraph 39 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 39, as those allegations are not directed to Trinity, and on that basis denies them.

40.     *Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 40 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 40, as those allegations are not directed to Trinity, and on that basis denies them.

12

41.     *Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 41 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 41, as those allegations are not directed to Trinity, and on that basis denies them.

42.     *Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 42 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 42, as those allegations are not directed to Trinity, and on that basis denies them.

43.     *Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 43 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 43, as those allegations are not directed to Trinity, and on that basis denies them.

44.     *Campbell's has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 44 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 44, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT II – TRINITY'S ALLEGED INFRINGEMENT OF THE '111 PATENT

45.     *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**  Trinity incorporates by reference paragraphs 1-44 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

46.     *Trinity has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 46 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

47.     *Trinity has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 47 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

48.     *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

14

**ANSWER:** The allegations set forth in paragraph 48 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

49. *Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 49 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

50. *Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 50 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

51. *Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 51 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

52. *Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 52 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

53.     *Trinity has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 53 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

54.     *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 54 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

55.     *Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 55 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

56.     *Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 56 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

57. *Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 57 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

**58.** *Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in* **the United States.**

**ANSWER:** The allegations set forth in paragraph 58 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

59. *Trinity has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24- 28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 59 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

### COUNT III – KROGER'S ALLEGED INFRINGEMENT OF THE '111 PATENT

60. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-59 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

61. *Kroger has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without*

*limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 61 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 61, as those allegations are not directed to Trinity, and on that basis denies them.

62. *Kroger has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 62 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 62, as those allegations are not directed to Trinity, and on that basis denies them.

63. *Kroger has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 63 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 63, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT IV – MEIJER'S ALLEGED INFRINGEMENT OF THE '111 PATENT

64. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-63 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

65. *Meijer has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using*

*the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 65 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 65, as those allegations are not directed to Trinity, and on that basis denies them.

66. *Meijer has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 66 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 66, as those allegations are not directed to Trinity, and on that basis denies them.

67. *Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 67 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 67, as those allegations are not directed to Trinity, and on that basis denies them.

68. *Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 68 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 68, as those allegations are not directed to Trinity, and on that basis denies them.

<u>**COUNT V – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '326 PATENT**</u>

69. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-68 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

70. *Campbell's has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 70 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 70, as those allegations are not directed to Trinity, and on that basis denies them.

71. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 71 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 71, as those allegations are not directed to Trinity, and on that basis denies them.

72. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 72 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 72, as those allegations are not directed to Trinity, and on that basis denies them.

73. *Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 73 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 73, as those allegations are not directed to Trinity, and on that basis denies them.

74. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 74 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 74, as those allegations are not directed to Trinity, and on that basis denies them.

75. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 75 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 75, as those allegations are not directed to Trinity, and on that basis denies them.

76. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 76 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 76, as those allegations are not directed to Trinity, and on that basis denies them.

77. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 77 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 77, as those allegations are not directed to Trinity, and on that basis denies them.

78. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 78 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 78, as those allegations are not directed to Trinity, and on that basis denies them.

79. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 79 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 79, as those allegations are not directed to Trinity, and on that basis denies them.

80. *Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 80 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 80, as those allegations are not directed to Trinity, and on that basis denies them.

81. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 81 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 81, as those allegations are not directed to Trinity, and on that basis denies them.

82. *Campbell's has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 82 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 82, as

those allegations are not directed to Trinity, and on that basis denies them.

83.  *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 83 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 83, as

those allegations are not directed to Trinity, and on that basis denies them.

84.  *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 84 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 84, as

those allegations are not directed to Trinity, and on that basis denies them.

85.  *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 85 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 85, as

those allegations are not directed to Trinity, and on that basis denies them.

86.  *Campbell's has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 86 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 86, as

those allegations are not directed to Trinity, and on that basis denies them.

## <u>COUNT VI – TRINITY'S ALLEGED INFRINGEMENT OF THE '326 PATENT</u>

87. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-86 of this Amended Answer,

Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

88. *Trinity has indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 88 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

denies that it infringes any valid and enforceable claim of the '326 patent.

89. *Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 89 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

denies that it infringes any valid and enforceable claim of the '326 patent.

90. *Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 90 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

91. *Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 91 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

92. *Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 92 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

93. *Trinity has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 93 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

94. *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct*

*infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 94 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

95.  *Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 95 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

96.  *Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 96 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

97.  *Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 97 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

98.  *Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 98 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

99. *Trinity has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 99 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

## COUNT VII – KROGER'S ALLEGED INFRINGEMENT OF THE '326 PATENT

100. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-99 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

101. *Kroger has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 101 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 101, as those allegations are not directed to Trinity, and on that basis denies them.

102. *Kroger has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 102 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Kroger in paragraph 102, as those allegations are not directed to Trinity, and on that basis denies them.

103. *Kroger has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 103 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 103, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT VIII – MEIJER'S ALLEGED INFRINGEMENT OF THE '326 PATENT

104. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-103 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

105. *Meijer has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 105 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 105, as those allegations are not directed to Trinity, and on that basis denies them.

