**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC.,      ) | |
|       ) | |
|       ) | **Civil Action No. 15-cv-8940-CRN-YBK** |
| Plaintiffs,     ) | |
|       ) | |
| v.     ) | |
|       ) | |
| CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., AND TRINITY MANUFACTURING, L.L.C.,     ) | |
|       ) | |
| Defendants.     ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND**
**COUNTERCLAIMS OF DEFENDANT CAMPBELL SOUP**
**COMPANY TO THE AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Campbell Soup Company ("Campbell") submits the following Answer, Affirmative Defenses and Counterclaims in response to the Amended Complaint for Patent Infringement (Dkt. No. 183-1) filed by plaintiffs Gamon Plus, Inc. and Gamon International, Inc. ("Gamon" or "Plaintiffs") on September 10, 2021.[1] With respect to each of the numbered paragraphs of the Complaint, Campbell responds as follows:

1.    *Gamon Plus, Inc. is a corporation organized under the laws of the State of Illinois with a principal place of business at 2303 S Michigan Ave. Suite 203, Chicago IL 60616. Gamon Plus, Inc. is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:**  Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies same.

---

[1] Campbell submits this Answer in response to the redlined, proposed Amended Complaint for Patent Infringement (Dkt. No. 183-1), filed as Exhibit 1 to Plaintiffs' Motion for Leave to File Amended Complaint. *See* Dkt. No. 183. Although the Court has yet to grant Plaintiffs' Motion for Leave, the Court previously set the deadline for Defendants to answer Plaintiffs' Amended Complaint for October 1, 2021. *See* Dkt. No. 182.

2.    *Gamon International, Inc. is a corporation organized under the laws of the State of Illinois with a principal place of business at 2303 S Michigan Ave. Suite 203, Chicago IL 60616. Gamon International, Inc. is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:**  Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies same.

3.    *Campbell's is a corporation organized under the laws of the State of New Jersey with a principal place of business at 1 Campbell Place, Camden, New Jersey 08103. Campbell's is in the business of, among other things, the production and sale of foods and beverages sold using brands that include Pepperidge Farm, V8, Campbell's brand, Prego, and Royal Dansk.*

**ANSWER:**  Admitted that Campbell is a corporation organized under the laws of the State of New Jersey with its principal place of business at 1 Campbell Place, Camden, New Jersey, and that through its subsidiaries, it is in the business of the production and sale of foods and beverages, sold using brands including those listed in paragraph 3 of the Complaint, except that Campbell no longer manufactures or sells Royal Dansk brand products after a divestiture on September 23, 2019.

4.    *Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840. Trinity is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:**  Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies same.

5.    *Meijer is a corporation organized under the laws of the State of Michigan with a principal place of business at 2929 Walker Avenue North West, Grand Rapids, Michigan 49544. Meijer is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.*

**ANSWER:**  Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies same.

6.     *Kroger is a corporation organized under the laws of the State of Ohio with a principal place of business as 1014 Vine Street, Cincinnati, Ohio 45202. Kroger is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.*

**ANSWER:**  Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies same.

7.     *Gamon competes with Trinity in the product display industry. Gamon is a former supplier of display racks to Campbell's, and Meijer and Kroger both use infringing display racks to sell, inter alia, Campbell's soup products.*

**ANSWER:**  Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegation that Gamon competes with Trinity in the product display industry and therefore denies said allegation; Campbell admits that Gamon is a former supplier of display racks to Campbell; Campbell admits that, in some circumstances, Meijer uses Trinity display racks in connection with its sale of Campbell's soup; Campbell admits that, in some circumstances, Kroger used Trinity display racks in connection with its sale of Campbell's soup; and denies the remaining allegations contained in Paragraph 7.

## PATENTS-IN-SUIT

8.     *On September 9, 2014, the USPTO duly and legally issued U.S. Utility Patent No. 8,827,111 (the "'111 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon Plus, Inc. ("Gamon Plus") has owned the '111 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '111 Patent in its own name alone. Gamon International, Inc. ("Gamon International") has been the exclusive licensee of the '111 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '111 Patent jointly with Gamon Plus. A copy of the '111 Patent is attached as Exhibit A. On July 30, 2015 a Supplemental Examination Certificate was issued for the '111 Patent. A copy of the Supplemental Examination Certificate is attached as Exhibit B.*

**ANSWER:**  Campbell admits that U.S. Patent No. 8,827,111 ("the '111 patent") is entitled "Multi-Chute Gravity Feed Dispenser Display," that the '111 patent was issued by the United States Patent and Trademark Office ("USPTO") on September 9, 2014, that Gamon Plus, Inc. is listed on the face of the '111 patent as the assignee of the '111 patent, that a copy of the '111 patent was attached to the Complaint as Exhibit A, that, on July 30, 2015, a Supplemental Examination Certificate was

issued for the '111 patent, and that a copy of the July 30, 2015 Supplemental Examination Certificate was attached to the Complaint as Exhibit B. Campbell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and, therefore, denies same. To the extent the allegations in Paragraph 8 contain legal conclusions, no response is required.

9.      *On September 29, 2015 the USPTO duly and legally issued U.S. Utility Patent No. 9,144,326 (the "'326 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon Plus also has owned the '326 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '326 Patent in its own name alone. Gamon International also has been the exclusive licensee of the '326 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '326 Patent jointly with Gamon Plus.. A copy of the '326 Patent is attached as Exhibit C.*

**ANSWER:** Campbell admits that U.S. Patent No. 9,144,326 ("the '326 patent") is entitled "Multi-Chute Gravity Feed Dispenser Display," that the '326 patent was issued by the USPTO on September 29, 2015, that Gamon Plus, Inc. is listed on the face of the '326 patent as the assignee of the '326 patent, and that a copy of the '326 patent was attached to the Complaint as Exhibit C. Campbell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, therefore, denies same. To the extent the allegations in Paragraph 9 contain legal conclusions, no response is required.

