IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC., ) ) )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>CAMPBELL SOUP COMPANY, MEIJER, )<br>INC., THE KROGER CO., AND TRINITY )<br>MANUFACTURING, L.L.C., )<br>)<br>Defendants. )<br>) | **Civil Action No. 15-cv-8940-CRN-YBK** |

**AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS OF DEFENDANT TRINITY MANUFACTURING, L.L.C. TO
PLAINTIFFS' AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

In accordance with the Scheduling Order entered by the Court (Dkt. No. 160), Defendant

Trinity Manufacturing, L.L.C. ("Trinity") submits the following Amended Answer, Affirmative

Defenses and Counterclaims in response to the Amended Complaint for Patent Infringement (Dkt.

No. 1) of Plaintiffs Gamon Plus, Inc. and Gamon International, Inc. ("Gamon" or "Plaintiffs") on

that is the subject of Plaintiffs' September 10, 2021, Motion for Leave to File Amended

Complaint[1]. With respect to each of the numbered paragraphs of the Complaint, Trinity responds

as follows:

1.  *Gamon Plus, Inc. is a corporation organized under the laws of the State of Illinois with a
    principal place of business at 2303 S Michigan Ave. Suite 203, Chicago IL 60616. Gamon
    Plus, Inc. is in the business of, among other things, the design and production of specialty
    packaging and point-of-purchase displays.*

---

[1] As of the filing of this Amended Answer, Affirmative Defenses, and Counterclaims, Plaintiffs' motion for leave
has not yet been granted.

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies same.

2. *Gamon International, Inc. is a corporation organized under the laws of the State of Illinois with a principal place of business at 2303 S Michigan Ave. Suite 203, Chicago IL 60616. Gamon International, Inc. is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies same.

3. *Campbell's is a corporation organized under the laws of the State of New Jersey with a principal place of business at 1 Campbell Place, Camden, New Jersey 08103. Campbell's is in the business of, among other things, the production and sale of foods and beverages sold using brands that include Pepperidge Farm, V8, Campbell's brand, Prego, and Royal Dansk.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies same

4. *Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840. Trinity is in the business of, among other things, the design and production of specialty packaging and point-of-purchase displays.*

**ANSWER:** Trinity admits the allegations of paragraph 4.

5. *Meijer is a corporation organized under the laws of the State of Michigan with a principal place of business at 2929 Walker Avenue North West, Grand Rapids, Michigan 49544. Meijer is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies same.

6. *Kroger is a corporation organized under the laws of the State of Ohio with a principal place of business as 1014 Vine Street, Cincinnati, Ohio 45202. Kroger is in the business of, among other things, the distribution and sale of foods, beverages, and household goods.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies same.

7. *Gamon competes with Trinity in the product display industry. Gamon is a former supplier of display racks to Campbell's, and Meijer and Kroger both use infringing display racks to sell, inter alia, Campbell's soup products.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegation that Gamon competes with Trinity in the product display industry and therefore denies said allegation; Trinity admits that Gamon is a former supplier of display racks to Campbell; Trinity admits that, in some circumstances, Meijer uses Trinity display racks in connection with its sale of Campbell's soup; Trinity admits that, in some circumstances, Kroger used Trinity display racks in connection with its sale of Campbell's soup; and denies the remaining allegations contained in Paragraph 7.

## PATENTS-IN-SUIT

8. *On September 9, 2014, the USPTO duly and legally issued U.S. Utility Patent No. 8,827,111 (the "'111 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon Plus, Inc. ("Gamon Plus") has owned the '111 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '111 Patent in its own name alone. Gamon International, Inc. ("Gamon International") has been the exclusive licensee of the '111 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '111 Patent jointly with Gamon Plus. A copy of the '111 Patent is attached as Exhibit A. On July 30, 2015 a Supplemental Examination Certificate was issued for the '111 Patent. A copy of the Supplemental Examination Certificate is attached as Exhibit B.*

**ANSWER:** Trinity admits that U.S. Patent No. 8,827,111 ("the '111 patent") is entitled "Multi-Chute Gravity Feed Dispenser Display," that the '111 patent was issued by the United States Patent and Trademark Office ("USPTO") on September 9, 2014, that Gamon Plus, Inc. is listed on the face of the '111 patent as the assignee of the '111 patent, that a copy of the '111 patent was attached to the Complaint as Exhibit A, that, on July 30, 2015, a Supplemental Examination Certificate was issued for the '111 patent, and that a copy of the July 30, 2015, a Supplemental Examination Certificate was attached to the Complaint as Exhibit B. Trinity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 8 and, therefore, denies same. To the extent the allegations in Paragraph 8 contain legal conclusions, no response is required.

