IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., AND TRINITY MANUFACTURING, L.L.C., <br><br> Defendants. | Civil Action No. 15-cv-8940-CRN-YBK <br><br> Judge Charles R. Norgle Magistrate Judge Young B. Kim |

## **GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC.'S ANSWERS TO TRINITY'S AMENDED COUNTERCLAIMS**

Gamon Plus, Inc. and Gamon International, Inc. (collectively, "Gamon"), responds to Counterclaim-Plaintiff Trinity Manufacturing, L.L.C. ("Trinity") allege as follows:

### **Allegations Pertaining To All Of Trinity's Counterclaims**

1.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

**Response:**  Admitted that Trinity has filed counterclaims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., but denied that Trinity is entitled to any such relief.

2.     Subject matter jurisdiction of these counterclaims is proper under 28 U.S.C. §§ 1331 and 1338(a) and Fed. R. Civ. P. 13.

**Response:**  Admitted.

1

3.     Venue as to Trinity's counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b), and because Plaintiffs have commenced the underlying action in this District.

**Response:** Admitted.

4.     Counterclaim plaintiff Trinity is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 60 Leonard Street, Metuchen, New Jersey 08840.

**Response:** Admitted.

5.     Counterclaim defendant Gamon Plus, Inc. ("Gamon Plus") is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Personal jurisdiction over Gamon Plus is proper because Gamon Plus is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

**Response:**  Admitted that Gamon Plus, Inc. ("Gamon Plus") is a corporation organized under the laws of the State of Illinois and has its address, 2303 S. Michigan Ave., Unit 2, Chicago, Illinois 60616, registered with the Illinois Secretary of State.  Further admitted that personal jurisdiction over Gamon Plus is proper because Gamon Plus is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it. Gamon denies all remaining allegations in this paragraph.

6.     Counterclaim defendant Gamon International, Inc. ("Gamon International") is a corporation organized under the laws of the State of Illinois with a principal place of business at 832 Foster Avenue, Bensenville, Illinois 60106. Personal jurisdiction over Gamon International is proper because Gamon International is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it.

**Response:**  Admitted that Gamon International, Inc. ("Gamon International") is a corporation organized under the laws of the State of Illinois and has its address, 2303 S. Michigan Ave., Unit

2, Chicago, Illinois 60616, registered with the Illinois Secretary of State. Further admitted that personal jurisdiction over Gamon International is proper because Gamon International is incorporated in Illinois, has purposely availed itself of the privilege of doing business in Illinois, has purposefully availed itself of this forum's benefits and privileges in this action, and, upon information and belief, maintains continuous and systematic contacts with Illinois so as to reasonably allow jurisdiction to be exercised over it. Gamon denies all remaining allegations in this paragraph.

7.    Counterclaim defendants Gamon International and Gamon Plus (together, "Gamon") allege that they are the owners of the '111, '326, '646, and '645 patents. (By motion filed contemporaneously herewith, Counterclaim Plaintiffs have asked this Court to dismiss Gamon International's claims against Defendants with prejudice for lack of standing.)

**Response:** Denied. Gamon Plus, Inc. alleges that it is the owner of the '111, '326, '646, and '645 patents in the First Amended Complaint (Dkt. 183, Ex. 1 at ¶¶ 8-11.) Further, Counterclaim Plaintiffs' motion to dismiss Gamon International's claims has been withdraws.8. Gamon International, Inc. and Gamon Plus Inc. have submitted themselves to this Court's jurisdiction by alleging, in the present lawsuit, that Campbell, Trinity, Kroger and Meijer infringe the '111, '326, '646, and '645 patents. Accordingly, an actual case or controversy exists between Counterclaim-Plaintiff Trinity and Gamon and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

**Response:** Admitted.

### First Counterclaim – Declaratory Judgment That the '111 Patent is Invalid

9.    Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response:** Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-8 of these Counterclaims above as though fully set forth herein.

10.    The '111 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Response:** Denied.

**Second Counterclaim – Declaratory Judgment That the '111 Patent is Not Infringed**

11.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response:**  Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-10 of these Counterclaims above as though fully set forth herein.

12.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '111 patent.

**Response:**  Denied.

**Third Counterclaim – Declaratory Judgment That the '326 Patent is Invalid**

13.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response:**  Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-12 of these Counterclaims above as though fully set forth herein.

14.     The '326 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Response:**  Denied.

**Fourth Counterclaim – Declaratory Judgment That the '326 Patent is Not Infringed**

15.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response:**  Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-14 of these Counterclaims above as though fully set forth herein.

