IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., AND TRINITY MANUFACTURING, L.L.C.,<br><br>Defendants. | Civil Action No. 15-cv-8940-CRN-YBK<br><br>Judge Charles R. Norgle<br><br>Magistrate Judge Young B. Kim |

**GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXTEND THE CLOSE OF FACT
DISCOVERY BY NINETY (90) DAYS**

1

Plaintiffs Gamon Plus, Inc. and Gamon International, Inc. (collectively "Plaintiffs" or "Gamon") respectfully submit this Reply to Defendants' Opposition to Plaintiffs' Motion to Extend Close of Fact Discovery (Dkt. No. 232) (the "Opposition" or "Opp.") and in support of Plaintiffs' Motion to Extend Close of Fact Discovery (Dkt. No. 226) (the "Motion").

## I. INTRODUCTION

Defendants' feeble allegations that Gamon has not been diligent in seeking discovery ring hollow. The record clearly shows that none of the delays that Defendants attempt to blame on Gamon were in fact attributable to Gamon. Rather than a lack of diligence on the part of Gamon, Defendants' opposition only serves to underscore the prejudice of Defendants' gamesmanship in delaying relevant production.

Defendants do not and cannot legitimately address the fact that they have repeatedly stonewalled and only produced highly relevant documents (including infringement and damages related information) that were long overdue at the last minute. Indeed, it is telling that Defendants' only justification for their significant discovery delays is essentially that Gamon should have expected no less. Instead, Defendants devote a significant portion of their opposition to a circular discussion of their continued and improper resistance to damages-related discovery. But the simple truth remains that Defendants should not be allowed to use their self-serving and dilatory strategies as a bludgeon to deny Gamon relevant discovery.

## II. ARGUMENT

### A. Gamon Has Acted with All Reasonable Diligence Given Defendants' Stonewalling on Discovery.

Defendants try to reconstruct history in this case to suggest that Gamon "wasted nearly a month" of discovery. (Opp. at 3.) What Defendants conveniently fail to mention is that in the interim between when the stay was lifted and discovery requests were issued by Gamon, the parties

2

negotiated and moved to enter a joint proposed ESI order (Dkt. 163) and further negotiated that, per Defendants' request, the parties should start discovery anew (i.e., withdrawing the previous discovery requests that had been issued before the stay). It can hardly be said that such endeavors and that such time was therefore "wasted." Rather, such time was spent laying the initial guidelines for how discovery would proceed in the case.[1]

With respect to Defendants' fault-taking on the timing of the issuance of email discovery, Defendants' argument is puzzling. Gamon issued email requests on Trinity and Campbell before Defendants issued their own. Defendants' complaint that Gamon has been less than diligent in serving their email requests is therefore undermined by the timing of Defendants' own efforts in this regard. In any case, Gamon has not delayed with respect to the emails as detailed below.

Gamon issued its email requests on Campbell on February 4, 2022[2], immediately after Gamon was reasonably able to confirm certain information (namely, relevant timeframes and the names of third-party research companies Campbell employed in studying the racks at issue) at the corporate deposition of Campbell on February 3, 2022, in light of a significant document production made by Campbell only the day before. Indeed, one of the deposition topics for Campbell's corporate witness was "Your systems for storing document, data and *email*." (*See* Dkts. 228-4 and 228-6.) The date of the deposition, however, was not of Gamon's choosing—it originally noticed a 30(b)(6) deposition of Campbell to take place last December. (Dkt. 228-4 at 1.) Defendants, however, did not make their corporate witness available, even on a limited number of topics, until February 3, 2022. (Dkt. 228-8.) Had Campbell made its witness available earlier

---

[1] Gamon will not rehash all of its original arguments in its opening brief, but notes that Defendants do not address the pending motions to compel on each side and how those might impact the need for a fact discovery extension in the case other than to say that discovery may be reopened after claim construction. (*Compare* Motion at 11-12 *with* Opp. at 7.)

[2] Defendants reference the issuance of email requests on Trinity in passing. Counsel for Trinity has requested multiple extensions of time to respond to the email discovery requests.

and for the full scope of topics Gamon originally noticed, Gamon may have been able to issue email requests sooner. In other words, the delay was entirely of Defendants' own making.

