IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. AND GAMON INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., AND TRINITY MANUFACTURING, L.L.C. <br><br> Defendants. | **Civil Action No. 15-cv-8940-CRN-YBK** <br><br><br> Judge Charles R. Norgle <br> Magistrate Judge Young B. Kim |

## JOINT CLAIM CONSTRUCTION CHART AND STATUS REPORT

Pursuant to the Scheduling Order (Dkt. 159) and LPR 4.2(f), Plaintiffs Gamon Plus, Inc. and Gamon International, Inc. (collectively "Plaintiffs") and Defendants Campbell Soup Company, Meijer, Inc., The Kroger Co., and Trinity Manufacturing, LLC (collectively "Defendants") submit this Joint Claim Construction Chart and Status Report.

As required by LPR 4.2(f)(1), a joint claim construction chart that sets forth the eight claim terms/phrases addressed in the claim construction briefs, and both sides' proposed constructions, is attached as Exhibit A.

LPR 4.2(f)(2) requires a joint status report containing the parties' proposals for the nature and form of the claim construction hearing. The Court has not yet set a claim construction hearing. *See* Dkt. No. 159.

There are eight claim terms at issue. While the parties will present their arguments according to the Court's preference, the parties propose to conduct the argument one term at a

time in order of Terms 1-8. The parties currently expect that the hearing will take approximately two hours, beginning with (i) each side (Plaintiffs first, then Defendants) having a total of no more than 15 minutes to present an introduction and tutorial regarding U.S. Patent Nos. 8,827,111 ("the '111 Patent") and 9,144,326 ("the '326 Patent"); and followed by (ii) each side taking turns, with Plaintiffs arguing first and Defendants arguing second for each of Terms 1 and 2 and with Defendants arguing first and Plaintiffs arguing second for each of Terms 3-8 alleged by Defendants to be indefinite, for a total of about 50 minutes for each side.

The parties agree that the claim construction hearing should be limited to attorney argument and do not intend to present live witnesses at the hearing.

Dated: May 12, 2022                                  Respectfully submitted,

/s/ Cristina Q. Almendarez
Kal K. Shah
Mircea A. Tipescu
Cristina Q. Almendarez
Theresa L. Stark
Louis Constantinou
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: (312) 212-4949
Fax: (312) 767-9192
kshah@beneschlaw.com
mtipescu@beneschlaw.com
calmendarez@beneschlaw.com
tstarck@beneschlaw.com
lconstantinou@beneschlaw.com

***Attorneys for Gamon Plus, Inc. and
Gamon International, Inc.***

/s/ Steven E. Jedlinski (with permission)

Tracy Zurzolo Quinn (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Tel: (215) 252-9522
Fax: (215) 867-6070
tracy.quinn@hklaw.com

Steven E. Jedlinski
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, 27th floor
Chicago, IL 60606
Tel: (312) 263-3600
Fax: (312)578-6666
steven.jedlinski@hklaw.com

Mark T. Goracke (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, MA 02116
Tel: (617) 523-2700

Fax: (617) 523-6850
mark.goracke@hklaw.com

***Attorneys for Defendants Campbell Soup Company, the Kroger Co. and Meijer Inc.***

<u>/s/ Martin B. Pavane (with permission)</u>

Martin B. Pavane (admitted *pro hac vice*)
DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
903-230-9090
mpavane@davisfirm.com

***Attorney for Defendant Trinity Manufacturing, LLC***

**Exhibit A**

| NO. | CLAIM TERM/LIMITATION | '111 PATENT CLAIMS | '326 PATENT CLAIMS | PLAINTIFFS' PROPOSED CONSTRUCTION | DEFENDANTS' PROPOSED CONSTRUCTION |
|---|---|---|---|---|---|
| 1 | "a plurality of generally cylindrical products all having substantially equal diameters" | 17, 27 | 1 | Plain and ordinary meaning, no further construction necessary. | "a plurality of products having a shape of or relating to a cylinder where each of the products has approximately the same outer diameter" |
| 2 | "adjacent" | 17, 27 | 1, 3, 12, 17 | Plain and ordinary meaning, no further construction necessary. | "next to or near" |
| 3 | "the stop structure of said second chute being disposed above the dispensing opening of said first chute a vertical distance and offset rearwardly from the stop structure of said first chute a horizontal distance greater than the diameter of the products such that a forwardmost product of the products in the first chute can only be **properly removed** from the first chute, by lifting said forwardmost product up to a level wherein the forwardmost product is at least in part horizontally forward of the dispensing opening of the second chute" | 17 | | Plain and ordinary meaning, not indefinite.<br><br>Plaintiffs submit that the clause recites functional language indicating a capability of the claimed structure rather than actual use, and thus is not indefinite under *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1313 (Fed. Cir. 2017). | Indefinite.[1]<br><br>Defendants submit that the entire clause is indefinite as an improper mixed apparatus-use claim under *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005).<br><br>Defendants also submit that the phrase "properly removed" is indefinite as impermissibly subjective. |

---

[1] A finding of indefiniteness would result in dependent claims 18, 19, 24, 25 being indefinite as well. *Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1378 (Fed. Cir. 2013).