106. *Meijer has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 106 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Meijer in paragraph 106, as those allegations are not directed to Trinity, and on that basis denies them.

107. *Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 107 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 107, as those allegations are not directed to Trinity, and on that basis denies them.

108. *Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 108 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 108, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT IX – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '074 PATENT

109. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-108 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

110. *The '074 Patent claims an "ornamental design for a gravity feed dispenser display."*

**ANSWER:** Trinity admits that the '074 patent purports to claim "The ornamental design for a gravity feed dispenser display, as shown and described" in the '074 patent, and denies the remaining allegations of Paragraph 110.

111. *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are gravity feed dispenser displays that infringe the '074 Patent.*

**ANSWER:** The allegations set forth in paragraph 111 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 111, as those allegations are not directed to Trinity, and on that basis denies them.

112. *Figure 1 of the '074 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser.*

| '074 Patent Fig. 1 | IQ Maximizer Group 1 Dispenser | IQ Maximizer Group 2 Dispenser | IQ Maximizer Group 3 Dispenser |
|---|---|---|---|
|  | | | |

**ANSWER:** Trinity admits that paragraph 112 of the Complaint includes a portion of Figure 1 of the '074 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser, IQ Maximizer Group 2 Dispenser, and IQ Maximizer Group 3 Dispenser, and denies the remaining allegations of paragraph 112.

113. *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '074 Patent. The '074 Patent claims a non-functional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 113 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

31

is without sufficient information as to the allegations made against Campbell in paragraph 113, as those allegations are not directed to Trinity, and on that basis denies them.

114. *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '074 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 114 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 114, as those allegations are not directed to Trinity, and on that basis denies them.

115. *Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 115 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 115, as those allegations are not directed to Trinity, and on that basis denies them.

116. *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '074 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 116 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 116, as those allegations are not directed to Trinity, and on that basis denies them.

117. *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 117 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 117, as those allegations are not directed to Trinity, and on that basis denies them.

118. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and therefore denies same.

119. *Campbell's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** Denied.

120. *Campbell's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '074 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '074 Patent.*

**ANSWER:** The allegations set forth in paragraph 120 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 120, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT X – TRINITY'S ALLEGED INFRINGEMENT OF THE '074 PATENT

121.     *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**     Trinity incorporates by reference paragraphs 1-120 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

122.     *Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '074 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:**  The allegations set forth in paragraph 122 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '074 patent.

123.     *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:**  The allegations set forth in paragraph 123 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '074 patent.

124.     *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:**  Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and therefore denies same.

125. *Trinity's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** Denied.

126. *Trinity's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '074 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '074 Patent.*

**ANSWER:** The allegations set forth in paragraph 126 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '074 patent.

## COUNT XI – KROGER'S ALLEGED INFRINGEMENT OF THE '074 PATENT

127. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-126 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

128. *Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 128 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 128, as those allegations are not directed to Trinity, and on that basis denies them.

129. *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 129 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 129, as those allegations are not directed to Trinity, and on that basis denies them.

130. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 and therefore denies same.

131. *Kroger's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 131 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 131, as those allegations are not directed to Trinity, and on that basis denies them.

132. *Kroger's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '074 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '074 Patent.*

**ANSWER:** The allegations set forth in paragraph 132 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 132, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XII – MEIJER'S ALLEGED INFRINGEMENT OF THE '074 PATENT

133. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-132 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

134. *Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '074 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 134 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 134, as those allegations are not directed to Trinity, and on that basis denies them.

135. *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 135 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 135, as those allegations are not directed to Trinity, and on that basis denies them.

136. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and therefore denies same.

137. *Meijer's infringement and/or inducement to infringe the '074 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 137 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 137, as those allegations are not directed to Trinity, and on that basis denies them.

138. *Meijer's infringement of the '074 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '074 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '074 Patent.*

**ANSWER:** The allegations set forth in paragraph 138 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 138, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XIII – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '646 PATENT

139. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein*

**ANSWER:** Trinity incorporates by reference paragraphs 1-138 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

140. *The '646 Patent claims an "ornamental design for a gravity feed dispenser display."*

**ANSWER:** Trinity admits that the '646 patent purports to claim "The ornamental design for a gravity feed dispenser display, as shown and described" in the '646 patent, and denies the remaining allegations of Paragraph 140.

141. *The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are gravity feed dispenser displays that infringe the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 141 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 141, as those allegations are not directed to Trinity, and on that basis denies them.

142. *Figure 1 of the '646 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser.*



| '646 Patent Fig. 1 | IQ Maximizer Group 1 Dispenser | IQ Maximizer Group 3 Dispenser |
|---|---|---|

**ANSWER:** Trinity admits that paragraph 142 of the Complaint includes a portion of Figure 1 of the '646 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser, and denies the remaining allegations of paragraph 142.

143. *The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '646 Patent. The '646 Patent claims a non-functional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 143 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 143, as those allegations are not directed to Trinity, and on that basis denies them.