10.     *On May 30, 2010, the USPTO duly and legally issued U.S. Design Patent No. D612,646 (the "'646 Patent") titled "Gravity Feed Dispenser Display." Gamon Plus also has owned the '646 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '646 Patent in its own name alone. Gamon International also has been the exclusive licensee of the '646 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '646 Patent jointly with Gamon Plus. A copy of the '646 Patent is attached as Exhibit E.*

**ANSWER:** Campbell admits that U.S. Patent No. D612,646 ("the '646 patent") is entitled "Gravity Feed Dispenser Display," that Gamon Plus, Inc. is listed on the face of the '646 patent as the assignee of the '646 patent, and that a copy of the '646 patent was attached to the Complaint as Exhibit E. Campbell is without knowledge or information sufficient to form a belief as to the

4

truth of the remaining allegations contained in Paragraph 10 and, therefore, denies same. To the

extent the allegations in Paragraph 10 contain legal conclusions, no response is required.

11.     *On August 17, 2010, the USPTO duly and legally issued U.S. Design Patent No. D621,645 (the "'645 Patent") titled "Gravity Feed Dispenser Display." Gamon Plus also has owned the '645 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '645 Patent in its own name alone. Gamon International also has been the exclusive licensee of the '645 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '645 Patent jointly with Gamon Plus. A copy of the '645 Patent is attached as Exhibit G.*

**ANSWER:** Campbell admits that U.S. Patent No. D621,645 ("the '645 patent") is entitled

"Gravity Feed Dispenser Display," that the '645 patent was issued by the USPTO on

August 17, 2010, that Gamon Plus, Inc. is listed on the face of the '645 patent as the assignee of

the '645 patent, and that a copy of the '645 patent was attached to the Complaint as Exhibit G..

Campbell is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 11 and, therefore, denies same. To the extent the allegations in

Paragraph 11 contain legal conclusions, no response is required.

## JURISDICTION AND VENUE

12.     *This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).*

**ANSWER:** Admitted.

13.     *The Court has personal jurisdiction over Campbell's because, among other things, Campbell's regularly conducts business in Illinois and in this judicial district. Campbell's is specifically offering soup products using infringing display racks at retail stores in Illinois and this judicial district.*

**ANSWER:** Campbell denies the allegations in Paragraph 13, but consents to personal jurisdiction

in this Court.

14.     *The Court has personal jurisdiction over Trinity because, among other things, Trinity regularly conducts business in Illinois and in this judicial district. Trinity is specifically supplying infringing display racks for retail stores in Illinois and this judicial district.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies same.

15. *The Court has personal jurisdiction over Meijer because, among other things, Meijer regularly conducts business in Illinois and in this judicial district. In this judicial district, Meijer operates retail stores at 1301 Meijer Drive, Rolling Meadows, Illinois, 60008, and 130 South Gary Avenue, Bloomingdale, Illinois, 60108. Meijer is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies same.

16. *The Court has personal jurisdiction over Kroger because, among other things, Kroger regularly conducts business in Illinois and in this judicial district. In this judicial district, Kroger operates retail stores at 4620 South Damen Avenue, Chicago, Illinois 60609, 2701 Columbus Street, Ottawa, Illinois 61350, and 301 East McKinley Road, Ottawa, Illinois 61350. Kroger is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies same.

17. *Joinder of the Defendants is proper under 35 U.S.C. § 299 because, inter alia, all of the Defendants participate in the production of the product line of dispensers identified in Exhibit H and referred to as the "IQ Maximizer Group 1 Dispenser" based on the shape of the lower product stop. The hard plastic portions and Campbell's themed labeling of the IQ Maximizer Group 1 Dispenser appears to be created by Campbell's and Trinity while Kroger and Meijer both reconfigure, modify, and rebrand the IQ Maximizer Group 1 Dispensers to sell their private label lines of soup cans (Exhibit H pages 7 and 6, respectively).*

**ANSWER:** Campbell denies the allegations in Paragraph 17, but consents to joinder under 35 U.S.C. § 299.

18. *Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).*

**ANSWER:** Denied.

## SOUP CAN DISPLAYS

19. *The IQ Maximizer Group 1 Dispenser shown in Exhibit H has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Healthy*

*Request® Homestyle Chicken Noodle Soup, Campbell's brand Healthy Request® Tomato Soup, Campbell's brand Healthy Request® Chicken Noodle Soup, Campbell's brand Chicken with Rice Soup, Campbell's brand Healthy Request® Bean with Bacon Soup, Campbell's brand Split Pea with Ham & Bacon Soup, Campbell's brand 25% Less Sodium Chicken Noodle Soup, Campbell's brand Healthy Request® Cream of Chicken Soup, and Campbell's brand Healthy Request® Vegetable Beef Soup.*

**ANSWER:** Campbell admits that at times during the periods covered by the Complaint the Group 1 Dispensers may have dispensed in the United States some or all of the products listed in Paragraph 19, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and therefore denies same.

20. *The dispenser shown in Exhibit I (referred to as the "IQ Maximizer Group 2 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Chunky Beef with Country Vegetables, Campbell's brand Homestyle Light Chicken and Dumpling Soup, Campbell's brand Homestyle Healthy Request® Savory Chicken with Brown Rice Soup, Campbell's brand Chunk Hearty Cheeseburger, Campbell's brand Homestyle Creamy Chicken Alfredo Soup, and Campbell's brand Homestyle Healthy Request® Tomato with Basil Soup.*

**ANSWER:** Campbell admits that at times during the periods covered by the Complaint the Group 2 Dispensers may have dispensed in the United States some or all of the products listed in Paragraph 20, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and therefore denies same.