9.     *On September 29, 2015 the USPTO duly and legally issued U.S. Utility Patent No. 9,144,326 (the "'326 Patent") titled "Multi-chute Gravity Feed Dispenser Display." Gamon Plus also has owned the '326 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '326 Patent in its own name alone. Gamon International also has been the exclusive licensee of the '326 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '326 Patent jointly with Gamon Plus. A copy of the '326 Patent is attached as Exhibit C.*

**ANSWER:** Trinity admits that U.S. Patent No. 9,144,326 ("the '326 patent") is entitled "Multi-Chute Gravity Feed Dispenser Display," that the '326 patent was issued by the USPTO on September 29, 2015, that Gamon Plus, Inc. is listed on the face of the '326 patent as the assignee of the '326 patent, and that a copy of the '326 patent was attached to the Complaint as Exhibit C. Trinity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, therefore, denies same. To the extent the allegations in Paragraph 9 contain legal conclusions, no response is required.

10.     *On May 30, 2010, the USPTO duly and legally issued U.S. Design Patent No. D612,646 (the "'646 Patent") titled "Gravity Feed Dispenser Display." Gamon Plus also has owned the '646 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '646 Patent in its own name alone. Gamon International also has been the exclusive licensee of the '646 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '646 Patent jointly with Gamon Plus. A copy of the '646 Patent is attached as Exhibit E.*

**ANSWER:** Trinity admits that U.S. Patent No. D612,646 ("the '646 patent") is entitled "Gravity Feed Dispenser Display," that Gamon Plus, Inc. is listed on the face of the '646 patent as the assignee of the '646 patent, and that a copy of the '646 patent was attached to the Complaint as Exhibit E. Trinity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, therefore, denies same. To the extent the allegations in Paragraph 10 contain legal conclusions, no response is required.

11.     *On August 17, 2010, the USPTO duly and legally issued U.S. Design Patent No. D621,645 (the "'645 Patent") titled "Gravity Feed Dispenser Display."* Gamon Plus also has owned the '645 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '645 Patent in its own name alone. Gamon International also has been the exclusive licensee of the '645 Patent since prior to October 8, 2015 and has standing to sue for infringement of the '645 Patent jointly with Gamon Plus. *A copy of the '645 Patent is attached as Exhibit G.*

**ANSWER:** Trinity admits that U.S. Patent No. D621,645 ("the '645 patent") is entitled "Gravity Feed Dispenser Display," that the '645 patent was issued by the USPTO on August 17, 2010, that Gamon Plus, Inc. is listed on the face of the '645 patent as the assignee of the '645 patent, and that a copy of the '645 patent was attached to the Complaint as Exhibit G. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies same. To the extent the allegations in Paragraph 11 contain legal conclusions, no response is required.

## JURISDICTION AND VENUE

12.     *This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).*

**ANSWER:** Admitted.

13.     *The Court has personal jurisdiction over Campbell's because, among other things, Campbell's regularly conducts business in Illinois and in this judicial district. Campbell's is specifically offering soup products using infringing display racks at retail stores in Illinois and this judicial district.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies same.

14.     *The Court has personal jurisdiction over Trinity because, among other things, Trinity regularly conducts business in Illinois and in this judicial district. Trinity is specifically supplying infringing display racks for retail stores in Illinois and this judicial district.*

**ANSWER:** Trinity denies the allegations in Paragraph 14, but consents to personal jurisdiction in this Court.

15. *The Court has personal jurisdiction over Meijer because, among other things, Meijer regularly conducts business in Illinois and in this judicial district. In this judicial district, Meijer operates retail stores at 1301 Meijer Drive, Rolling Meadows, Illinois, 60008, 130 South Gary Avenue, Bloomingdale, Illinois, 60108,. Meijer is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 15 and, therefore, denies same.

16. *The Court has personal jurisdiction over Kroger because, among other things, Kroger regularly conducts business in Illinois and in this judicial district. In this judicial district, Kroger operates retail stores at 4620 South Damen Avenue, Chicago, Illinois 60609, 2701 Columbus Street, Ottawa, Illinois 61350, and 301 East McKinley Road, Ottawa, Illinois 61350. Kroger is specifically offering soup products using infringing display racks at their retail stores in Illinois and this judicial district.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 16 and, therefore, denies same.

17. *Joinder of the Defendants is proper under 35 U.S.C. § 299 because, inter alia, all of the Defendants participate in the production of the product line of dispensers identified in Exhibit H and referred to as the "IQ Maximizer Group 1 Dispenser" based on the shape of the lower product stop. The hard plastic portions and Campbell's themed labeling of the IQ Maximizer Group 1 Dispenser appears to be created by Campbell's and Trinity while Kroger and Meijer both reconfigure, modify, and rebrand the IQ Maximizer Group 1 Dispensers to sell their private label lines of soup cans (Exhibit H pages 7 and 6, respectively).*

**ANSWER:** Trinity denies the allegations in Paragraph 17, but consents to joinder under 35 U.S.C.

§ 299.