16.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '326 patent.

**Response:**  Denied.

**Fifth Counterclaim – Declaratory Judgment That the '646 Patent is Invalid**

17.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response:**   Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-16 of these Counterclaims above as though fully set forth herein.

18.     The '646 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Response:**   No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.,* No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

**Sixth Counterclaim – Declaratory Judgment That the '646 Patent is Not Infringed**

19.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response:**   Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-18 of these Counterclaims above as though fully set forth herein.

20.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '646 patent.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit

concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is deemed necessary, Gamon denies the allegations in this paragraph.

### **Seventh Counterclaim – Declaratory Judgment That the '645 Patent is Invalid**

21.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response**:  Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-20 of these Counterclaims above as though fully set forth herein.

22.     The '645 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, et seq.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

### **Eighth Counterclaim – Declaratory Judgment That the '645 Patent is Not Infringed**

23.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**Response:**  Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-22 of these Counterclaims above as though fully set forth herein.

24.     Trinity does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '645 patent.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-

1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

**<u>Ninth Counterclaim – Declaratory Judgment of Unenforceability of the '646 Patent</u>**

25.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 as if fully set forth herein.

**<u>Response</u>**:  Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-24 of these Counterclaims above as though fully set forth herein.

26.     The '646 patent is unenforceable because Terry J. Johnson, Travis J. Johnson, and John Schoemer (the "Named Inventors"), Gamon, and/or the attorneys and agents who represented Gamon and/or the Named Inventors, deliberately withheld one or more known material prior art references from the USPTO during prosecution of the '646 patent.

**<u>Response</u>**:  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.,* No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

27.     The single most reasonable inference that a reasonable factfinder can draw from each of the acts discussed in this Counterclaim is that the deliberate withholding of these material references was done or made with the specific intent to deceive the USPTO.

**<u>Response</u>**:  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.,* No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit

concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

28. During prosecution of the '646 patent, the Named Inventors, Gamon, their attorneys and agents, and/or anyone else responsible for prosecuting the '646 patent, knew or should have known that all patent applicants and their counsel are under a duty to act with good faith and candor before the USPTO and are required by 37 C.F.R. § 1.56 to disclose material information to the USPTO.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc*., No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) Further, this paragraph constitutes a statement of purported law to which no response is required. To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

29. The attorneys and agents who prosecuted the '646 patent on behalf of the Named Inventors and/or Gamon, including but not limited to Perry J. Saidman, are registered patent attorneys who knew or should have known of their duty of good faith and candor before the USPTO and the requirement of 37 C.F.R. § 1.56 to disclose material information to the USPTO.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.,* No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) Further, this paragraph constitutes a statement of purported law to which no response is required. To the extent a response is nevertheless necessary, Gamon admits Perry J. Saidman at one time was a registered patent attorney. Gamon denies all remaining allegations in this paragraph.

30. On September 25, 2009, Perry J. Saidman filed the application for the '646 patent titled "Gravity Feed Dispenser Display."

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.,* No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

31. On December 24, 2009, Perry J. Saidman submitted an Information Disclosure Statement which identified U.S. Patent Nos. D405,622 and D417,975 ("Linz Patents").

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.,* No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

32. No further Information Disclosure Statements were filed by Perry J. Saidman, the Named Inventors, Gamon, or anyone else during prosecution of the '646 patent.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.,* No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

33.     The '646 patent was issued by the USPTO on March 30, 2010.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

34.     In 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon, among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co.*, Case No. 2:04-cv-785 (D.N.J.) (the "Linz Litigation").

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon admits that in 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon International, Inc., among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co.*, Case No. 2:04-cv-785 (D.N.J.) (the "Linz Litigation").  Gamon denies that Gamon Plus, Inc. was a party to the Linz Litigation.  Gamon denies all remaining allegations in this paragraph.

35.     In defense of the allegations of infringement of the Linz Patents, Gamon served an interrogatory response on July 13, 2004, alleging that the Linz Patents were invalid in view of U.S. Patent No. 5,462,198 ("the '198 patent").

**<u>Response:</u>**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon admits that during the Linz Litigation Gamon International, Inc. served interrogatory responses on July 13, 2004, stating that its "[i]vestigation continues" regarding the invalidity, non-infringement, or unenforceability of the Linz Patents, in which is proposed several alternative arguments.  Gamon denies all remaining allegations in this paragraph.