Similarly, Defendants fail to address that Meijer and Kroger's severely delayed document productions impacted Gamon's ability to issue email requests earlier. It should come as no surprise that Gamon timed issuing its email requests until after it was provided Meijer and Kroger's documents to review,[3] both so that it could identify email custodians and also determine relevant search terms. In fact, the local patent rules contemplate that email production is "phased to occur *after* the parties have exchanged" basic discovery regarding the patents, prior art, accused instrumentalities, and relevant finances. LPR ESI 2.6. Again, Kroger and Meijer did not issue *any* document productions, let alone any related to financial information, until December and February respectively.

### B. Defendants' Refusal to Make Meaningful Productions in a Timely Manner Are the Root Cause of the Posture of Discovery.

Defendants try to defend their dilatory tactics in broad strokes as a reaction to "intrusive and unnecessary discovery." But this argument willfully ignores or at best, completely misunderstands that Defendants' repeated delays in producing indisputably "relevant" documents has forced Gamon to seek this extension. Tellingly, Defendants offer no explanation for why their productions have been delayed, particularly when Gamon issued its first sets of document requests in early August.

Up first is Trinity. Defendants offer no explanation for and do not address the full extent of the potential prejudice to Gamon from the eleventh hour production of Trinity's shipping report for Campbell identifying over one hundred additional models of the IQ Maximizer, which is

---

[33] Defendants claim that they are on track to complete substantial document production by the end of February, but thus far Meijer and Kroger have only produced 44 documents and 24 documents, respectively.

4

indisputably central to the issues in this case. (*See* Dkt. 215 at 4-6.) Instead, Defendants' blasé response is that the document "was made well within time for Gamon to inquire about its contents at a deposition of a Trinity witness." (Opp. at 4.) But, a deposition late in discovery is no substitute for the ability to conduct full discovery based on that critical document. Gamon has since issued follow-on discovery requests based on the identification of new models in that document, albeit much later in the discovery process than it would have but-for Trinity's late production. Indeed, as a result of Trinity's conduct, Gamon is in the unenviable position of having to rush addressing Trinity's responses and productions to these follow-on discovery requests along with other remaining discovery under the current schedule, which now is set to close in less than a month. Defendants' brief is completely silent as to any reason for why this critical document, which Defendants do not dispute is relevant, was not produced earlier.

Second, Defendants seek to simply gloss over their late production of highly relevant documents regarding impact studies for the IQ Maximizer products. The assertion that Campbell "ensured that it produced documents showing the types of studies it had commissioned *in advance* of the deposition so that Gamon could ask Campbell's representative about that process" hardly tells the whole story. (Opp. at 5)(emphasis added). Defendants fail to mention that the "advance" production was made only the day before the deposition of Campbell's representatives, and more than six months after Gamon first issued its requests for such documents. (*See* Motion at 5, discussing Campbell's production, in part, of 500 pages of PowerPoint slides the afternoon before the scheduled 30(b)(6) deposition.) And Defendants altogether avoid offering any explanation for not producing these studies earlier. Moreover, the production of the impact studies only belies Defendants' claims of "intrusive and unnecessary discovery." But Like the Trinity spreadsheet,

those studies are now the basis of additional discovery requests to Defendants and subpoenas to third parties that Gamon will have to race to pursue and review before the close of discovery.

Finally, with respect to Meijer and Kroger, Defendants claim that "document productions have been relatively small … because they have few documents to produce." (Opp. at 4.) Even if that is indeed true, Defendants have proffered no excuse for why those productions could not be made earlier than December and February respectively. Moreover, Defendants fail to address why they never clarified months ago that the productions of 44 and 24 documents respectively were all the documents that would be forthcoming, rather than telling Gamon for months that it would make rolling productions.