| NO. | CLAIM TERM/LIMITATION | '111 PATENT CLAIMS | '326 PATENT CLAIMS | PLAINTIFFS' PROPOSED CONSTRUCTION | DEFENDANTS' PROPOSED CONSTRUCTION |
|---|---|---|---|---|---|
| | | | | Plaintiffs also submit that the phrase "properly removed" should be construed according to its plain and ordinary meaning (*i.e.*, by lifting said forwardmost product up to a level wherein the forwardmost product is at least in part horizontally forward of the dispensing opening of the second chute), and is not indefinite. | |
| 4 | "wherein the horizontal distance that the stop structure of the second chute is offset rearwardly from the stop structure of the first chute is sufficient that one of the products removed by a user from the rack can be replaced on the rack [and][2] supported [with the replaced product][3] [by][4] resting directly on a | 18, 27 | | Plain and ordinary meaning, not indefinite.<br><br>Plaintiffs submit that the clause recites functional language indicating a capability of the claimed structure rather than actual use, and thus is not | Indefinite.[5]<br><br>Defendants submit that the clause is indefinite as an improper mixed apparatus-use claim under *IPXL*. |

---

[2] "and" is found only in claim 27 (and its dependents) of the '111 Patent.
[3] "with the replaced product" is found only in claim 18 (and its dependents) of the '111 Patent.
[4] "by" is found only in claim 27 (and its dependents) of the '111 Patent.
[5] A finding of indefiniteness would result in dependent claims 18, 19, 24, 28, 33 and 35 being indefinite as well. *Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1378 (Fed. Cir. 2013).

| NO. | CLAIM TERM/LIMITATION | '111 PATENT CLAIMS | '326 PATENT CLAIMS | PLAINTIFFS' PROPOSED CONSTRUCTION | DEFENDANTS' PROPOSED CONSTRUCTION |
|---|---|---|---|---|---|
| | rearward portion of said forwardmost product in the first chute" | | | indefinite under *MasterMine Software*. | |
| 5 | "wherein the stop structure of the first chute is located at a horizontal distance forward of, and at a vertical distance lower than, the stop structure of the second chute such that when a user removes one of the products against said stop structure of the first chute, the product must be lifted vertically out of the first chute to a withdrawal height wherein the product is at least partly horizontally in front of the stop structure of the second chute" | 27 | | Plain and ordinary meaning, not indefinite.<br><br>Plaintiffs submit that the clause recites functional language indicating a capability of the claimed structure rather than actual use, and thus is not indefinite under *MasterMine Software*. | Indefinite.[6]<br><br>Defendants submit that the entire clause is indefinite as an improper mixed apparatus-use claim under *IPXL*. |
| 6 | "wherein the distance forward of the stop structure of the second chute at which the stop structure of the first chute is located is sufficient that, when the product is replaced on the rack, said replaced product rests on the forwardmost product and a second product of the pair resting against the forwardmost product or on the stop structure of the second chute" | 28 | | Plain and ordinary meaning, not indefinite.<br><br>Plaintiffs submit that the clause recites functional language indicating a capability of the claimed structure rather than actual use, and thus is not indefinite under *MasterMine Software*. | Indefinite.<br><br>Defendants submit that the entire clause is indefinite as an improper mixed apparatus-use claim under *IPXL*. |

---

[6] A finding of indefiniteness would result in dependent claims 28, 33 and 35 being indefinite as well. *Id.*

| NO. | CLAIM TERM/LIMITATION | '111 PATENT CLAIMS | '326 PATENT CLAIMS | PLAINTIFFS' PROPOSED CONSTRUCTION | DEFENDANTS' PROPOSED CONSTRUCTION |
|---|---|---|---|---|---|
| 7 | "the stop structure of said second chute being disposed above the dispensing end of said first chute a vertical distance and offset rearwardly from the stop structure of said first chute a horizontal distance greater than the diameter of the products such that, when a forwardmost product of the products in the first chute is removed from the first chute by lifting said forwardmost product up to a level above the stop structure of the first chute, the forwardmost product is at least in part horizontally forward of the dispensing end of the second chute" | | 1 | Plain and ordinary meaning, not indefinite.<br><br>Plaintiffs submit that the clause recites functional language indicating a capability of the claimed structure rather than actual use, and thus is not indefinite under *MasterMine Software*. | Indefinite.[7]<br><br>Defendants submit that the entire clause is indefinite as an improper mixed apparatus-use claim under *IPXL*. |
| 8 | "wherein the horizontal distance that the stop structure of the second chute is offset rearwardly from the stop structure of the first chute is sufficient that one of the products can | | 9 | Plain and ordinary meaning, not indefinite.<br><br>Plaintiffs submit that the clause recites functional | Indefinite.[8]<br><br>Defendants submit that the entire clause is indefinite as an improper mixed |

---

[7] A finding of indefiniteness would result in dependent claims 2, 3, 9, 10, 12, 15-17 being indefinite as well. *Id.*
[8] A finding of indefiniteness would result in dependent claim 17 being indefinite as well. *Id.*

| NO. | CLAIM TERM/LIMITATION | '111 PATENT CLAIMS | '326 PATENT CLAIMS | PLAINTIFFS' PROPOSED CONSTRUCTION | DEFENDANTS' PROPOSED CONSTRUCTION |
|---|---|---|---|---|---|
| | be placed on the rack supported with said product resting directly on a rearward portion of said forwardmost product in the first chute and in a position forward of the stop structure of the dispensing end of the second chute" | | | language indicating a capability of the claimed structure rather than actual use, and thus is not indefinite under *MasterMine Software*. | apparatus-use claim under *IPXL*. |

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022 the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

                                               /s/ Cristina Q. Almendarez
                                               *One of the attorneys for Gamon Plus, Inc. and Gamon International, Inc.*