144. *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '646 Patent and the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 144 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

39

is without sufficient information as to the allegations made against Campbell in paragraph 144, as

those allegations are not directed to Trinity, and on that basis denies them.

145. *Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 145 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 145, as

those allegations are not directed to Trinity, and on that basis denies them.

146. *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 146 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 146, as

those allegations are not directed to Trinity, and on that basis denies them.

147. *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 147 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 147, as those allegations are not directed to Trinity, and on that basis denies them.

148. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 and therefore denies same.

149. *Campbell's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 149 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 149, as those allegations are not directed to Trinity, and on that basis denies them.

150. *Campbell's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 150 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 150, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XIV – TRINITY'S ALLEGED INFRINGEMENT OF THE '646 PATENT

151. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-150 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

152. *Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b)*

*by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 152 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

153. *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 153 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

154. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and therefore denies same.

155. *Trinity's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 155 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

156. *Trinity's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the*

*scope of the design claimed in the '646 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 156 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

### COUNT XV – KROGER'S ALLEGED INFRINGEMENT OF THE '646 PATENT

157. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-156 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

158. *Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 158 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 158, as those allegations are not directed to Trinity, and on that basis denies them.

159. *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 159 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 159, as those allegations are not directed to Trinity, and on that basis denies them.

160. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and therefore denies same.

161. *Kroger's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 161 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 161, as those allegations are not directed to Trinity, and on that basis denies them.

162. *Kroger's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 162 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 162, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XVI – MEIJER'S ALLEGED INFRINGEMENT OF THE '646 PATENT

163. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-162 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

164. *Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 164 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Meijer in paragraph 164, as those allegations are not directed to Trinity, and on that basis denies them.

165. *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 165 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 165, as those allegations are not directed to Trinity, and on that basis denies them.

166. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and therefore denies same.

167. *Meijer's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 167 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 167, as those allegations are not directed to Trinity, and on that basis denies them.

168. *Meijer's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 168 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

45

is without sufficient information as to the allegations made against Meijer in paragraph 168, as those allegations are not directed to Trinity, and on that basis denies them.

### COUNT XVII – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '644 PATENT

169. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-168 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

170. *The '644 Patent claims an "ornamental design for a dispenser and display device."*

**ANSWER:** Trinity admits that the '644 patent purports to claim "The ornamental design for a dispenser and display device, as shown and described" in the '644 patent, and denies the remaining allegations of paragraph 170.

171. *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser are dispensers and display devices that infringe the '644 Patent.*

**ANSWER:** The allegations set forth in paragraph 171 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 171, as those allegations are not directed to Trinity, and on that basis denies them.

172. *Figure 1 of the '644 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser.*

| '644 Patent | IQ Maximizer Group 1 | IQ Maximizer Group 2 | IQ Maximizer Group 3 | IQ Maximizer Group 4 | IQ Maximizer Group 5 |
|---|---|---|---|---|---|



**ANSWER:** Trinity admits that paragraph 172 of the Complaint includes a portion of Figure 1 of the '644 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser, IQ Maximizer Group 2 Dispenser, IQ Maximizer Group 3 Dispenser, IQ Maximizer Group 4 Dispenser, and IQ Maximizer Group 5 Dispenser, and denies the remaining allegations of paragraph 172.

173.     *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser have appropriated the ornamental design for a dispenser and display device as shown and described in the '644 Patent. The '644 Patent claims a non-functional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 173 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 173, as those allegations are not directed to Trinity, and on that basis denies them.

174.     *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a dispenser and display device claimed in the '644 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 174 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 174, as those allegations are not directed to Trinity, and on that basis denies them.

175. *Campbell's has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 175 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 175, as those allegations are not directed to Trinity, and on that basis denies them.

176. *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a dispenser and display device claimed in the '644 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in a manner that infringes the '644 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 176 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 176, as those allegations are not directed to Trinity, and on that basis denies them.

177. *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35*

48

*U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 177 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 177, as those allegations are not directed to Trinity, and on that basis denies them.

178.    *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 and therefore denies same.

179.    *Campbell's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 179 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 179, as those allegations are not directed to Trinity, and on that basis denies them.

180.    *Campbell's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '644 Patent.*

**ANSWER:** The allegations set forth in paragraph 180 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 180, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XVIII – TRINITY'S ALLEGED INFRINGEMENT OF THE '644 PATENT

181.    *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-180 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

182. *Trinity has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 182 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '644 patent.

183. *Trinity has also indirectly infringed and continues to indirectly infringe the ornamental design for a dispenser and display device claimed in the '644 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in a manner that infringes the '644 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 183 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '644 patent.

184. *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 184 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '644 patent.

185. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 and therefore denies same.

186. *Trinity's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 186 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '644 patent.

187. *Trinity's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '644 Patent.*

**ANSWER:** The allegations set forth in paragraph 187 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '644 patent.

## COUNT XIX – KROGER'S ALLEGED INFRINGEMENT OF THE '644 PATENT

188. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-187 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

189. *Kroger has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 189 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 189, as those allegations are not directed to Trinity, and on that basis denies them.