21. *The dispenser shown in Exhibit J (referred to as the "IQ Maximizer Group 3 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Asian-Style Chicken Noodle, Campbell's Brand Great for Cooking Cream of Chicken and Mushroom Soup, Campbell's Brand Great for Cooking Cream of Chicken with Herbs Soup, Campbell's Brand Great for Cooking Cream of Onion Soup, Campbell's brand Fun Favorites Mega Noodle Soup, Campbell's brand Fun Favorites Avengers™ Fun Shaped Pasta Soup, and Meijer brand Health Tomato Condensed Soup.*

**ANSWER:** Campbell admits that at times during the periods covered by the Complaint the Group 3 Dispensers may have dispensed in the United States some or all of the products listed in Paragraph 21, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and therefore denies same.

22.  *The dispenser shown in Exhibit K (referred to as the "IQ Maximizer Group 4 Dispenser")
has dispensed (and continues to dispense) in the United States the following brand
products: Campbell's brand Soup on the Go Classic Tomato Soup, Campbell's brand Soup
on the Go Healthy Request® Classic Tomato Soup, Campbell's brand Soup on the Go
Healthy Request® Chicken w/Mini Noodles Soup, and Campbell's brand Soup on the Go
Cheesy Potato with Bacon Flavor Soup.*

**ANSWER:** Campbell admits that at times during the periods covered by the Complaint the Group

4 Dispensers may have dispensed in the United States some or all of the products listed in

Paragraph 22, but is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in Paragraph 22, and therefore denies same.

## COUNT I – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '111 PATENT

23.  *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully
set forth herein.*

**ANSWER:**  Campbell incorporates by reference paragraphs 1-22 of this Amended Answer,

Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set

forth herein.

24.  *Campbell's has infringed and continue to infringe claims of the '111 Patent within the
meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without
limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1
Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser,
and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 24 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell

denies that it infringes any valid and enforceable claim of the '111 patent.

25.  *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35
U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group
1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 25 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell

denies that it infringes any valid and enforceable claim of the '111 patent.

26. *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 26 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

27. *Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33- 35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 27 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

28. *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 28 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

29. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 29 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

30. *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 30 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

31. *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 31 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

32. *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 32 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

33. *Campbell's has infringed at least claims 17-35 of the '111 Patent within the  meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 33 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

34.  *Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 34 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

35.  *Campbell's has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Trinity to make the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 35 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

36.  *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser.*

**ANSWER:**  The allegations set forth in paragraph 36 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

37.  *Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

11

**ANSWER:** The allegations set forth in paragraph 37 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

38. *Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 38 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

39. *Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 39 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

40. *Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 40 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

41. *Campbell's has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 41 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '111 patent.

<u>**COUNT II – TRINITY'S ALLEGED INFRINGEMENT OF THE '111 PATENT**</u>

42. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-41 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

43. *Trinity has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 43 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 43, as those allegations are not directed to Campbell, and on that basis denies them.

44. *Trinity has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 44 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 44, as those allegations are not directed to Campbell, and on that basis denies them.

45. *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer*

*Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 45 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 45, as those allegations are not directed to Campbell, and on that basis denies them.

46. *Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 46 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 46, as those allegations are not directed to Campbell, and on that basis denies them.

47. *Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 47 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 47, as those allegations are not directed to Campbell, and on that basis denies them.

48. *Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 48 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 48, as those allegations are not directed to Campbell, and on that basis denies them.

14

49.  *Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 49 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 49, as those allegations are not directed to Campbell, and on that basis denies them.

50.  *Trinity has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 50 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 50, as those allegations are not directed to Campbell, and on that basis denies them.

51.  *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 51 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 51, as those allegations are not directed to Campbell, and on that basis denies them.

52. *Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 52 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 52, as those allegations are not directed to Campbell, and on that basis denies them.

53. *Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 53 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 53, as those allegations are not directed to Campbell, and on that basis denies them.

54. *Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 54 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 54, as those allegations are not directed to Campbell, and on that basis denies them.

55. *Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 55 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 55, as those allegations are not directed to Campbell, and on that basis denies them.

56. *Trinity has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24- 28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 56 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 56, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT III – KROGER'S ALLEGED INFRINGEMENT OF THE '111 PATENT

57. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-56 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

58. *Kroger has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 58 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 58, as those allegations are not directed to Campbell, and on that basis denies them.

59. *Kroger has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 59 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 59, as those allegations are not directed to Campbell, and on that basis denies them.

60. *Kroger has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 60 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 60, as those allegations are not directed to Campbell, and on that basis denies them.

## <u>COUNT IV – MEIJER'S ALLEGED INFRINGEMENT OF THE '111 PATENT</u>

61. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-60 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

62. *Meijer has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 62 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 62, as those allegations are not directed to Campbell, and on that basis denies them.

63. *Meijer has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 63 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 63, as those allegations are not directed to Campbell, and on that basis denies them.

18

64.     *Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**   The allegations set forth in paragraph 64 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 64, as those allegations are not directed to Campbell, and on that basis denies them.

65.     *Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**   The allegations set forth in paragraph 65 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 65, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT V – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '326 PATENT

66.     *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**   Campbell incorporates by reference paragraphs 1-65 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

67.     *Campbell's has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**   The allegations set forth in paragraph 67 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

68. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 68 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

69. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 69 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

70. *Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 70 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

71. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 71 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

72. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the*

*offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 72 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

73. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 73 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

74. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 74 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

75. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 75 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

76.  *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 76 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

77.  *Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 77 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

78.  *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 78 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

79.  *Campbell's has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 79 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

80. *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 80 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

81. *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 81 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

82. *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 82 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

83. *Campbell's has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 83 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '326 patent.

**COUNT VI – TRINITY'S ALLEGED INFRINGEMENT OF THE '326 PATENT**

84. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-83 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

85. *Trinity has indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 85 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 85, as those allegations are not directed to Campbell, and on that basis denies them.

86. *Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 86 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 86, as those allegations are not directed to Campbell, and on that basis denies them.

87. *Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 87 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 87, as those allegations are not directed to Campbell, and on that basis denies them.

88. *Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 88 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 88, as those allegations are not directed to Campbell, and on that basis denies them.