18. *Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).*

**ANSWER:** Denied.

## <u>SOUP CAN DISPLAYS</u>

19. *The IQ Maximizer Group 1 Dispenser shown in Exhibit H has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Healthy Request® Homestyle Chicken Noodle Soup, Campbell's brand Healthy Request® Tomato Soup, Campbell's brand Healthy Request® Chicken Noodle Soup, Campbell's brand Chicken with Rice Soup, Campbell's brand Healthy Request® Bean with Bacon Soup, Campbell's brand Split Pea with Ham & Bacon Soup, Campbell's brand 25% Less Sodium*

*Chicken Noodle Soup, Campbell's brand Healthy Request® Cream of Chicken Soup, and Campbell's brand Healthy Request® Vegetable Beef Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 1 Dispensers may have dispensed in the United States some or all of the products listed in Paragraph 19, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and therefore denies same.

20.    *The dispenser shown in Exhibit I (referred to as the "IQ Maximizer Group 2 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Chunky Beef with Country Vegetables, Campbell's brand Homestyle Light Chicken and Dumpling Soup, Campbell's brand Homestyle Healthy Request® Savory Chicken with Brown Rice Soup, Campbell's brand Chunk Hearty Cheeseburger, Campbell's brand Homestyle Creamy Chicken Alfredo Soup, and Campbell's brand Homestyle Healthy Request® Tomato with Basil Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 2 Dispensers may have dispensed in the United States some or all of the products listed in Paragraph 20, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and therefore denies same.

21.    *The dispenser shown in Exhibit J (referred to as the "IQ Maximizer Group 3 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Asian-Style Chicken Noodle, Campbell's Brand Great for Cooking Cream of Chicken and Mushroom Soup, Campbell's Brand Great for Cooking Cream of Chicken with Herbs Soup, Campbell's Brand Great for Cooking Cream of Onion Soup, Campbell's brand Fun Favorites Mega Noodle Soup, Campbell's brand Fun Favorites Avengers™ Fun Shaped Pasta Soup, and Meijer brand Health Tomato Condensed Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 3 Dispensers may have dispensed in the United States some or all of the products listed in Paragraph 21, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and therefore denies same.

22.    *The dispenser shown in Exhibit K (referred to as the "IQ Maximizer Group 4 Dispenser") has dispensed (and continues to dispense) in the United States the following brand products: Campbell's brand Soup on the Go Classic Tomato Soup, Campbell's brand Soup*

7

*on the Go Healthy Request® Classic Tomato Soup, Campbell's brand Soup on the Go Healthy Request® Chicken w/Mini Noodles Soup, and Campbell's brand Soup on the Go Cheesy Potato with Bacon Flavor Soup.*

**ANSWER:** Trinity admits that at times during the periods covered by the Complaint the Group 4 Dispensers may have dispensed in the United States some or all of the products listed in Paragraph 22, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and therefore denies same.

## COUNT I – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '111 PATENT

23.     *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-22 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

24.     *Campbell's has infringed and continue to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 24 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 24, as those allegations are not directed to Trinity, and on that basis denies them.

25.     *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 25 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 25, as those allegations are not directed to Trinity, and on that basis denies them.

26.   *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 26 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 26, as those allegations are not directed to Trinity, and on that basis denies them.

27.   *Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33- 35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 27 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 27, as those allegations are not directed to Trinity, and on that basis denies them.

28.   *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 28 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 28, as those allegations are not directed to Trinity, and on that basis denies them.

29.   *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users*

*including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 29 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 29, as those allegations are not directed to Trinity, and on that basis denies them.

30.    *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 30 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 30, as those allegations are not directed to Trinity, and on that basis denies them.

31.    *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 31 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 31, as those allegations are not directed to Trinity, and on that basis denies them.

32.    *Campbell's has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 32 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 32, as those allegations are not directed to Trinity, and on that basis denies them.

33. *Campbell's has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 33 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 33, as those allegations are not directed to Trinity, and on that basis denies them.

34. *Campbell's has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 34 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 34, as those allegations are not directed to Trinity, and on that basis denies them.

35. *Campbell's has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Trinity to make the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 35 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 35, as those allegations are not directed to Trinity, and on that basis denies them.

36. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The*

11

*direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser.*

**ANSWER:** The allegations set forth in paragraph 36 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 36, as those allegations are not directed to Trinity, and on that basis denies them.

37.    *Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 37 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 37, as those allegations are not directed to Trinity, and on that basis denies them.

38.    *Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 38 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 38, as those allegations are not directed to Trinity, and on that basis denies them.

39.    *Campbell's has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 39 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 39, as

those allegations are not directed to Trinity, and on that basis denies them.

40. *Campbell's has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 40 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 40, as

those allegations are not directed to Trinity, and on that basis denies them.

41. *Campbell's has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 41 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 41, as

those allegations are not directed to Trinity, and on that basis denies them.

## COUNT II – TRINITY'S ALLEGED INFRINGEMENT OF THE '111 PATENT

42. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-41 of this Amended Answer,

Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

43. *Trinity has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 43 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

denies that it infringes any valid and enforceable claim of the '111 patent.