36.     The '198 patent, titled "Modular Bottle Dispenser," issued on October 31, 1995. Sheet 1 of the drawings of the '198 patent is reproduced below:



**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

37.     The '198 patent is prior art to the '646 patent under 35 U.S.C. 102(b).

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-

12

1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits the '198 patent issued prior to the '646 patent. Gamon is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph of Defendant's Counterclaims and therefore denies the same.

38. The '198 patent states the following at Col. 6, ln. 3-15:

A label also can be attached to the door 14. Door 14 includes a raised ridge 15 which creates a recess 13 into which a label can fit. A label discloses to a customer the product contained in a particular dispenser 10. A label can be attached to door 14 through the use of an adhesive or through other means. A customer can thus find the identity of the product in a dispenser from two sources: (1) the label on the door, and (2) the product itself displayed in the dispenser opening 48. When many dispensers are interlocked together to form a bank of dispensers, the labels on each door and the displayed products create a billboard effect that apprises the customer of all of the products from one manufacturer.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

39. The '198 patent further states the following at Col. 7, ln. 8-25:

The dispenser opening 48 allows bottles to be displayed and allows for easy retrieval by a customer. As shown in FIG. 3, the dispenser opening 48 is formed by an angled surface 44 of the V-shaped guide island 33 and the retaining lip 50. The bottles 70 rest against the retaining lip 50 and the angled surface 44 provides a large opening to allow easier grasping of the bottle 70. The ease of retrieving a bottle 70 is further enhanced by the notch 52 in the retaining lip 50. The notch 52 provides a space in which to insert a finger or a thumb to grasp a bottle 70.

> The bottle dispenser 10 of the present invention stores, displays and dispenses difficult to roll bottles in the space provided by a standard size retail shelf. Further, several bottle dispensers 10 can be interlocked with the use of interlocking members which create a visual billboard effect. In addition, a bottle dispenser 10 always appears full to a customer but can be checked by visual inspection to determine if the dispenser 10 requires restocking.

**Response**:  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

40.    The '198 patent was not disclosed to the USPTO during prosecution of the '646 patent.

**Response**:  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of Defendant's Counterclaims and therefore denies the same.

41.     Based on at least the comparison of the disclosure of the '198 patent relative to the claim of the '646 patent, the '198 patent was "but-for material" to the '646 patent.



Fig 1 of '198 patent                          Sole Fig. of '646 patent

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

42.     The Named Inventors, Gamon and/or other representatives of the Named Inventors and/or Gamon knew of the '198 patent at the time they prosecuted the application for the '646 patent, as evidenced by the fact that they cited the '198 patent in the Linz Litigation in 2004, several years before they filed the application for the '646 patent in 2009.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a

response is nevertheless necessary, Gamon admits that representatives of Gamon International, Inc. involved in the Linz Litigation knew of the '198 patent in 2004. Gamon denies all remaining allegations in this paragraph.

43. It is reasonable to infer that the Named Inventors, Gamon, and/or other representatives of the Named Inventors and/or Gamon withheld the '198 patent during prosecution of the application for the '646 patent with the specific intent to deceive the USPTO.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

44. Trinity seeks a declaratory judgment that the '646 patent is unenforceable.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits that Trinity seeks a declaratory judgment that the '646 patent is unenforceable but denies that Trinity is entitled to such relief.

**Tenth Counterclaim – Declaratory Judgment of Unenforceability of the '645 Patent**

45.     Trinity incorporates by reference Counterclaim Paragraphs 1-8 and 25-44 as if fully set forth herein.

**Response:**  Gamon hereby incorporates by reference paragraphs 1-165 of its First Amended Complaint (Dkt. 183, Ex. 1) and its responses to the averments in paragraphs 1-44 of these Counterclaims above as though fully set forth herein.

46.     The '645 patent is unenforceable because the Named Inventors, Gamon, and/or the attorneys and agents who represented Gamon and/or the Named Inventors, deliberately withheld one or more known material prior art references from the USPTO during prosecution of the '645 patent.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

47.     The single most reasonable inference that a reasonable factfinder can draw from each of the acts discussed in this Counterclaim is that the deliberate withholding of these material references was done or made with the specific intent to deceive the PTO.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

48.     During prosecution of the '645 patent, the Named Inventors, Gamon, their attorneys and agents, and/or anyone else responsible for prosecuting the '645 patent, knew or should have known that all patent applicants and their counsel are under a duty to act with good faith and candor

17

before the USPTO and are required by 37 C.F.R. § 1.56 to disclose material information to the USPTO.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) Further, this paragraph constitutes a statement of purported law to which no response is required. To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

49.     The attorneys and agents who prosecuted the '645 patent on behalf of the Named Inventors and/or Gamon, including but not limited to Perry J. Saidman, are registered patent attorneys who knew or should have known of their duty of good faith and candor before the USPTO and the requirement of 37 C.F.R. § 1.56 to disclose material information to the USPTO.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) Further, this paragraph constitutes a statement of purported law to which no response is required. To the extent a response is nevertheless necessary, Gamon admits Perry J. Saidman at one time was a registered patent attorney. Gamon denies all remaining allegations in this paragraph.