### C. Defendants Have Not Articulated Any Reason Why They Would Be Unduly Prejudiced By An Extension Of Fact Discovery.

Defendants' opposition brief has a section under the heading related to undue prejudice. That section, however, never actually identifies any prejudice Defendants will suffer from an extension of fact discovery. Opp. at 6-7. At best, Defendants complain of having to engage in what it perceives as "irrelevant discovery" but that is hardly "undue prejudice," which is underscored by the factual dissimilarities of the cases it relies on. Indeed, the cases Defendants cite with respect to prejudice are inapposite to the issue at hand, a request for extension of fact discovery. *Motorola Sols., Inc. v. Hyter Comm'ns Corp.*, 365 F. Supp. 3d 916, 925 (N.D. Ill. 2019) (dispute over the proportionality of discovery requests seeking to conduct a forensic inspection of several computers in China); *LKQ Corp. v. Gen. Motors Co.*, No. 20 C 2753, 2021 WL 4127326, at *3 (N.D. Ill. Sept. 9, 2021) (dispute over discovery requests, one of which the Court characterized "could not have been more overbroad"). Likewise, the cases Defendants cite regarding denied extensions for fact discovery are strikingly different from the facts of this case, particularly given that this is the first extension of fact discovery that has been sought in the case. *Cf. Fox v. Riverview Realty*

*Partners*, No. 12 C 9350, 2014 WL 12772267, at *4 (N.D. Ill. June 27, 2014) (denying motion to extend discovery sought the week discovery closed where Court had previously extended discovery and declined to extend discovery by a longer period that the movant had previously sought); *Summers v. Electro-Motive Diesel, Inc.*, No. 13 C 1312, 2014 WL 5100606, at *3 (N.D. Ill. Oct. 10, 2014) (denying motion to extend discovery sought after movant had previously been granted an extension of fact discovery to conduct depositions and conduct additional document discovery "that became apparent during the depositions"). And because Gamon's motion to compel is still pending before the Court, Defendants' assertions that the discovery Gamon seeks is irrelevant, inappropriate, etc. is wholly conclusory.

Far from the case where discovery has become a "runaway train," this is a case with an unusual standing in that, despite being filed in 2015, it was put on pause for more than five years and then re-started with the parties agreeing to start discovery from scratch. An 11-month period of discovery for a patent case, and particularly one where a long stay has resulted in turnover and witness deaths, is neither unreasonable nor unwarranted.

Defendants' offer to allow for the scheduling of some depositions after email discovery has been produced merely highlights that they understand that completion of fact discovery under the current schedule is not feasible. Indeed, to date, the parties are still negotiating email search terms for Campbell and Gamon. Although served on February 15, 2022[4], Defendants have yet to provide their responses and objections, let alone preliminary search term hit results for Kroger and Meijer in order for the parties to negotiate and finalize terms if necessary.

---

[4] Defendants make much of the fact that Gamon issued its email discovery requests against Kroger and Meijer in mid-February but neglect to address Gamon's point that it was essentially blocked from issuing such requests earlier as Meijer and Kroger did not make *initial* document productions from which the email custodians were identified until mid-December and January respectively.

7

### III. <u>CONCLUSION</u>

Gamon should not be forced to pursue discovery to which it is entitled after the close of fact discovery on an ad hoc basis because Defendants have attempted to use the schedule as a sword and shield to prejudice Gamon's ability to obtain evidence. The only "breathing room" that Gamon is seeking from Defendants' obstructionist strategy in this case.

Because Defendants have not articulated any reason why they would be prejudiced and indeed seem to concede that discovery may be need to be scheduled outside of the current deadline or conducted after claim construction, Plaintiffs respectfully request this Court enter an Order extending fact discovery for ninety (90) days until June 15, 2022; and for any and all other relief this Court deems just and proper.

Dated: February 25, 2022

Respectfully submitted,

By: <u>/s/ Cristina Q. Almendarez</u>
Kal K. Shah
Mircea A. Tipescu
Cristina Q. Almendarez
Theresa L. Starck
**BENESCH, FRIEDLANDER,**
 **COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
kshah@beneschlaw.com
mtipescu@beneschlaw.com
calmendarez@beneschlaw.com
tstarck@beneschlaw.com

*Attorneys for Gamon Plus, Inc. and Gamon International, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022 the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

        */s/ Cristina Q. Almendarez*
*One of the attorneys for Gamon Plus, Inc. and Gamon International, Inc.*