190. *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 190 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 190, as those allegations are not directed to Trinity, and on that basis denies them.

191. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 and therefore denies same.

192. *Kroger's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 192 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 192, as those allegations are not directed to Trinity, and on that basis denies them.

193. *Kroger's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '644 Patent.*

**ANSWER:** The allegations set forth in paragraph 193 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 193, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XX – MEIJER'S ALLEGED INFRINGEMENT OF THE '644 PATENT

194. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein*

**ANSWER:** Trinity incorporates by reference paragraphs 1-194 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

195. *Meijer has infringed and continues to infringe the ornamental design for a dispenser and display device claimed in the '644 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 5 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 195 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 195, as those allegations are not directed to Trinity, and on that basis denies them.

196. *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 196 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 196, as those allegations are not directed to Trinity, and on that basis denies them.

197.    *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197 and therefore denies same.

198.    *Meijer's infringement and/or inducement to infringe the '644 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 198 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 198, as those allegations are not directed to Trinity, and on that basis denies them.

199.    *Meijer's infringement of the '644 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '644 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '644 Patent.*

**ANSWER:** The allegations set forth in paragraph 199 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 199, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XXI – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '645 PATENT

200.    *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-199 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

201.    *The '645 Patent claims an "ornamental design for a gravity feed dispenser display."*

**ANSWER:** Trinity admits that the '645 patent purports to claim "The ornamental design for a gravity feed dispenser display, as shown and described" in the '645 patent, and denies the remaining allegations of paragraph 201.

202. *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are dispensers and display devices that infringe the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 202 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 202, as those allegations are not directed to Trinity, and on that basis denies them.

203. *Figure 1 of the '645 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser.*



| '645 Patent | IQ Maximizer Group 1 | IQ Maximizer Group 2 | IQ Maximizer Group 3 |
|---|---|---|---|

**ANSWER:** Trinity admits that paragraph 203 of the Complaint includes a portion of Figure 1 of the '645 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser, IQ Maximizer Group 2 Dispenser, and IQ Maximizer Group 3 Dispenser, and denies the remaining allegations of paragraph 203.

204. *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '645 Patent. The '645 Patent claims a nonfunctional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 204 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 204, as those allegations are not directed to Trinity, and on that basis denies them.

205. *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '645 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 205 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 205, as those allegations are not directed to Trinity, and on that basis denies them.

206. *Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 206 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 206, as those allegations are not directed to Trinity, and on that basis denies them.

207. *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ*

*Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 207 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 207, as those allegations are not directed to Trinity, and on that basis denies them.

208. *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 208 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 208, as those allegations are not directed to Trinity, and on that basis denies them.

209. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209 and therefore denies same.

210. *Campbell's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 210 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 210, as those allegations are not directed to Trinity, and on that basis denies them.

211.    *Campbell's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:**  The allegations set forth in paragraph 211 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 211, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XXII – TRINITY'S ALLEGED INFRINGEMENT OF THE '645 PATENT

212.    *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**  Trinity incorporates by reference paragraphs 1-211 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

213.    *Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 213 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

214. *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 214 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

215. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215 and therefore denies same.

216. *Trinity's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 216 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

217. *Trinity's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 217 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

### COUNT XXIII – KROGER'S ALLEGED INFRINGEMENT OF THE '645 PATENT

218. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-217 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

219. *Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 219 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 219, as those allegations are not directed to Trinity, and on that basis denies them.

220. *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 220 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 220, as those allegations are not directed to Trinity, and on that basis denies them.

221.    *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:**  Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 and therefore denies same.

222.    *Kroger's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:**  The allegations set forth in paragraph 222 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 222, as those allegations are not directed to Trinity, and on that basis denies them.

223.    *Kroger's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:**  The allegations set forth in paragraph 223 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 223, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XXIV – MEIJER'S ALLEGED INFRINGEMENT OF THE '645 PATENT

224.    *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**  Trinity incorporates by reference paragraphs 1-223 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

225.   *Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 225 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 225, as those allegations are not directed to Trinity, and on that basis denies them.

226.   *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:**  The allegations set forth in paragraph 226 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 226, as those allegations are not directed to Trinity, and on that basis denies them.

227.   *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:**  Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227 and therefore denies same.

228.   *Meijer's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:**  The allegations set forth in paragraph 228 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Meijer in paragraph 228, as those allegations are not directed to Trinity, and on that basis denies them.

229.   *Meijer's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 229 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 229, as those allegations are not directed to Trinity, and on that basis denies them.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Defendants, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with the Defendants, granting the following relief:

A.   The entry of judgment in favor of Gamon and against the Defendants;

B.   An award of damages adequate to compensate Gamon for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest;

C.   Additional remedies for design Patent infringement as permitted under 35 U.S.C. § 289;

D.   Increased damages as permitted under 35 U.S.C. § 284;

E.   A finding that this case is exceptional and an award to Gamon of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

F.   A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the Patents-in-Suit; and,

G.   Such other relief that Gamon is entitled to under law, and any other further relief that this Court or a jury may deem just and proper.