89. *Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 89 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 89, as those allegations are not directed to Campbell, and on that basis denies them.

90. *Trinity has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 90 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 90, as those allegations are not directed to Campbell, and on that basis denies them.

91. *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the*

*IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 91 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 91, as those allegations are not directed to Campbell, and on that basis denies them.

92.  *Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 92 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 92, as those allegations are not directed to Campbell, and on that basis denies them.

93.  *Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 93 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 93, as those allegations are not directed to Campbell, and on that basis denies them.

94.   *Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 94 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 94, as those allegations are not directed to Campbell, and on that basis denies them.

95.   *Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 95 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 95, as those allegations are not directed to Campbell, and on that basis denies them.

96.   *Trinity has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 96 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 96, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT VII – KROGER'S ALLEGED INFRINGEMENT OF THE '326 PATENT

97.   *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-96 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

98. *Kroger has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 98 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 98, as those allegations are not directed to Campbell, and on that basis denies them.

99. *Kroger has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 99 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 99, as those allegations are not directed to Campbell, and on that basis denies them.

100. *Kroger has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 100 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 100, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT VIII – MEIJER'S ALLEGED INFRINGEMENT OF THE '326 PATENT

101. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-100 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

102.   *Meijer has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 102 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 102, as those allegations are not directed to Campbell, and on that basis denies them.

103.   *Meijer has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 103 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 103, as those allegations are not directed to Campbell, and on that basis denies them.

104.   *Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 104 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 104, as those allegations are not directed to Campbell, and on that basis denies them.

105.   *Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.*

29

**ANSWER:** The allegations set forth in paragraph 105 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 105, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT XIII – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '646 PATENT

106. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein*

**ANSWER:** Campbell incorporates by reference paragraphs 1-105 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

107. *The '646 Patent claims an "ornamental design for a gravity feed dispenser display."*

**ANSWER:** Campbell admits that the '646 patent purports to claim "The ornamental design for a gravity feed dispenser display, as shown and described" in the '646 patent, and denies the remaining allegations of Paragraph 107.

108. *The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are gravity feed dispenser displays that infringe the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 108 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

109. *Figure 1 of the '646 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser.*

| '646 Patent Fig. 1 | IQ Maximizer Group 1 Dispenser | IQ Maximizer Group 3 Dispenser |
| --- | --- | --- |



**ANSWER:** Campbell admits that paragraph 109 of the Complaint includes a portion of Figure 1 of the '646 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser, and denies the remaining allegations of paragraph 109.

110. *The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '646 Patent. The '646 Patent claims a non-functional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 110 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

111. *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '646 Patent and the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 111 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

112.   *Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**   The allegations set forth in paragraph 112 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

113.   *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:**   The allegations set forth in paragraph 113 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

114.   *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:**   The allegations set forth in paragraph 114 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

115.   *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:**   Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 and therefore denies same.

32

116.  *Campbell's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:**  The allegations set forth in paragraph 116 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

117.  *Campbell's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:**  The allegations set forth in paragraph 117 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '646 patent.

## COUNT XIV – TRINITY'S ALLEGED INFRINGEMENT OF THE '646 PATENT

118.  *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**  Campbell incorporates by reference paragraphs 1-117 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

119.  *Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

33

**ANSWER:** The allegations set forth in paragraph 119 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 119, as those allegations are not directed to Campbell, and on that basis denies them.

120. *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 120 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 120, as those allegations are not directed to Campbell, and on that basis denies them.

121. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and therefore denies same.

122. *Trinity's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 122 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 122, as those allegations are not directed to Campbell, and on that basis denies them.

123. *Trinity's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 123 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 123, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT XV – KROGER'S ALLEGED INFRINGEMENT OF THE '646 PATENT

124. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-123 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

125. *Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 125 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 125, as those allegations are not directed to Campbell, and on that basis denies them.

126. *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 126 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 126, as those allegations are not directed to Campbell, and on that basis denies them.

127. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and therefore denies same.

128. *Kroger's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 128 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 128, as those allegations are not directed to Campbell, and on that basis denies them.

129. *Kroger's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 129 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 129, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT XVI – MEIJER'S ALLEGED INFRINGEMENT OF THE '646 PATENT

130. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-129 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

131. *Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 131 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 131, as those allegations are not directed to Campbell, and on that basis denies them.

132.    *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 132 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 132, as those allegations are not directed to Campbell, and on that basis denies them.

133.    *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and therefore denies same.

134.    *Meijer's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 134 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 134, as those allegations are not directed to Campbell, and on that basis denies them.

135.    *Meijer's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 135 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 135, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT XXI – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '645 PATENT

136. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-135 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

137. *The '645 Patent claims an "ornamental design for a gravity feed dispenser display."*

**ANSWER:** Campbell admits that the '645 patent purports to claim "The ornamental design for a gravity feed dispenser display, as shown and described" in the '645 patent, and denies the remaining allegations of paragraph 137.

138. *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are dispensers and display devices that infringe the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 138 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

139. *Figure 1 of the '645 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser.*



| '645 Patent | IQ Maximizer Group 1 | IQ Maximizer Group 2 | IQ Maximizer Group 3 |
|---|---|---|---|

**ANSWER:** Campbell admits that paragraph 139 of the Complaint includes a portion of Figure 1 of the '645 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser, IQ Maximizer Group 2 Dispenser, and IQ Maximizer Group 3 Dispenser, and denies the remaining allegations of paragraph 139.

140.   *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '645 Patent. The '645 Patent claims a nonfunctional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 140 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

141.   *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '645 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 141 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

142. *Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 142 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

143. *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 143 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

144. *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 144 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

145. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 and therefore denies same.

146. *Campbell's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 146 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

147. *Campbell's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 147 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell denies that it infringes any valid and enforceable claim of the '645 patent.