13

44. *Trinity has infringed at least claims 8-10 and 12-16 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 44 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

45. *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '111 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '111 Patent. The direct infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 45 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

46. *Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 46 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

47. *Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 47 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

48. *Trinity has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 48 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

49. *Trinity has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 49 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

50. *Trinity has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 50 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

51. *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '111 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '111 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '111 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct*

15

*infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 51 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

52.  *Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 52 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

53.  *Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 53 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

54.  *Trinity has contributorily infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 54 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

**55.**  *Trinity has contributorily infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in* **the United States.**

**ANSWER:** The allegations set forth in paragraph 55 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

56. *Trinity has contributorily infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 56 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '111 patent.

## <u>COUNT III – KROGER'S ALLEGED INFRINGEMENT OF THE '111 PATENT</u>

57. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-56 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

58. *Kroger has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 58 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 58, as those allegations are not directed to Trinity, and on that basis denies them.

59. *Kroger has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 59 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Kroger in paragraph 59, as those allegations are not directed to Trinity, and on that basis denies them.

60. *Kroger has infringed at least claims 1, 2, 4-5, 7-10, 12-20, 22, 24-28, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 60 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 60, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT IV – MEIJER'S ALLEGED INFRINGEMENT OF THE '111 PATENT

61. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-60 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

62. *Meijer has infringed and continues to infringe claims of the '111 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 62 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 62, as those allegations are not directed to Trinity, and on that basis denies them.

63. *Meijer has infringed at least claims 17-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 63 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

18

is without sufficient information as to the allegations made against Meijer in paragraph 63, as those

allegations are not directed to Trinity, and on that basis denies them.

64.  *Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 64 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Meijer in paragraph 64, as those

allegations are not directed to Trinity, and on that basis denies them.

65.  *Meijer has infringed at least claims 17-20, 22-31, and 33-35 of the '111 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 65 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Meijer in paragraph 65, as those

allegations are not directed to Trinity, and on that basis denies them.

## <u>COUNT V – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '326 PATENT</u>

66.  *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**  Trinity incorporates by reference paragraphs 1-65 of this Amended Answer,

Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

67.  *Campbell's has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using, importing, offering for sale and/or selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:**  The allegations set forth in paragraph 67 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 67, as those allegations are not directed to Trinity, and on that basis denies them.

68. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 68 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 68, as those allegations are not directed to Trinity, and on that basis denies them.

69. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 69 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 69, as those allegations are not directed to Trinity, and on that basis denies them.

70. *Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 70 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 70, as those allegations are not directed to Trinity, and on that basis denies them.

71. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 71 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 71, as

those allegations are not directed to Trinity, and on that basis denies them.

72. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Campbell's has knowingly and actively induced infringement of the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its suppliers including Trinity, and end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 72 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 72, as

those allegations are not directed to Trinity, and on that basis denies them.

73. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 73 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 73, as

those allegations are not directed to Trinity, and on that basis denies them.

74. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 74 are conclusions of law that need not be

admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 74, as those allegations are not directed to Trinity, and on that basis denies them.

75. *Campbell's has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 75 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 75, as those allegations are not directed to Trinity, and on that basis denies them.

76. *Campbell's has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 76 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 76, as those allegations are not directed to Trinity, and on that basis denies them.

77. *Campbell's has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 77 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 77, as those allegations are not directed to Trinity, and on that basis denies them.

78. *Campbell's has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser,*

*the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Campbell's knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Campbell's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Campbell's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 78 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 78, as those allegations are not directed to Trinity, and on that basis denies them.

79. *Campbell's has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 79 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 79, as those allegations are not directed to Trinity, and on that basis denies them.

80. *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 80 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 80, as those allegations are not directed to Trinity, and on that basis denies them.

81. *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 81 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 81, as those allegations are not directed to Trinity, and on that basis denies them.

82. *Campbell's has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 82 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 82, as those allegations are not directed to Trinity, and on that basis denies them.

83. *Campbell's has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 83 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 83, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT VI – TRINITY'S ALLEGED INFRINGEMENT OF THE '326 PATENT

84. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-83 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

85. *Trinity has indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Trinity has knowingly and actively induced infringement of the '326 Patent, through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the*

*United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in a manner that infringes the '326 Patent. The direct infringers that are being induced by Trinity include, without limitation, its end-users including Meijer and Kroger that make, offer for sale, sell and/or use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 85 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

86. *Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 86 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

87. *Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 87 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

88. *Trinity has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Meijer to use the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 88 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

89.     *Trinity has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 89 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

90.     *Trinity has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(b) by inducing Kroger to use the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 90 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

91.     *Trinity has also indirectly infringed and continues to indirectly infringe claims of the '326 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser, which constitute a material part of the patented invention of the '326 Patent, which Trinity knew are especially made or adapted for use in an infringement of the '326 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Trinity's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Trinity's end-users including Kroger and Meijer that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and/or the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 91 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

92.     *Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 92 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

93. *Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 93 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

94. *Trinity has contributorily infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Meijer the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 94 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

95. *Trinity has contributorily infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 95 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

96. *Trinity has contributorily infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(c) by selling Kroger the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 96 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '326 patent.