50.     On February 9, 2010, Perry J. Saidman filed the application for the '645 patent titled "Gravity Feed Dispenser Display."

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise

unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

51. On February 9, 2010, Perry J. Saidman submitted an Information Disclosure Statement which identified the Linz Patents.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

52. No further Information Disclosure Statements were filed by Perry J. Saidman, the Named Inventors, Gamon, and/or anyone else during prosecution of the '645 patent.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

53. The '645 patent was issued by the USPTO on August 17, 2010.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit

concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

54. In 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon, among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co.*, Case No. 2:04-cv-785 (D. of N.J.) ("Linz Litigation").

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits that in 2004, Arthur W. Linz and Merchandizing Display Corporation filed a lawsuit against Gamon International, Inc., among others, alleging that Gamon's gravity feed dispensers infringed the Linz Patents. *Linz, et al. v. The Great Atlantic & Pacific Tea Co.*, Case No. 2:04-cv-785 (D.N.J.) (the "Linz Litigation"). Gamon denies that Gamon Plus, Inc. was a party to the Linz Litigation. Gamon denies all remaining allegations in this paragraph.

55. In defense of the allegations of infringement of the Linz Patents, Gamon served an interrogatory response on July 13, 2004, alleging that the Linz Patents were invalid in view of the '198 patent.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits that during the Linz Litigation Gamon

International, Inc. served interrogatory responses on July 13, 2004, stating that its "[i]vestigation continues" regarding the invalidity, non-infringement, or unenforceability of the Linz Patents, in which is proposed several alternative arguments. Gamon denies all remaining allegations in this paragraph.

56. The '198 patent, titled "Modular Bottle Dispenser," issued on October 31, 1995. Sheet 1 of the drawings of the '198 patent is reproduced below:



**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

57.     The '198 patent is prior art to the '645 patent under 35 U.S.C. 102(b).

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon admits the '198 patent issued prior to the '645 patent. Gamon is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph of Defendant's Counterclaims and therefore denies the same.

58.     The '198 patent states the following at Col. 6, ln. 3-15:

A label also can be attached to the door 14. Door 14 includes a raised ridge 15 which creates a recess 13 into which a label can fit. A label discloses to a customer the product contained in a particular dispenser 10. A label can be attached to door 14 through the use of an adhesive or through other means. A customer can thus find the identity of the product in a dispenser from two sources: (1) the label on the door, and (2) the product itself displayed in the dispenser opening 48. When many dispensers are interlocked together to form a bank of dispensers, the labels on each door and the displayed products create a billboard effect that apprises the customer of all of the products from one manufacturer.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

59.     The '198 patent further states the following at Col. 7, ln. 8-25:

The dispenser opening 48 allows bottles to be displayed and allows for easy retrieval by a customer. As shown in FIG. 3, the dispenser opening 48 is formed by an angled surface 44 of the V-shaped guide island 33 and the retaining lip 50. The bottles 70 rest against the retaining lip 50 and the angled surface 44 provides a large opening to allow easier grasping of the bottle 70. The ease of retrieving a bottle 70 is further enhanced by the notch 52 in the retaining lip 50. The notch 52 provides a space in which to insert a finger or a thumb to grasp a bottle 70.

The bottle dispenser 10 of the present invention stores, displays and dispenses difficult to roll bottles in the space provided by a standard size retail shelf. Further, several bottle dispensers 10 can be interlocked with the use of interlocking members which create a visual billboard effect. In addition, a bottle dispenser 10 always appears full to a customer but can be checked by visual inspection to determine if the dispenser 10 requires restocking.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon admits to the statements in this paragraph.

60.     The '198 patent was never disclosed to the USPTO during prosecution of the '645 patent.

**Response:**  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of Defendant's Counterclaims and therefore denies the same.

61.     Based on at least the comparison of the disclosure of the '198 patent relative to the claim of the '645 patent, the '198 patent was "but-for material" to the '645 patent.