**ANSWER:** Trinity denies that Plaintiffs are entitled to any of the relief requested in Plaintiffs' prayer for relief.

## TRINITY'S AFFIRMATIVE DEFENSES

Trinity pleads the following affirmative defenses to the allegations in Plaintiffs' Complaint:

### First Affirmative Defense – Failure to State a Claim

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense – Invalidity of the '111 Patent

One or more claims of the '111 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Third Affirmative Defense –Non-Infringement of the '111 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser do not infringe any valid and enforceable claim of the '111 patent and, in any event, Trinity has not directly infringed any claim of the '111 patent, and Trinity has not induced or contributed to infringement of any claim of the '111 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent or that any component offered for sale or sold was especially made or especially adapted for use in an infringement of said patent.

### Fourth Affirmative Defense – Invalidity of the '326 Patent

One or more claims of the '326 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Fifth Affirmative Defense –Non-Infringement of the '326 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser do not infringe any valid and enforceable claim of the '326 patent and, in any event, Trinity has not directly infringed any

claim of the '326 patent, and Trinity has not induced or contributed to infringement of any claim of the '326 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent or that any component offered for sale or sold was especially made or especially adapted for use in an infringement of said patent.

### Sixth Affirmative Defense – Invalidity of the '074 Patent

Plaintiffs have conceded the '074 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq. The USPTO issued an *Inter Partes* Review Certificate No. 1606 for the '074 patent cancelling the sole claim of the '074 patent. In light of cancellation, Plaintiffs may not seek any relief pertaining to the '074 patent in this lawsuit. *Fresenius USA, Inc. v. Baxter Int'l, Inc*., 721 F.3d 1330 (Fed. Cir. 2013) )" 'if the original claim is cancelled . . . [in a reexamination], the patentee's cause of action is extinguished and the suit fails.' ").

### Seventh Affirmative Defense –Non-Infringement of the '074 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser and the IQ Maximizer Group 3 Dispenser do not infringe any valid and enforceable claim of the '074 patent and, in any event, Trinity has not directly infringed any claim of the '074 patent, and Trinity has not induced infringement of any claim of the '074 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent.

### Eighth Affirmative Defense – Invalidity of the '646 Patent

The '646 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Ninth Affirmative Defense –Non-Infringement of the '646 Patent

The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser do not infringe any valid and enforceable claim of the '646 patent and, in any event, Trinity has not

directly infringed any claim of the '646 patent, and Trinity has not induced infringement of any claim of the '646 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent.

### Tenth Affirmative Defense – Invalidity of the '644 Patent

Plaintiffs have conceded the '644 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq. The USPTO issued an *Inter Partes* Review Certificate No. 1607 for the '644 patent cancelling the sole claim of the '644 patent. In light of cancellation, Plaintiffs may not seek any relief pertaining to the '644 patent in this lawsuit. *Fresenius USA, Inc. v. Baxter Int'l, Inc*., 721 F.3d 1330 (Fed. Cir. 2013) (" 'if the original claim is cancelled . . . [in a reexamination], the patentee's cause of action is extinguished and the suit fails.' ").

### Eleventh Affirmative Defense –Non-Infringement of the '644 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser and the IQ Maximizer Group 5 Dispenser do not infringe any valid and enforceable claim of the '644 patent and, in any event, Trinity has not directly infringed any claim of the '644 patent, and Trinity has not induced infringement of any claim of the '644 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent.

### Twelfth Affirmative Defense – Invalidity of the '645 Patent

The '645 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Thirteenth Affirmative Defense –Non-Infringement of the '645 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser do not infringe any valid and enforceable claim of the '645 patent

and, in any event, Trinity has not directly infringed any claim of the '645 patent, and Trinity has not induced infringement of any claim of the '645 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent.

### Fourteenth Affirmative Defense –Waiver, Implied License, Estoppel, and Acquiescence

Plaintiffs' claims are barred by the doctrines of waiver, acquiescence, implied license, and/or equitable estoppel.

### Fifteenth Affirmative Defense – Limitation on Damages

Plaintiffs' claims for damages are limited and/or barred under 35 U.S.C. §§ 286, 287 and 289.

### Sixteenth Affirmative Defense – No Right to Injunctive Relief

Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate remedy at law, have not been irreparably damaged, the balance of hardships is not in Plaintiffs' favor, and the public interest would not be served by granting injunctive relief.

### Seventeenth Affirmative Defense – Inequitable Conduct

The '645 and '646 patents are unenforceable because Plaintiffs, the named inventors on the faces of the Patents-in-Suit, and/or their representatives failed to comply with their duty of candor and good faith in dealing with the USPTO.  The details concerning Plaintiffs' inequitable conduct are explained in paragraphs 1-64 of Trinity's Amended Counterclaims below, which are incorporated by reference herein.