## <u>COUNT XXII – TRINITY'S ALLEGED INFRINGEMENT OF THE '645 PATENT</u>

148. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-147 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

149. *Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by*

41

*knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 149 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 149, as those allegations are not directed to Campbell, and on that basis denies them.

150.   *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 150 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Trinity in paragraph 150, as those allegations are not directed to Campbell, and on that basis denies them.

151.   *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 and therefore denies same.

152.   *Trinity's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 152 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell

is without sufficient information as to the allegations made against Trinity in paragraph 152, as

those allegations are not directed to Campbell, and on that basis denies them.

153.    *Trinity's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:**  The allegations set forth in paragraph 153 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell

is without sufficient information as to the allegations made against Trinity in paragraph 153, as

those allegations are not directed to Campbell, and on that basis denies them.

## COUNT XXIII – KROGER'S ALLEGED INFRINGEMENT OF THE '645 PATENT

154.    *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**  Campbell incorporates by reference paragraphs 1-153 of this Amended Answer,

Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set

forth herein.

155.    *Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 155 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Campbell

is without sufficient information as to the allegations made against Kroger in paragraph 155, as

those allegations are not directed to Campbell, and on that basis denies them.

156.    *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 156 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 156, as those allegations are not directed to Campbell, and on that basis denies them.

157. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 and therefore denies same.

158. *Kroger's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 158 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 158, as those allegations are not directed to Campbell, and on that basis denies them.

159. *Kroger's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 159 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Kroger in paragraph 159, as those allegations are not directed to Campbell, and on that basis denies them.

## COUNT XXIV – MEIJER'S ALLEGED INFRINGEMENT OF THE '645 PATENT

160. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Campbell incorporates by reference paragraphs 1-159 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Campbell Soup Company as if fully set forth herein.

161. *Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 161 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 161, as those allegations are not directed to Campbell, and on that basis denies them.

162. *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 162 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell is without sufficient information as to the allegations made against Meijer in paragraph 162, as those allegations are not directed to Campbell, and on that basis denies them.

163. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Campbell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 and therefore denies same.

164. *Meijer's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 164 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell

is without sufficient information as to the allegations made against Meijer in paragraph 164, as

those allegations are not directed to Campbell, and on that basis denies them.

165. *Meijer's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 165 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Campbell

is without sufficient information as to the allegations made against Meijer in paragraph 165, as

those allegations are not directed to Campbell, and on that basis denies them.

## <u>PRAYER FOR RELIEF</u>

*WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Defendants, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with the Defendants, granting the following relief:*

A. *The entry of judgment in favor of Gamon and against the Defendants;*

B. *An award of damages adequate to compensate Gamon for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest;*

C. *Additional remedies for design Patent infringement as permitted under 35 U.S.C. § 289;*

D. *Increased damages as permitted under 35 U.S.C. § 284;*

E. *A finding that this case is exceptional and an award to Gamon of its attorneys' fees and costs as provided by 35 U.S.C. § 285;*

F. *A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the Patents-in-Suit; and,*

G. *Such other relief that Gamon is entitled to under law, and any other further relief that this Court or a jury may deem just and proper.*

**ANSWER:** Campbell denies that Plaintiffs are entitled to any of the relief requested in Plaintiffs' prayer for relief.

**CAMPBELL'S AFFIRMATIVE DEFENSES**

Campbell pleads the following affirmative defenses to the allegations in Plaintiffs' Complaint:

**First Affirmative Defense – Failure to State a Claim**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense – Invalidity of the '111 Patent**

One or more claims of the '111 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Third Affirmative Defense –Non-Infringement of the '111 Patent**

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser do not infringe any valid and enforceable claim of the '111 patent and, in any event, Campbell has not directly infringed any claim of the '111 patent, and Campbell has not induced or contributed to infringement of any claim of the '111 patent, at least because Campbell was without knowledge that the acts allegedly induced by Campbell constituted infringement of said patent or that any component offered for sale or sold was especially made or especially adapted for use in an infringement of said patent.

**Fourth Affirmative Defense – Invalidity of the '326 Patent**

One or more claims of the '326 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Fifth Affirmative Defense –Non-Infringement of the '326 Patent**

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser do not infringe any valid

and enforceable claim of the '326 patent and, in any event, Campbell has not directly infringed any claim of the '326 patent, and Campbell has not induced or contributed to infringement of any claim of the '326 patent, at least because Campbell was without knowledge that the acts allegedly induced by Campbell constituted infringement of said patent or that any component offered for sale or sold was especially made or especially adapted for use in an infringement of said patent.

### Sixth Affirmative Defense – Invalidity of the '646 Patent

The '646 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Seventh Affirmative Defense –Non-Infringement of the '646 Patent

The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser do not infringe any valid and enforceable claim of the '646 patent and, in any event, Campbell has not directly infringed any claim of the '646 patent, and Campbell has not induced infringement of any claim of the '646 patent, at least because Campbell was without knowledge that the acts allegedly induced by Campbell constituted infringement of said patent.

### Eighth Affirmative Defense – Invalidity of the '645 Patent

The '645 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Ninth Affirmative Defense –Non-Infringement of the '645 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser do not infringe any valid and enforceable claim of the '645 patent and, in any event, Campbell has not directly infringed any claim of the '645 patent, and Campbell has not induced infringement of any claim of the '645 patent, at least because Campbell was without knowledge that the acts allegedly induced by Campbell constituted infringement of said patent.

**<u>Tenth Affirmative Defense –Waiver, Implied License, Estoppel, and Acquiescence</u>**

Plaintiffs' claims are barred by the doctrines of waiver, acquiescence, implied license, and/or equitable estoppel.

**<u>Eleventh Affirmative Defense – Limitation on Damages</u>**

Plaintiffs' claims for damages are limited and/or barred under 35 U.S.C. §§ 286, 287 and 289.

**<u>Twelfth Affirmative Defense – No Right to Injunctive Relief</u>**

Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate remedy at law, have not been irreparably damaged, the balance of hardships is not in Plaintiffs' favor, and the public interest would not be served by granting injunctive relief.