**COUNT VII – KROGER'S ALLEGED INFRINGEMENT OF THE '326 PATENT**

97. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-96 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

98. *Kroger has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 98 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 98, as those allegations are not directed to Trinity, and on that basis denies them.

99. *Kroger has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 99 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 99, as those allegations are not directed to Trinity, and on that basis denies them.

100. *Kroger has infringed at least claims 1-10, 12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 100 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 100, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT VIII – MEIJER'S ALLEGED INFRINGEMENT OF THE '326 PATENT

101. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-100 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

102. *Meijer has infringed and continues to infringe claims of the '326 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, using the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 102 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 102, as those allegations are not directed to Trinity, and on that basis denies them.

103. *Meijer has infringed at least claims 1-4 and 7-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 103 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 103, as those allegations are not directed to Trinity, and on that basis denies them.

104. *Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 104 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 104, as those allegations are not directed to Trinity, and on that basis denies them.

105. *Meijer has infringed at least claims 1-4, 7-12, and 14-23 of the '326 Patent within the meaning of 35 U.S.C. § 271(a) by making and/or using the IQ Maximizer Group 4 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 105 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 105, as those allegations are not directed to Trinity, and on that basis denies them.

<u>**COUNT XIII (sic)– CAMPBELL'S ALLEGED INFRINGEMENT OF THE '646 PATENT**</u>

106.    *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein*

**ANSWER:** Trinity incorporates by reference paragraphs 1-105 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

107.    *The '646 Patent claims an "ornamental design for a gravity feed dispenser display."*

**ANSWER:** Trinity admits that the '646 patent purports to claim "The ornamental design for a gravity feed dispenser display, as shown and described" in the '646 patent, and denies the remaining allegations of Paragraph 107.

108.    *The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are gravity feed dispenser displays that infringe the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 108 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 108, as those allegations are not directed to Trinity, and on that basis denies them.

109.    *Figure 1 of the '646 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser.*

| '646 Patent Fig. 1 | IQ Maximizer Group 1 Dispenser | IQ Maximizer Group 3 Dispenser |
| --- | --- | --- |



**ANSWER:** Trinity admits that paragraph 109 of the Complaint includes a portion of Figure 1 of the '646 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser, and denies the remaining allegations of paragraph 109.

110. *The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '646 Patent. The '646 Patent claims a non-functional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 110 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 110, as those allegations are not directed to Trinity, and on that basis denies them.

111. *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '646 Patent and the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 111 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

31

is without sufficient information as to the allegations made against Campbell in paragraph 111, as those allegations are not directed to Trinity, and on that basis denies them.

112. *Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 112 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 112, as those allegations are not directed to Trinity, and on that basis denies them.

113. *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 113 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 113, as those allegations are not directed to Trinity, and on that basis denies them.

114. *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 114 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 114, as those allegations are not directed to Trinity, and on that basis denies them.

115.  *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:**  Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 and therefore denies same.

116.  *Campbell's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:**  The allegations set forth in paragraph 116 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 116, as those allegations are not directed to Trinity, and on that basis denies them.

117.  *Campbell's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:**  The allegations set forth in paragraph 117 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 117, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XIV (sic) – TRINITY'S ALLEGED INFRINGEMENT OF THE '646 PATENT

118.  *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:**  Trinity incorporates by reference paragraphs 1-117 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

119.  *Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent under 35 U.S.C. § 271(b)*

*by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '646 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:**  The allegations set forth in paragraph 119 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

120.     *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:**  The allegations set forth in paragraph 120 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

121.     *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:**  Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and therefore denies same.

122.     *Trinity's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:**  The allegations set forth in paragraph 122 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied.  By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

123.     *Trinity's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the*

*scope of the design claimed in the '646 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 123 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '646 patent.

## COUNT XV (sic) – KROGER'S ALLEGED INFRINGEMENT OF THE '646 PATENT

124. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-123 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

125. *Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 125 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 125, as those allegations are not directed to Trinity, and on that basis denies them.

126. *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 126 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 126, as those allegations are not directed to Trinity, and on that basis denies them.

127. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and therefore denies same.

128. *Kroger's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 128 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 128, as those allegations are not directed to Trinity, and on that basis denies them.

129. *Kroger's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 129 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 129, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XVI (sic) – MEIJER'S ALLEGED INFRINGEMENT OF THE '646 PATENT

130. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-129 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

131. *Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '646 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 131 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Meijer in paragraph 131, as those allegations are not directed to Trinity, and on that basis denies them.

132. *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 132 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 132, as those allegations are not directed to Trinity, and on that basis denies them.

133. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and therefore denies same.

134. *Meijer's infringement and/or inducement to infringe the '646 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 134 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 134, as those allegations are not directed to Trinity, and on that basis denies them.