Fig 1 of '198 patent                    Sole Fig. of '645 patent

**Response**:  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims.  (Dkt. 191.)  To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

62.     The Named Inventors, Gamon and/or representatives of the Named Inventors and/or Gamon knew of the '198 patent at the time they prosecuted the application for the '645 patent, as evidenced by the fact that they cited the '198 patent in the Linz Litigation in 2004, several years before they filed the application for the '645 patent in 2010.

**Response**:  No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter.  Indeed, Plaintiffs have moved to withdraw these patents from the suit

concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits that representatives of Gamon International, Inc. involved in the Linz Litigation knew of the '198 patent in 2004. Gamon denies all remaining allegations in this paragraph.

63.     It is reasonable to infer that the Named Inventors, Gamon, and/or representatives of the Named Inventors and/or Gamon withheld the '198 patent during prosecution of the application for the '645 patent with the specific intent to deceive the USPTO.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon denies the allegations in this paragraph.

64.     Trinity seeks a declaratory judgment that the '645 patent is unenforceable.

**Response:** No response is required as there is no case or controversy related to this patent in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 and '646 patents comprise unpatentable subject matter. Indeed, Plaintiffs have moved to withdraw these patents from the suit concurrently with the filing of this answer to the counterclaims. (Dkt. 191.) To the extent a response is nevertheless necessary, Gamon admits that Trinity seeks a declaratory judgment that the '645 patent is unenforceable but denies that Trinity is entitled to such relief.

## RELIEF REQUESTED BY TRINITY

Gamon denies that Trinity is entitled to any of the relief requested in Trinity's prayer for relief.

## AFFIRMATIVE DEFENSES

Gamon asserts the following Affirmative Defenses against Trinity's Counterclaims and reserves the right to further amend its responses as additional information becomes available.

1.      U.S. Patent No. 8,827,111 ("the '111 Patent") is valid, enforceable and infringed by Trinity.

2.      U.S. Patent No. 9,144,326 ("the '326 Patent") is valid, enforceable and infringed by Trinity.

3.      There is no case or controversy related to U.S. Patent No. D621,645 ("the '645 Patent") in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '645 Patent comprises unpatentable subject matter.

4.      There is no case or controversy related to U.S. Patent No. D621,646 ("the '646 Patent") in view of the Federal Circuit's decision in *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2344, 2021-1019, 2021 WL 3671163 (Fed. Cir. Aug. 19, 2021) finding the '646 Patent comprises unpatentable subject matter.

5.      Trinity has directly infringed and is now directly infringing the '111 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing gravity feed dispensers, including but not limited to the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 2 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 4 Dispenser, and the IQ Maximizer Group 5 Dispenser identified in Exhibit H through Exhibit K of Gamon's First Amended Complaint (collectively, the "Trinity Accused Products") (*see* Dkt. 183, Ex. 1), respectively, and other gravity feed dispensers with substantially the same designs, features and functionalities as the Trinity Accused Products, throughout the United States, including within this judicial district. Trinity has indirectly infringed and continues to indirectly infringe the '111

and '326 Patents (collectively, the "Patents-in-Suit") by, among other things, instructing, aiding, assisting and encouraging the manufacture, use, sale, importation and/or offer for sale of infringing gravity feed dispensers, including but not limited to the Trinity Accused Products, and other gravity feed dispensers with substantially the same designs, features and functionalities as the Trinity Accused Products, in the United States, including within this judicial district.

8. Trinity's Counterclaims fail to state a claim upon which relief may be granted and/or are otherwise deficient under Rules 8, 9 and 12 of the Federal Rules of Civil Procedure.

9. Gamon adopts and incorporates herein all affirmative defenses available pursuant to Rule 8 of the Federal Rules of Civil Procedure (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.

WHEREFORE, Gamon requests that judgment be entered against Trinity and in Gamon's favor on the Counterclaims brought by Trinity, including an award to Gamon of attorney fees and costs in having to defend against the Counterclaims. Gamon further requests that it be granted all of the relief requested in its First Amended Complaint.

### <u>JURY DEMAND</u>

Gamon demands a trial by jury on all issues presented in its First Amended Complaint.

Respectfully submitted,

Dated: November 5, 2021

/s/ Cristina Q. Almendarez
Kal K. Shah
Mircea A. Tipescu
Cristina Q. Almendarez
Theresa L. Starck
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192
kshah@beneschlaw.com
mtipescu@beneschlaw.com
calmendarez@beneschlaw.com
tstarck@beneschlaw.com

*Attorneys for Gamon Plus, Inc. and Gamon International, Inc.*