### Eighteenth Affirmative Defense – Judicial Estoppel, Collateral Estoppel, and Law of the Case

Plaintiffs' claims are barred in whole or in part under the doctrines of judicial estoppel, collateral estoppel, and/or law of the case.

### Nineteenth Affirmative Defense –First Sale and Double Recovery

On information and belief, Plaintiffs' requested relief is barred or otherwise limited based on the "first sale" doctrine, and/or restrictions on double recovery for alleged infringement of the Patents-in-Suit.

### Twentieth Affirmative Defense – Lack of Standing

Plaintiff Gamon International, Inc. lacks standing to enforce the '326 patent, '111 patent, '645 patent and '646 patent, as Gamon International, Inc. holds no ownership interest in or exclusive license to those patents.

### RESERVATION OF RIGHT TO AMEND

Defendants' investigation and discovery in this matter is ongoing[1] and Trinity therefore reserves the right to amend this Answer, Affirmative Defenses, and Counterclaims of Defendant Trinity as new information becomes available.

### TRINITY'S AMENDED COUNTERCLAIMS

For its Amended Counterclaims against Gamon Plus, Inc. and Gamon International, Inc. (collectively, "Gamon"), Counterclaim-Plaintiff Trinity Manufacturing, L.L.C. ("Trinity") alleges as follows:

### Allegations Pertaining To All Of Trinity's Counterclaims

1.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

2.     Subject matter jurisdiction of these counterclaims is proper under 28 U.S.C. §§ 1331 and 1338(a) and Fed. R. Civ. P. 13.

---

[1] Trinity specifically reserves the right to assert a defense of inequitable conduct for the '111 and '326 patents, as well as a related counterclaim for declaratory judgment that the '111 and '326 patents are unenforceable. Discovery in this case recently re-opened and defendants will be pursuing discovery based on Gamon's and its counsel's failures during prosecution of the '111, '326, '646, and '645 patents before the USPTO. When discovery on these issues has been completed, Trinity may seek leave to amend its Answer and Counterclaims to plead additional grounds asserting that the '111, '326, '646, and '645 patents are unenforceable due to inequitable conduct.

3. Venue as to Trinity's counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b), and because Plaintiffs have commenced the underlying action in this District.

4. Counterclaim plaintiff Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840.

5. Counterclaim defendant Gamon Plus, Inc. ("Gamon Plus") is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Personal jurisdiction over Gamon Plus is proper because Gamon Plus is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

6. Counterclaim defendant Gamon International, Inc. ("Gamon International") is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Personal jurisdiction over Gamon International is proper because Gamon International is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

7. Counterclaim defendants Gamon International and Gamon Plus (together, "Gamon") allege that they are the owners of the '111, '326, '646, and '645 patents. (By motion filed contemporaneously herewith, Counterclaim Plaintiffs have asked this Court to dismiss Gamon International's claims against Defendants with prejudice for lack of standing.)

8. Gamon International, Inc. and Gamon Plus Inc. have submitted themselves to this Court's jurisdiction by alleging, in the present lawsuit, that Campbell, Trinity, Kroger and Meijer infringe the '111, '326, '646, and '645 patents. Accordingly, an actual case or controversy exists between Counterclaim-Plaintiff Trinity and Gamon and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

**First Counterclaim – Declaratory Judgment That the '111 Patent is Invalid**

9. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

10. The '111 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Second Counterclaim – Declaratory Judgment That the '111 Patent is Not Infringed**

11. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

12. Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '111 patent.

**Third Counterclaim – Declaratory Judgment That the '326 Patent is Invalid**

13. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

14. The '326 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Fourth Counterclaim – Declaratory Judgment That the '326 Patent is Not Infringed**

15. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

16.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '326 patent.

### Fifth Counterclaim – Declaratory Judgment That the '646 Patent is Invalid

17.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

18.     The '646 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Sixth Counterclaim – Declaratory Judgment That the '646 Patent is Not Infringed

19.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

20.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '646 patent.

### Seventh Counterclaim – Declaratory Judgment That the '645 Patent is Invalid

21.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

22.     The '645 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Eighth Counterclaim – Declaratory Judgment That the '645 Patent is Not Infringed

23.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

24.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '645 patent.

### Ninth Counterclaim – Declaratory Judgment of Unenforceability of the '646 Patent

25.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

26.     The '646 patent is unenforceable because Terry J. Johnson, Travis J. Johnson, and John Schoemer (the "Named Inventors"), Gamon, and/or the attorneys and agents who represented Gamon and/or the Named Inventors, deliberately withheld one or more known material prior art references from the USPTO during prosecution of the '646 patent.

27.     The single most reasonable inference that a reasonable factfinder can draw from each of the acts discussed in this Counterclaim is that the deliberate withholding of these material references was done or made with the specific intent to deceive the USPTO.

28.     During prosecution of the '646 patent, the Named Inventors, Gamon, their attorneys and agents, and/or anyone else responsible for prosecuting the '646 patent, knew or should have known that all patent applicants and their counsel are under a duty to act with good faith and candor before the USPTO and are required by 37 C.F.R. § 1.56 to disclose material information to the USPTO.