**<u>Thirteenth Affirmative Defense – Inequitable Conduct</u>**

The '645 and '646 patents are unenforceable because Plaintiffs, the named inventors on the faces of the Patents-in-Suit, and/or their representatives failed to comply with their duty of candor and good faith in dealing with the USPTO. The details surrounding Plaintiffs' inequitable conduct are explained in paragraphs 1-67 of Campbell's Amended Counterclaims below, which are incorporated by reference herein.

**<u>Fourteenth Affirmative Defense – Judicial Estoppel, Collateral Estoppel, and Law of the Case</u>**

Plaintiffs' claims are barred in whole or in part under the doctrines of judicial estoppel, collateral estoppel, and/or law of the case.

**<u>Fifteenth Affirmative Defense –First Sale and Double Recovery</u>**

On information and belief, Plaintiffs' requested relief is barred or otherwise limited based on the "first sale" doctrine, and/or restrictions on double recovery of the Patents-in-Suit.

### Sixteenth Affirmative Defense – Lack of Standing

Plaintiff Gamon International, Inc. lacks standing to enforce the '326 patent, '111 patent, '645 patent and '646 patent, as Gamon International, Inc. holds no ownership interest in or exclusive license to those patents.

### RESERVATION OF RIGHT TO AMEND

Defendants' investigation and discovery in this matter is ongoing[2] and Campbell therefore reserves the right to amend this Answer, Affirmative Defenses, and Counterclaims of Defendant Campbell Soup Company as new information becomes available.

### CAMPBELL'S AMENDED COUNTERCLAIMS

For its Amended Counterclaims against Gamon Plus, Inc. and Gamon International, Inc. (collectively, "Gamon"), Counterclaim-Plaintiff Campbell Soup Company ("Campbell) alleges as follows:

### Allegations Pertaining To All Of Campbell's Counterclaims

1.      The counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

2.      Subject matter jurisdiction of these counterclaims is proper under 28 U.S.C. §§ 1331 and 1338(a) and Fed. R. Civ. P. 13.

3.      Venue as to Campbell's counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b), and because Plaintiffs have commenced the underlying action in this District.

---

[2] Campbell specifically reserves the right to assert a defense of inequitable conduct for the '111 and '326 patents, as well as a related counterclaim for declaratory judgment that the '111 and '326 patents are unenforceable. Discovery in this case recently re-opened and defendants will be pursuing discovery based on Gamon and its counsel's failures during the prosecution of the '111, '326, '646, and '645 patents before the USPTO. Once discovery on this issue has been completed, Defendants may seek leave to amend their Answer and counterclaims to assert additional grounds that the '111, '326, '646, and '645 patents are unenforceable as a result of inequitable conduct.

4.      Counterclaim plaintiff Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840.

5.      Counterclaim plaintiff Campbell is a corporation organized under the laws of the State of New Jersey with a principal place of business at 1 Campbell Place, Camden, New Jersey 08103.

6.      Counterclaim plaintiff Meijer is a corporation organized under the laws of the State of Michigan with a principal place of business at 2929 Walker Avenue North West, Grand Rapids, Michigan 49544.

7.      Counterclaim plaintiff Kroger is a corporation organized under the laws of the State of Ohio with a principal place of business as 1014 Vine Street, Cincinnati, Ohio 45202.

8.      Counterclaim defendant Gamon Plus, Inc. ("Gamon Plus") is a corporation organized under the laws of the State of Illinois with a principal place of business at 2303 S Michigan Ave. Suite 203, Chicago, IL 60616. Personal jurisdiction over Gamon Plus is proper because Gamon Plus is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

9.      Counterclaim defendant Gamon International, Inc. ("Gamon International") is a corporation organized under the laws of the State of Illinois with a principal place of business at 2303 S Michigan Ave. Suite 203, Chicago, IL 60616. Personal jurisdiction over Gamon International is proper because Gamon International is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this

51

forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

10.     Counterclaim defendants Gamon Plus, Inc. and Gamon International, Inc. (together, "Gamon") allege that they are the owner and exclusive licensee, respectively, of the '111, '326, '646, and '645 patents.

11.     Gamon International, Inc. and Gamon Plus Inc. have submitted themselves to this Court's jurisdiction by alleging, in the present lawsuit, that Campbell, Trinity, Kroger and Meijer infringe the '111, '326, '646, and '645 patents. Accordingly, an actual case or controversy between Counterclaim-Plaintiff Campbell and Gamon exists and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

### First Counterclaim – Declaratory Judgment That the '111 Patent is Invalid

12.     Campbell incorporates by reference Counterclaim Paragraphs 1-11  as if fully set forth herein.

13.     The '111 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Second Counterclaim – Declaratory Judgment That the '111 Patent is Not Infringed

14.     Campbell incorporates by reference Counterclaim Paragraphs 1-14 as if fully set forth herein.

15.     Campbell does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '111 patent.

### Third Counterclaim – Declaratory Judgment That the '326 Patent is Invalid

16.    Campbell incorporates by reference Counterclaim Paragraphs 1-15 as if fully set forth herein.

17.    The '326 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Fourth Counterclaim – Declaratory Judgment That the '326 Patent is Not Infringed

18.    Campbell incorporates by reference Counterclaim Paragraphs 1-17  as if fully set forth herein.

19.    Campbell does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '326 patent.

### Fifth Counterclaim – Declaratory Judgment That the '646 Patent is Invalid

20.    Campbell incorporates by reference Counterclaim Paragraphs 1-19 as if fully set forth herein.

21.    The '646 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Sixth Counterclaim – Declaratory Judgment That the '646 Patent is Not Infringed