135. *Meijer's infringement of the '646 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '646 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '646 Patent.*

**ANSWER:** The allegations set forth in paragraph 135 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Meijer in paragraph 135, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XXI (sic) – CAMPBELL'S ALLEGED INFRINGEMENT OF THE '645 PATENT

136.  *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-135 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

137.  *The '645 Patent claims an "ornamental design for a gravity feed dispenser display."*

**ANSWER:** Trinity admits that the '645 patent purports to claim "The ornamental design for a gravity feed dispenser display, as shown and described" in the '645 patent, and denies the remaining allegations of paragraph 137.

138.  *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are dispensers and display devices that infringe the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 138 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 138, as those allegations are not directed to Trinity, and on that basis denies them.

139.  *Figure 1 of the '645 Patent is shown below compared to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser.*

| '645 Patent | IQ Maximizer Group 1 | IQ Maximizer Group 2 | IQ Maximizer Group 3 |
| --- | --- | --- | --- |



**ANSWER:** Trinity admits that paragraph 139 of the Complaint includes a portion of Figure 1 of the '645 patent and purports to include photographs of portions of the IQ Maximizer Group 1 Dispenser, IQ Maximizer Group 2 Dispenser, and IQ Maximizer Group 3 Dispenser, and denies the remaining allegations of paragraph 139.

140.    *The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser have appropriated the ornamental design for a gravity feed dispenser display as shown and described in the '645 Patent. The '645 Patent claims a nonfunctional ornamental design.*

**ANSWER:** The allegations set forth in paragraph 140 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 140, as those allegations are not directed to Trinity, and on that basis denies them.

141.    *In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a gravity feed dispenser display claimed in the '645 Patent and the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.*

**ANSWER:** The allegations set forth in paragraph 141 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Campbell in paragraph 141, as those allegations are not directed to Trinity, and on that basis denies them.

142.    *Campbell's has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 142 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 142, as those allegations are not directed to Trinity, and on that basis denies them.

143.    *Campbell's has also indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Campbell's include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 143 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 143, as those allegations are not directed to Trinity, and on that basis denies them.

144.    *Campbell's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 144 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 144, as those allegations are not directed to Trinity, and on that basis denies them.

145. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 and therefore denies same.

146. *Campbell's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 146 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 146, as those allegations are not directed to Trinity, and on that basis denies them.

147. *Campbell's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Campbell's from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 147 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Campbell in paragraph 147, as those allegations are not directed to Trinity, and on that basis denies them.

## COUNT XXII (sic) – TRINITY'S ALLEGED INFRINGEMENT OF THE '645 PATENT

148. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-147 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

149. *Trinity has indirectly infringed and continues to indirectly infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in a manner that infringes the '645 Patent. The direct infringers that are being induced by Trinity include, without limitation, its retail customers and end-users that use the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser in the United States. The direct infringers include Kroger and Meijer.*

**ANSWER:** The allegations set forth in paragraph 149 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

150. *Trinity's infringement and/or knowing and intentional inducement to infringe has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 150 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

151. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 and therefore denies same.

152. *Trinity's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 152 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

153. *Trinity's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Trinity from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 153 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity denies that it infringes any valid and enforceable claim of the '645 patent.

## COUNT XXIII (sic) – KROGER'S ALLEGED INFRINGEMENT OF THE '645 PATENT

154. *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-153 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

155. *Kroger has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 2 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 155 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity

is without sufficient information as to the allegations made against Kroger in paragraph 155, as those allegations are not directed to Trinity, and on that basis denies them.

156. *Kroger's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 156 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 156, as those allegations are not directed to Trinity, and on that basis denies them.

157. *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 and therefore denies same.

158. *Kroger's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 158 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 158, as those allegations are not directed to Trinity, and on that basis denies them.

159. *Kroger's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Kroger from inducing infringement of the design claimed in the '645 Patent.*

44

**ANSWER:** The allegations set forth in paragraph 159 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Kroger in paragraph 159, as those allegations are not directed to Trinity, and on that basis denies them.

### COUNT XXIV (sic) – MEIJER'S ALLEGED INFRINGEMENT OF THE '645 PATENT

160.    *Gamon repeats and re-alleges the allegations in the preceding paragraphs as though fully set forth herein.*

**ANSWER:** Trinity incorporates by reference paragraphs 1-159 of this Amended Answer, Affirmative Defenses and Counterclaims of Defendant Trinity as if fully set forth herein.

161.    *Meijer has infringed and continues to infringe the ornamental design for a gravity feed dispenser display claimed in the '645 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, using the IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser in the United States.*

**ANSWER:** The allegations set forth in paragraph 161 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 161, as those allegations are not directed to Trinity, and on that basis denies them.

162.    *Meijer's infringement has injured Gamon and Gamon is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design Patent infringement permitted under 35 U.S.C. § 289.*

**ANSWER:** The allegations set forth in paragraph 162 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 162, as those allegations are not directed to Trinity, and on that basis denies them.

45

163.    *Gamon has complied with 35 U.S.C. § 287 to the extent required by law.*

**ANSWER:** Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 and therefore denies same.

164.    *Meijer's infringement and/or inducement to infringe the '645 Patent has been willful, deliberate and objectively reckless.*

**ANSWER:** The allegations set forth in paragraph 164 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 164, as those allegations are not directed to Trinity, and on that basis denies them.