29.     The attorneys and agents who prosecuted the '646 patent on behalf of the Named Inventors and/or Gamon, including but not limited to Perry J. Saidman, are registered patent attorneys who knew or should have known of their duty of good faith and candor before the USPTO and the requirement of 37 C.F.R. § 1.56 to disclose material information to the USPTO.

30.     On September 25, 2009, Perry J. Saidman filed the application for the '646 patent titled "Gravity Feed Dispenser Display."

31.     On December 24, 2009, Perry J. Saidman submitted an Information Disclosure Statement which identified U.S. Patent Nos. D405,622 and D417,975 ("Linz Patents").

32.    No further Information Disclosure Statements were filed by Perry J. Saidman, the Named Inventors, Gamon, or anyone else during prosecution of the '646 patent.

33.    The '646 patent was issued by the USPTO on March 30, 2010.

34.    In 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon, among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co*., Case No. 2:04-cv-785 (D.N.J.) (the "Linz Litigation").

35.    In defense of the allegations of infringement of the Linz Patents, Gamon served an interrogatory response on July 13, 2004, alleging that the Linz Patents were invalid in view of U.S. Patent No. 5,462,198 ("the '198 patent").

36.    The '198 patent, titled "Modular Bottle Dispenser," issued on October 31, 1995. Sheet 1 of the drawings of the '198 patent is reproduced below:



U.S. Patent     Oct. 31, 1995     Sheet 1 of 3     5,462,198

37.     The '198 patent is prior art to the '646 patent under 35 U.S.C. 102(b).

38.     The '198 patent states the following at Col. 6, ln. 3-15:

A label also can be attached to the door 14. Door 14 includes a raised ridge 15 which creates a recess 13 into which a label can fit. A label discloses to a customer the product contained in a particular dispenser 10. A label can be attached to door 14 through the use of an adhesive or through other means. A customer can thus find the identity of the product in a dispenser from two sources: (1) the label on the door, and (2) the product itself displayed in the dispenser opening 48. When many dispensers are interlocked together to form a bank of dispensers, the labels on each door and the displayed products create a billboard effect that apprises the customer of all of the products from one manufacturer.

39.     The '198 patent further states the following at Col. 7, ln. 8-25:

The dispenser opening 48 allows bottles to be displayed and allows for easy retrieval by a customer. As shown in FIG. 3, the dispenser opening 48 is formed by an angled surface 44 of the V-shaped guide island 33 and the retaining lip 50. The bottles 70 rest against the retaining lip 50 and the angled surface 44 provides a large opening to allow easier grasping of the bottle 70. The ease of retrieving a bottle 70 is further enhanced by the notch 52 in

the retaining lip 50. The notch 52 provides a space in which to insert a finger or a thumb to grasp a bottle 70.

The bottle dispenser 10 of the present invention stores, displays and dispenses difficult to roll bottles in the space provided by a standard size retail shelf. Further, several bottle dispensers 10 can be interlocked with the use of interlocking members which create a visual billboard effect. In addition, a bottle dispenser 10 always appears full to a customer but can be checked by visual inspection to determine if the dispenser 10 requires restocking

40.     The '198 patent was not disclosed to the USPTO during prosecution of the '646 patent.

41.     Based on at least the comparison of the disclosure of the '198 patent relative to the claim of the '646 patent, the '198 patent was "but-for material" to the '646 patent.



| Fig 1 of '198 patent | Sole Fig. of '646 patent |

42.     The Named Inventors, Gamon and/or other representatives of the Named Inventors and/or Gamon knew of the '198 patent at the time they prosecuted the application for the '646 patent, as evidenced by the fact that they cited the '198 patent in the Linz Litigation in 2004, several years before they filed the application for the '646 patent in 2009.

43.     It is reasonable to infer that the Named Inventors, Gamon, and/or other representatives of the Named Inventors and/or Gamon withheld the '198 patent during prosecution of the application for the '646 patent with the specific intent to deceive the USPTO.

44.     Trinity seeks a declaratory judgment that the '646 patent is unenforceable.

## Tenth Counterclaim – Declaratory Judgment of Unenforceability of the '645 Patent

45.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 and 25-44 as if fully set forth herein.

46.     The '645 patent is unenforceable because the Named Inventors, Gamon, and/or the attorneys and agents who represented Gamon and/or the Named Inventors, deliberately withheld one or more known material prior art references from the USPTO during prosecution of the '645 patent.

47.     The single most reasonable inference that a reasonable factfinder can draw from each of the acts discussed in this Counterclaim is that the deliberate withholding of these material references was done or made with the specific intent to deceive the PTO.

48.     During prosecution of the '645 patent, the Named Inventors, Gamon, their attorneys and agents, and/or anyone else responsible for prosecuting the '645 patent, knew or should have known that all patent applicants and their counsel are under a duty to act with good faith and candor before the USPTO and are required by 37 C.F.R. § 1.56 to disclose material information to the USPTO.