22.    Campbell incorporates by reference Counterclaim Paragraphs 1-21 as if fully set forth herein.

23.    Campbell does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '646 patent.

**Seventh Counterclaim – Declaratory Judgment That the '645 Patent is Invalid**

24.     Campbell incorporates by reference Counterclaim Paragraphs 1-23 as if fully set forth herein.

25.     The '645 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Eighth Counterclaim – Declaratory Judgment That the '645 Patent is Not Infringed**

26.     Campbell incorporates by reference Counterclaim Paragraphs 1-25 as if fully set forth herein.

27.     Campbell does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '645 patent.

**Ninth Counterclaim – Declaratory Judgment of Unenforceability of the '646 Patent**

28.     Campbell incorporates by reference Counterclaim Paragraphs 1-27 as if fully set forth herein.

29.     The '646 patent is unenforceable because Terry J. Johnson, Travis J. Johnson, and John Schoemer (the "Named Inventors"), Gamon, and the attorneys who represented Gamon and/or the Named Inventors, when involved in the prosecution of the '646 patent, deliberately withheld one or more known material prior art references from the USPTO during prosecution of the '646 patent.

30.     The single most reasonable inference that a reasonable factfinder can draw from each of the acts discussed in this Counterclaim is that the deliberate withholding of these material references was done or made with the specific intent to deceive the PTO.

31.     During prosecution of the '646 patent, the Named Inventors, Gamon, and their attorneys and agents, and anyone else responsible for prosecuting the '646 patent, knew or should have known that all patent applicants and their counsel are under a duty to act with good faith and

candor before the USPTO and are required by 37 C.F.R. § 1.56 to disclose material information to the USPTO.

32.     The attorneys and agents who prosecuted the '646 patent on behalf of the Named Inventors and/or Gamon, including but not limited to Perry J. Saidman, are registered patent attorneys who knew or should have known of their duty of good faith and candor before the PTO and the requirement of 37 C.F.R. § 1.56 to disclose material information to the PTO.

33.     On September 25, 2009, Perry J. Saidman filed the application resulting in the '646 patent entitled "Gravity Feed Dispenser Display."

34.     On December 24, 2009, Perry J. Saidman submitted an Information Disclosure Statement which identified U.S. Patent Nos. D405,622 and D417,975 ("Linz Patents").

35.     No further Information Disclosure Statements were filed by Perry J. Saidman, the Named Inventors, and/or Gamon in the application resulting in the '646 patent.

36.     The '646 patent was issued by the USPTO on March 30, 2010.

37.     In 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon, among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co*., Case No. 2:04-cv-785 (D.N.J.) (the "Linz Litigation").

38.     In defense of the allegations of infringement of the Linz Patents, Gamon served an interrogatory response on July 13, 2004 alleging that the Linz Patents were invalid in view of U.S. Patent No. 5,462,198 ("the '198 patent").

39.     The '198 patent is entitled "Modular Bottle Dispenser" and issued on October 31, 1995. Sheet 1 of the drawings of the '198 patent is reproduced below:



40.    The '198 patent is prior art to the '646 patent under 35 U.S.C. 102(b).

41.    The '198 patent states the following at Col. 6, ln. 3-15:

A label also can be attached to the door 14. Door 14 includes a raised ridge 15 which creates a recess 13 into which a label can fit. A label discloses to a customer the product contained in a particular dispenser 10. A label can be attached to door 14 through the use of an adhesive or through other means. A customer can thus find the identity of the product in a dispenser from two sources: (1) the label on the door, and (2) the product itself displayed in the dispenser opening 48. When many dispensers are interlocked together to form a bank of dispensers, the labels on each door and the displayed products create a billboard effect that apprises the customer of all of the products from one manufacturer.

42.    The '198 patent further states the following at Col. 7, ln. 8-25:

The dispenser opening 48 allows bottles to be displayed and allows for easy retrieval by a customer. As shown in FIG. 3, the dispenser opening 48 is formed by an angled surface 44 of the V-shaped guide island 33 and the retaining lip 50. The bottles 70 rest against the retaining lip 50 and the angled surface 44 provides a large opening to allow easier grasping of the bottle 70. The ease of retrieving a bottle 70 is further enhanced by the notch 52 in

the retaining lip 50. The notch 52 provides a space in which to insert a finger or a thumb to grasp a bottle 70.

The bottle dispenser 10 of the present invention stores, displays and dispenses difficult to roll bottles in the space provided by a standard size retail shelf. Further, several bottle dispensers 10 can be interlocked with the use of interlocking members which create a visual billboard effect. In addition, a bottle dispenser 10 always appears full to a customer but can be checked by visual inspection to determine if the dispenser 10 requires restocking

43.     The '198 patent was never disclosed to the USPTO in connection with the prosecution of the '646 patent.

44.     Based on at least the comparison of the disclosure of the '198 patent relative to the claim of the '646 patent, the '198 patent was but-for material to the '646 patent.



| Fig 1 of '198 patent | Sole Fig. of '646 patent |

45.     The Named Inventors, Gamon and/or other representatives of the Named Inventors and/or Gamon knew of the '198 patent at the time they prosecuted the application resulting in the '646 patent, as evidenced by the fact that they cited the '198 patent in the Linz litigation in 2004, several years before their filing in 2009 of the application that resulted in the '646 patent.

46.     It is reasonable to infer that the Named Inventors, Gamon, and/or other representatives of the Named Inventors and/or Gamon withheld the '198 patent during prosecution of the application resulting in the '646 patent with the specific intent to deceive the PTO.

47.     Campbell seeks a declaratory judgment that the '646 patent is unenforceable.

**Tenth Counterclaim – Declaratory Judgment of Unenforceability of the '645 Patent**

48.     Campbell incorporates by reference Counterclaim Paragraphs 1-47 as if fully set forth herein.

49.     The '645 patent is unenforceable because the Named Inventors, Gamon, and the attorneys who represented Gamon and/or the Named Inventors, when involved in the prosecution of the '645 patent deliberately withheld one or more known material prior art references from the USPTO during prosecution of the '645 patent.