165.    *Meijer's infringement of the '645 Patent has caused irreparable harm to Gamon, which has no adequate remedy at law, and will continue to injure Gamon unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '645 Patent, and enjoining Meijer from inducing infringement of the design claimed in the '645 Patent.*

**ANSWER:** The allegations set forth in paragraph 165 are conclusions of law that need not be admitted or denied, and that are accordingly deemed denied. By way of further response, Trinity is without sufficient information as to the allegations made against Meijer in paragraph 165, as those allegations are not directed to Trinity, and on that basis denies them.

## <u>PLAINTIFFS' PRAYER FOR RELIEF</u>

*WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Defendants, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with the Defendants, granting the following relief:*

A.      *The entry of judgment in favor of Gamon and against the Defendants;*

B.  An award of damages adequate to compensate Gamon for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest;

C.  Additional remedies for design Patent infringement as permitted under 35 U.S.C. § 289;

D.  Increased damages as permitted under 35 U.S.C. § 284;

E.  A finding that this case is exceptional and an award to Gamon of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

F.  A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the Patents-in-Suit; and,

G.  Such other relief that Gamon is entitled to under law, and any other further relief that this Court or a jury may deem just and proper.

**ANSWER:**    Trinity denies that Plaintiffs are entitled to any of the relief requested in Plaintiffs' prayer for relief.

<u>**TRINITY'S AFFIRMATIVE DEFENSES**</u>

Trinity pleads the following affirmative defenses to the allegations in Plaintiffs' Amended Complaint:

<u>**First Affirmative Defense – Failure to State a Claim**</u>

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

<u>**Second Affirmative Defense – Invalidity of the '111 Patent**</u>

One or more claims of the '111 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

<u>**Third Affirmative Defense –Non-Infringement of the '111 Patent**</u>

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser do not infringe any valid and enforceable claim of the '111 patent and, in any event, Trinity has not directly infringed any claim of the '111 patent, and Trinity has not induced or contributed to infringement of any claim

47

of the '111 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent or that any component offered for sale or sold was especially made or especially adapted for use in an infringement of said patent.

### Fourth Affirmative Defense – Invalidity of the '326 Patent

One or more claims of the '326 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Fifth Affirmative Defense –Non-Infringement of the '326 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, and the IQ Maximizer Group 4 Dispenser do not infringe any valid and enforceable claim of the '326 patent and, in any event, Trinity has not directly infringed any claim of the '326 patent, and Trinity has not induced or contributed to infringement of any claim of the '326 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent or that any component offered for sale or sold was especially made or especially adapted for use in an infringement of said patent.

### Sixth Affirmative Defense – Invalidity of the '646 Patent

The '646 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Seventh Affirmative Defense –Non-Infringement of the '646 Patent

The IQ Maximizer Group 1 Dispenser and the IQ Maximizer Group 3 Dispenser do not infringe any valid and enforceable claim of the '646 patent and, in any event, Trinity has not directly infringed any claim of the '646 patent, and Trinity has not induced infringement of any claim of the '646 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent.

## Eighth Affirmative Defense – Invalidity of the '645 Patent

The '645 patent claim is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

## Ninth Affirmative Defense –Non-Infringement of the '645 Patent

The IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 3 Dispenser do not infringe any valid and enforceable claim of the '645 patent and, in any event, Trinity has not directly infringed any claim of the '645 patent, and Trinity has not induced infringement of any claim of the '645 patent, at least because Trinity was without knowledge that the acts allegedly induced by Trinity constituted infringement of said patent.

## Tenth Affirmative Defense –Waiver, Implied License, Estoppel, and Acquiescence

Plaintiffs' claims are barred by the doctrines of waiver, acquiescence, implied license, and/or equitable estoppel.

## Eleventh Affirmative Defense – Limitation on Damages

Plaintiffs' claims for damages are limited and/or barred under 35 U.S.C. §§ 286, 287 and 289.

## Twelfth Affirmative Defense – No Right to Injunctive Relief

Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate remedy at law, have not been irreparably damaged, the balance of hardships is not in Plaintiffs' favor, and the public interest would not be served by granting injunctive relief.

## Thirteenth Affirmative Defense – Judicial Estoppel, Collateral Estoppel, and Law of the Case

Plaintiffs' claims are barred in whole or in part under the doctrines of judicial estoppel, collateral estoppel, and/or law of the case.

## Fourteenth Affirmative Defense –First Sale and Double Recovery

On information and belief, Plaintiffs' requested relief is barred or otherwise limited based on the "first sale" doctrine, and/or restrictions on double recovery for alleged infringement of the Patents-in-Suit.

### Fifteenth Affirmative Defense – Lack of Standing

Plaintiff Gamon International, Inc. lacks standing to enforce the '326 patent, '111 patent, '645 patent and '646 patent, as Gamon International, Inc. holds no ownership interest in or exclusive license to those patents.