49.     The attorneys and agents who prosecuted the '645 patent on behalf of the Named Inventors and/or Gamon, including but not limited to Perry J. Saidman, are registered patent attorneys who knew or should have known of their duty of good faith and candor before the USPTO and the requirement of 37 C.F.R. § 1.56 to disclose material information to the USPTO.

50.    On February 9, 2010, Perry J. Saidman filed the application for the '645 patent titled "Gravity Feed Dispenser Display."

51.    On February 9, 2010, Perry J. Saidman submitted an Information Disclosure Statement which identified the Linz Patents.

52.    No further Information Disclosure Statements were filed by Perry J. Saidman, the Named Inventors, Gamon, and/or anyone else during prosecution of the '645 patent.

53.    The '645 patent was issued by the USPTO on August 17, 2010.

54.    In 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon, among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co*., Case No. 2:04-cv-785 (D. of N.J.) ("Linz Litigation").

55.    In defense of the allegations of infringement of the Linz Patents, Gamon served an interrogatory response on July 13, 2004, alleging that the Linz Patents were invalid in view of the '198 patent.

56.    The '198 patent, titled "Modular Bottle Dispenser," issued on October 31, 1995. Sheet 1 of the drawings of the '198 patent is reproduced below:



57.    The '198 patent is prior art to the '645 patent under 35 U.S.C. 102(b).

58.    The '198 patent states the following at Col. 6, ln. 3-15:

A label also can be attached to the door 14. Door 14 includes a raised ridge 15 which creates a recess 13 into which a label can fit. A label discloses to a customer the product contained in a particular dispenser 10. A label can be attached to door 14 through the use of an adhesive or through other means. A customer can thus find the identity of the product in a dispenser from two sources: (1) the label on the door, and (2) the product itself displayed in the dispenser opening 48. When many dispensers are interlocked together to form a bank of dispensers, the labels on each door and the displayed products create a billboard effect that apprises the customer of all of the products from one manufacturer.

59.    The '198 patent further states the following at Col. 7, ln. 8-25:

The dispenser opening 48 allows bottles to be displayed and allows for easy retrieval by a customer. As shown in FIG. 3, the dispenser opening 48 is formed by an angled surface 44 of the V-shaped guide island 33 and the retaining lip 50. The bottles 70 rest against the retaining lip 50 and the angled surface 44 provides a large opening to allow easier grasping of the bottle 70. The ease of retrieving a bottle 70 is further enhanced by the

notch 52 in the retaining lip 50. The notch 52 provides a space in which to insert a finger or a thumb to grasp a bottle 70.

The bottle dispenser 10 of the present invention stores, displays and dispenses difficult to roll bottles in the space provided by a standard size retail shelf. Further, several bottle dispensers 10 can be interlocked with the use of interlocking members which create a visual billboard effect. In addition, a bottle dispenser 10 always appears full to a customer but can be checked by visual inspection to determine if the dispenser 10 requires restocking

60.     The '198 patent was never disclosed to the USPTO during prosecution of the '645 patent.

61.     Based on at least the comparison of the disclosure of the '198 patent relative to the claim of the '645 patent, the '198 patent was "but-for material" to the '645 patent.



| Fig 1 of '198 patent | Sole Fig. of '645 patent |

62.     The Named Inventors, Gamon and/or representatives of the Named Inventors and/or Gamon knew of the '198 patent at the time they prosecuted the application for the '645 patent, as evidenced by the fact that they cited the '198 patent in the Linz Litigation in 2004, several years before they filed the application for the '645 patent in 2010.

63.     It is reasonable to infer that the Named Inventors, Gamon, and/or representatives of the Named Inventors and/or Gamon withheld the '198 patent during prosecution of the application for the '645 patent with the specific intent to deceive the USPTO.

64.     Trinity seeks a declaratory judgment that the '645 patent is unenforceable.

## <u>TRINITY'S PRAYER FOR RELIEF</u>

WHEREFORE, Trinity requests the following relief:

A.     Dismissal of Gamon's claims in their entirety with prejudice;

B.     That Trinity be awarded their costs and disbursements in this action;

C.     That the Court issue an Order in favor of Trinity under Counts First through Tenth of Trinity's Amended Counterclaims that:

1.     No valid and enforceable claim of the '111 patent, '326 patent, '646 patent and '645 patent is infringed by Trinity;

2.     The asserted claims of the '111 patent, '326 patent, '646 patent and '645 patent are invalid;

3.     The '646 patent and '645 patents are unenforceable;

D.     An award to Trinity of compensatory damages, attorneys' fees and costs, and interest on its Affirmative Defenses and Counterclaims;

E.     That the Court declare this case to be exceptional pursuant to 35 U.S.C. § 285, and award Trinity its attorneys' fees and costs; and

F.     That Trinity be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Trinity requests a trial by jury on all issues so triable.

Dated:  August 3, 2021

/s/     Martin B. Pavane
Davis Firm P.C.
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
903-230-9090 (office)
mpavane@davisfirm.com

**Attorneys for Defendant Trinity Manufacturing,
L.L.C.**