50.     The single most reasonable inference that a reasonable factfinder can draw from each of the acts discussed in this Counterclaim is that the deliberate withholding of these material references was done or made with the specific intent to deceive the PTO.

51.     During prosecution of the '645 patent, the Named Inventors, Gamon, and their attorneys and agents, and anyone else responsible for prosecuting the '645 patent, knew or should have known that all patent applicants and their counsel are under a duty to act with good faith and candor before the USPTO and are required by 37 C.F.R. § 1.56 to disclose material information to the USPTO.

52.     The attorneys and agents who prosecuted the '645 patent on behalf of the Named Inventors and/or Gamon, including but not limited to Perry J. Saidman, are registered patent attorneys who knew or should have known of their duty of good faith and candor before the PTO and the requirement of 37 C.F.R. § 1.56 to disclose material information to the PTO.

53.     On February 9, 2010, Perry J. Saidman filed the application resulting in the '645 patent entitled "Gravity Feed Dispenser Display."

54.     On February 9, 2010, Perry J. Saidman submitted an Information Disclosure Statement which identified the Linz Patents.

55.     No further Information Disclosure Statements were filed by Perry J. Saidman, the Named Inventors, and/or Gamon in the application resulting in the '645 patent.

56.     The '645 patent was issued by the USPTO on August 17, 2010.

57.     In 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon, among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co*., Case No. 2:04-cv-785 (D. of N.J.)

58.     In defense of the allegations of infringement of the Linz Patents, Gamon served an interrogatory response on July 13, 2004 alleging that the Linz Patents were invalid in view of the '198 patent.

59.     The '198 patent is entitled "Modular Bottle Dispenser" and issued on October 31, 1995. Sheet 1 of the drawings of the '198 patent is reproduced below:



60. The '198 patent is prior art to the '645 patent under 35 U.S.C. 102(b).

61. The '198 patent states the following at Col. 6, ln. 3-15:

A label also can be attached to the door 14. Door 14 includes a raised ridge 15 which creates a recess 13 into which a label can fit. A label discloses to a customer the product contained in a particular dispenser 10. A label can be attached to door 14 through the use of an adhesive or through other means. A customer can thus find the identity of the product in a dispenser from two sources: (1) the label on the door, and (2) the product itself displayed in the dispenser opening 48. When many dispensers are interlocked together to form a bank of dispensers, the labels on each door and the displayed products create a billboard effect that apprises the customer of all of the products from one manufacturer.

62. The '198 patent further states the following at Col. 7, ln. 8-25:

The dispenser opening 48 allows bottles to be displayed and allows for easy retrieval by a customer. As shown in FIG. 3, the dispenser opening 48 is formed by an angled surface 44 of the V-shaped guide island 33 and the retaining lip 50. The bottles 70 rest against the retaining lip 50 and the angled surface 44 provides a large opening to allow easier grasping of the bottle 70. The ease of retrieving a bottle 70 is further enhanced by the

60

notch 52 in the retaining lip 50. The notch 52 provides a space in which to insert a finger or a thumb to grasp a bottle 70.

The bottle dispenser 10 of the present invention stores, displays and dispenses difficult to roll bottles in the space provided by a standard size retail shelf. Further, several bottle dispensers 10 can be interlocked with the use of interlocking members which create a visual billboard effect. In addition, a bottle dispenser 10 always appears full to a customer but can be checked by visual inspection to determine if the dispenser 10 requires restocking

63.     The '198 patent was never disclosed to the USPTO in connection with the prosecution of the '645 patent.

64.     Based on at least the comparison of the disclosure of the '198 patent relative to the claim of the '645 patent, the '198 patent was but-for material to the '645 patent.



| Fig 1 of '198 patent | Sole Fig. of '645 patent |

65.     The Named Inventors, Gamon and/or other representatives of the Named Inventors and/or Gamon knew of the '198 patent at the time they prosecuted the application resulting in the '645 patent, as evidenced by the fact that they cited the '198 patent in the Linz litigation in 2004, several years before their filing in 2010 of the application that resulted in the '645 patent.

61

66.     It is reasonable to infer that the Named Inventors, Gamon, and/or other representatives of the Named Inventors and/or Gamon withheld the '198 patent during prosecution of the application resulting in the '645 patent with the specific intent to deceive the PTO.

67.     Campbell seeks a declaratory judgment that the '645 patent is unenforceable.

## CAMPBELL'S PRAYER FOR RELIEF

WHEREFORE, Campbell requests the following relief:

A.      Dismissal of Gamon's claims in their entirety with prejudice;

B.      That Campbell be awarded their costs and disbursements in this action;

C.      That the Court issue an Order in favor of Campbell under Counts 1 through 10 of Campbell's Amended Counterclaims that:

1.      No valid and enforceable claim of the '111 patent, '326 patent, '646 patent and '645 patent is infringed by Campbell;

2.      The asserted claims of the '111 patent, '326 patent, '646 patent and '645 patent are invalid;

3.      The '646 patent and '645 patents are unenforceable;

D.      An award to Campbell of compensatory damages, attorneys' fees and costs, and interest on its Affirmative Defenses and Counterclaims;

E.      That the Court declare this case to be exceptional pursuant to 35 U.S.C. § 285, and award Campbell its attorneys' fees and costs; and

F.      That Campbell be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Campbell requests a trial by jury on all issues so triable.

Dated: October 1, 2021

*/s/ Steven E. Jedlinski*

Tracy Zurzolo Quinn (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Tel: (215) 252-9522
Fax: (215) 867-6070
tracy.quinn@hklaw.com

Steven E. Jedlinski
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, 27th floor
Chicago, IL 60606
Tel: (312) 263-3600
Fax: (312)578-6666
steven.jedlinski@hklaw.com

Mark T. Goracke (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
mark.gorakce@hklaw.com
Admitted *pro hac vice*

**Attorneys for Defendant Campbell Soup Company**