### RESERVATION OF RIGHT TO AMEND

Defendants' investigation and discovery in this matter is ongoing[2] and Trinity therefore reserves the right to amend this Answer, Affirmative Defenses, and Counterclaims of Defendant Trinity as new information becomes available.

### TRINITY'S AMENDED COUNTERCLAIMS

For its Amended Counterclaims against Gamon Plus, Inc. and Gamon International, Inc. (collectively, "Gamon"), Counterclaim-Plaintiff Trinity Manufacturing, L.L.C. ("Trinity") alleges as follows:

---

[2] For example, Trinity reserves the right to assert a defense of inequitable conduct for the '111, '326, '646, and '645 patents, as well as a related counterclaim for declaratory judgment that the '111, '326 '646, and '645 patents are unenforceable. Discovery in this case recently re-opened and defendants will be pursuing discovery based on Gamon's and its counsel's failures during prosecution of the '111, '326, '646, and '645 patents before the USPTO. When discovery on these issues has been completed, Trinity may seek leave to amend its Answer and Counterclaims to plead additional grounds asserting that the '111, '326, '646, and '645 patents are unenforceable due to inequitable conduct.

## Allegations Pertaining To All Of Trinity's Counterclaims

1.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

2.      Subject matter jurisdiction of these counterclaims is proper under 28 U.S.C. §§ 1331 and 1338(a) and Fed. R. Civ. P. 13.

3.      Venue as to Trinity's counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b), and because Plaintiffs have commenced the underlying action in this District.

4.      Counterclaim plaintiff Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840.

5.      Upon information and belief, Counterclaim defendant Gamon Plus, Inc. ("Gamon Plus") is a corporation organized under the laws of the State of Illinois with a principal place of business at 2303 S Michigan Ave. Suite 203, Chicago IL 60616.  Personal jurisdiction over Gamon Plus is proper because Gamon Plus is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

6.      Upon information and belief Counterclaim defendant Gamon International, Inc. ("Gamon International") is a corporation organized under the laws of the State of Illinois with a principal place of business at 2303 S Michigan Ave. Suite 203, Chicago IL 60616.  Personal jurisdiction over Gamon International is proper because Gamon International is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief,

51

maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

7.      Counterclaim defendants Gamon Plus and Gamon International (together, "Gamon") allege that they are the owner and exclusive licensee, respectively, of the '111, '326, '646, and '645 patents.

8.      Gamon Plus and Gamon International have submitted themselves to this Court's jurisdiction by alleging, in the present lawsuit, that Campbell, Trinity, Kroger and Meijer infringe the '111, '326, '646, and '645 patents. Accordingly, an actual case or controversy exists between Counterclaim-Plaintiff Trinity and Gamon and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

### First Counterclaim – Declaratory Judgment That the '111 Patent is Invalid

9.      Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

10.     The '111 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

### Second Counterclaim – Declaratory Judgment That the '111 Patent is Not Infringed

11.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

12.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '111 patent.

### Third Counterclaim – Declaratory Judgment That the '326 Patent is Invalid

13.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

14. The '326 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Fourth Counterclaim – Declaratory Judgment That the '326 Patent is Not Infringed**

15. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

16. Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '326 patent.

**Fifth Counterclaim – Declaratory Judgment That the '646 Patent is Invalid**

17. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

18. The '646 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Sixth Counterclaim – Declaratory Judgment That the '646 Patent is Not Infringed**

19. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

20. Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '646 patent.

**Seventh Counterclaim – Declaratory Judgment That the '645 Patent is Invalid**

21. Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

22. The '645 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Eighth Counterclaim – Declaratory Judgment That the '645 Patent is Not Infringed**

23.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

24.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '645 patent.

## TRINITY'S PRAYER FOR RELIEF

WHEREFORE, Trinity requests the following relief:

A.     Dismissal of Gamon's claims in their entirety with prejudice;

B.     That Trinity be awarded their costs and disbursements in this action;

C.     That the Court issue an Order in favor of Trinity under Counts First through Eighth of Trinity's Amended Counterclaims that:

    1.     No valid and enforceable claim of the '111 patent, '326 patent, '646 patent and '645 patent is infringed by Trinity;

    2.     The asserted claims of the '111 patent, '326 patent, '646 patent and '645 patent are invalid;

D.     An award to Trinity of compensatory damages, attorneys' fees and costs, and interest on its Affirmative Defenses and Counterclaims;

E.     That the Court declare this case to be exceptional pursuant to 35 U.S.C. § 285, and award Trinity its attorneys' fees and costs; and

F.     That Trinity be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Trinity requests a trial by jury on all issues so triable.

Dated:  October 11, 2021

/s/     Martin B. Pavane
The Davis Firm P.C.
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
903-230-9090 (office)
mpavane@davisfirm.com

**_Attorneys for Defendant Trinity Manufacturing,_**
**_L.L.C._**

### CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2021, a copy of the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ Martin Pavane

Counsel for Defendant Trinity Manufacturing, L.L.C.