**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GAMON PLUS, INC. and GAMON INTERNATIONAL, INC., | CASE NO. 1:15-CV-08940 |
| Plaintiffs, | JUDGE JOHN ROBERT BLAKEY |
| | MAGISTRATE JUDGE YOUNG B. KIM |
| v. | JURY TRIAL DEMANDED |
| CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., and TRINITY MANUFACTURING, L.LC., | **REDACTED** |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

**FACTUAL BACKGROUND** ........................................................................................... **2**

   A.  Gamon's Initial Allegations Related to Defendants' Willful Conduct............................2

   B.  Plaintiffs Place Defendants On Notice And The Parties Engage In Discovery On Willfulness Culminating In LPR 3.6 Disclosures ................................................3

   C.  Defendants' February 2024 Disclosures Regarding The Asserted Patents .........................5

   D.  Gamon Seeks To Amend Their Complaint ........................................................7

**LEGAL STANDARDS** ................................................................................................ **7**

**ARGUMENT** ............................................................................................................ **8**

**I.**   **PLAINTIFFS HAVE GOOD CAUSE TO AMEND BECAUSE LPR 3.6 DISCOVERY CLOSED JUST THIS WEEK.** .......................................................................... **8**

**II.**  **PLAINTIFFS' SOUGHT AMENDMENT WILL NOT CAUSE DELAY OR UNDUE PREJUDICE, NOR IS IT BROUGHT IN BAD FAITH.** ............................................... **10**

   A.  Amendment Was Not The Result Of Nor Will It Cause Delay Let Alone Undue Delay............................................................................................10

   B.  Plaintiffs' Amendment Similarly Does Not Prejudice Defendants .................................11

   C.  The Proposed Amendment Is Not Futile ...........................................................14

   D.  Plaintiffs Have Not Acted In Bad Faith............................................................15

**CONCLUSION** ......................................................................................................... **15**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alioto v. Town of Lisbon*,
    651 F.3d 715 (7th Cir. 2011) ...............................................................................7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................14

*Babych v. Psychiatric Sols., Inc.*,
    No. 09 C 8000, 2011 WL 5507374 (N.D. Ill. Nov. 9, 2011).....................................8

*Bausch v. Stryker Corp.*,
    630 F.3d 546 (7th Cir. 2010) ...................................................................................8

*Chemonics Int'l, Inc. Emp. Stock Ownership Plan v. GreatBanc Tr. Co.*,
    No. 17-CV-04983, 2019 WL 10891860 (N.D. Ill. Dec. 27, 2019)...........................9

*Cutler v. Quality Terminal Servs.*,
    LLC, No. 08-CV-6630, 2011 WL 98927 (N.D. Ill. Jan. 12, 2011) ..........................8

*Dresser, LLC v. VRG Controls, LLC*,
    No. 18 C 1957, 2018 WL 10426611 (N.D. Ill. Nov. 28, 2018).............................14

*Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*,
    831 F.3d 815 (7th Cir. 2016) ...................................................................................7

*Grant-Overton v. Fort Wayne Urb. League, Inc.*,
    No. 120CV00128HABSLC, 2020 WL 6689748 (N.D. Ind. Nov. 13, 2020) .........10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)...........................................................................................12

*Lanigan v. LaSalle Nat'l Bank*,
    108 F.R.D. 660 (N.D. Ill. 1985).............................................................................13

*Murphy v. LTI Trucking Servs., Inc.*,
    No. 18-2261, 2019 WL 13212728 (C.D. Ill. Sept. 30, 2019) .................9, 10, 11, 13

*Price v. Carri Scharf Trucking, Inc.*,
    No. 119CV01162MMMJEH, 2022 WL 1050506 (C.D. Ill. Apr. 7, 2022) ..............9

*SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*,
    396 F. Supp. 3d 323 (S.D.N.Y. 2019)....................................................................14

*SmithKline Beecham Corp. v. Apotex Corp.*,
No. 98 C 3952, 2000 WL 116082 (N.D. Ill. Jan. 24, 2000) ...........................................11, 12

*Stern v. U.S. Gypsum, Inc.*,
547 F.2d 1329 (7th Cir. 1977) ................................................................................................7

*Tragarz v. Keene Corp.*,
980 F.2d 411 (7th Cir.1992) ..................................................................................................11

*Trove Brands, LLC v. California Innovations Inc.*,
No. 21 C 1132, 2021 WL 5320408 (N.D. Ill. Nov. 16, 2021) ..............................................14

*Video Views, Inc. v. Studio 21, Ltd.*,
No. 84 C 430, 1987 WL 13971 (N.D. Ill. July 16, 1987) .....................................................13

*Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*,
No. 91 C 6284, 1996 WL 543312 (N.D. Ill. Sept. 23, 1996)................................................12

*Villars v. Kubiatowski*,
128 F. Supp. 3d 1039 (N.D. Ill. 2015) ..................................................................................14

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016)..............................................................................................14

*Wilson v. Grundfos*,
No. 16-CV-349, 2017 WL 5001472 (N.D. Ill. Nov. 2, 2017) ..............................................11

**Statutes**

35 U.S.C. § 284.............................................................................................................................3, 12

**Other Authorities**

Fed. R. Civ. Proc. 15......................................................................................................................2

Fed. R. Civ. Proc. 15(a) ................................................................................................................8

Fed. R. Civ. Proc. 16...................................................................................................................1, 8

Fed. R. Civ. Proc. 16(b) .........................................................................................................7, 8, 10

LPR 2.2(g)......................................................................................................................................3

LPR 3.6 .................................................................................................................................. *passim*

LPR 3.6(a) ......................................................................................................................................1

LPR 3.6(b)(4).............................................................................................................................5, 6

LPR 3.6(c) .................................................................................................................................6

U.S. Patent No. 6,991,116 ..........................................................................................................4

U.S. Patent Nos. 8,827,111 ................................................................................. *passim*

Plaintiffs Gamon Plus Inc. and Gamon International, Inc. (collectively, "Plaintiffs" or "Gamon"), at all times suspected Defendants Campbell Soup Company ("Campbell"), and Trinity Manufacturing, LLC ("Trinity"), conspired to knowingly and willfully infringe U.S. Patent Nos. 8,827,111 ("the '111 patent") and 9,144,326 ("the '326 patent") (collectively, the "Asserted Patents"). Defendants steadfastly denied any such conduct, boldly and unequivocally responding in discovery that they had, "no evidence that [they were] aware of the issuance of either the '111 patent or the '326 patent…until Gamon filed its Complaint." Defendants further held back critical discovery purportedly under Local Patent Rule ("LPR") 3.6.[1] That discovery, which concluded just this week, revealed that Defendants' averments are demonstrably false. Plaintiffs therefore respectfully move the Court for leave to file their Third Amended Complaint ("Amended Complaint"), a redline copy of which is attached hereto as Exhibit 1.[2] The Amended Complaint seeks to conform to new evidence relevant to Defendants' willful infringement.

Good cause exists for Gamon's amendment under Federal Rule of Civil Procedure 16. Facts only recently uncovered during LPR 3.6 advice of counsel discovery, which concluded this past Monday, March 25, 2024, corroborate that Trinity and Campbell actively monitored the patent applications for the Asserted Patents, and knew or should have known of the issuance of the Asserted Patents and their infringement before this suit. Plaintiffs have been diligently pursuing discovery regarding their willfulness claim—discovery that concluded this week based on this Court's schedule—and this amendment is the culmination of that effort.

---

[1] LPR 3.6(a) provides: "The substance of a claim of reliance on advice of counsel offered in defense to a charge of willful infringement, and other information within the scope of a waiver of the attorney client privilege based upon disclosure of such advice, is not subject to discovery until seven (7) days after the court's claim construction ruling."

[2] A clean copy of the proposed Amended Complaint and Exhibits will be sent with the proposed Order to the Court and opposing counsel.

Similarly, this Court should grant leave to amend under Federal Rule of Civil Procedure 15. Significantly, the proposed amendments are based on Defendants' own actions and facts known to them since long before the opinions of counsel discovery. The amendments will clarify Plaintiffs' willful infringement bases and conform to the new evidence obtained under LPR 3.6. Defendants will not be prejudiced as they have been on notice, were uniquely in possession of this information, and engaged in discovery on willfulness during fact discovery. Nor are the proposed amendments futile, as they allege facts plausibly suggesting that Trinity and Campbell knew that the Asserted Patents issued and were infringed prior to the filing of this action. Nor is there any undue delay or bad faith on the part of Plaintiffs in seeking to amend, as Defendants recently completed their opinion of counsel discovery. Therefore, Plaintiffs respectfully request that this Court permit amendment of the Complaint.

## FACTUAL BACKGROUND

### A.    Gamon's Initial Allegations Related to Defendants' Willful Conduct

Plaintiffs filed their original Complaint against Defendants for infringement of the Asserted Patents and four other design patents on October 8, 2015. (Dkt. 1.) In October 2016, Campbell and Trinity filed petitions for *inter partes* review ("IPR"), before the Patent Trial and Appeal Board ("PTAB"), as to each of the asserted patents. The case consequently was stayed during the IPR proceedings and for the duration of the subsequent appeals. (*See* Dkt. 273 at 1.) Once the IPRs had concluded, Plaintiffs sought, and were granted, leave to amend their complaint to remove allegations of the asserted design patents invalidated through the IPR proceedings and also to address standing concerns raised by Defendants. Plaintiffs also amended to update the scope of Accused Products based on information received in discovery. (Dkt. 190; Dkt. 273.) The operative complaint therefore alleges infringement of U.S. Utility Patent No. 8,827,111 (the '111 Patent) and U.S. Utility Patent No. 9,144,326 (the '326 Patent), both titled "Multi-chute Gravity Feed

Dispenser Display." (Dkt. 275, the Second Amended Complaint, hereinafter, "SAC".)

The SAC also comprises several allegations directed towards Defendants Campbell and Trinity's willful conduct based on Campbell knowingly and actively inducing infringement of the '111 Patent, (*id.* at ¶¶ 27–33), and contributorily infringing the '111 Patent, (*id.* at ¶¶ 34–39). For instance, in accusing Campbell of, "importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser," Gamon pointed out that, "Campbell's ***knew [those products] are especially made or adapted for use in an infringement of the '111 Patent***." (*Id.* at ¶ 34 (emphasis added).) Gamon made similar assertions relating to the '326 Patent. (*Id.* at ¶¶ 70–81.) Gamon also accused Trinity of knowingly and actively inducing infringement of the '111 Patent, (*id.* at ¶¶ 43–48), and of contributorily infringing the '111 Patent, (*id.* at ¶¶ 49–54). Specifically, Gamon accused Trinity of, "importing, offering for sale and selling the IQ Maximizer Group 1 Dispenser, the IQ Maximizer Group 3 Dispenser, the IQ Maximizer Group 2 Dispenser, and the IQ Maximizer Group 4 Dispenser." (*Id.* At ¶ 49.) Again, Plaintiffs were clear that Trinity, "knew [those products] are especially made or adapted for use in an infringement of the '111 Patent." (*Id.*; *see also id.* at ¶¶ 83–94 (parallel allegations as to the '326 Patent).) Finally, Plaintiffs' prayer for relief seeks ***increased*** damages pursuant to 35 U.S.C. § 284. (*Id.* at 20.)

### B. Plaintiffs Place Defendants On Notice And The Parties Engage In Discovery On Willfulness Culminating In LPR 3.6 Disclosures

As discovery progressed on Plaintiffs' SAC, Plaintiffs *and* Defendants exchanged contentions disclosing and interrogatories seeking information relating to willful infringement.

Plaintiffs' July 1, 2016 initial infringement contentions provided Plaintiffs' LPR 2.2(g) identification of the basis for their allegations of willful infringement. (Ex. 2 at 7.) The LPR 2.2(g) disclosure was further revised and supplemented in Plaintiffs' January 6, 2022 final infringement

3

contentions.[3] (Ex. 3 at 5-6.)

Defendants for their part served discovery regarding willfulness, namely requesting Plaintiffs, "Identify each claim of each of the Asserted Patents that You allege has been willfully infringed by each Defendant[.]" (Ex. 4 at 15-17 (Interrogatory No. 6).) In their original October 12, 2021 response and first supplemental March 24, 2022 response, Plaintiffs set forth the bases for their allegations, "that Defendants Trinity and Campbell willfully infringe each of the asserted claims of the '111 patent" and "of the '326 patent," including, *inter alia*, based on, "Defendants' knowing and unrefuted copying of display racks covered by the Asserted Claims," and communications then produced in discovery concerning related patents and the application that issued as the '111 Patent. (*See* Ex. 5 at 21-25; *see also* Ex. 4 at 15-17.)

In parallel, Plaintiffs served an interrogatory on Defendants requesting each, "Identify and describe the bases for Your claim that any infringement has not been willful[.]" (*See* Ex. 6 at 12-13 (Campbell's Response Interrogatory No. 22); Ex. 7 at 8-9 (Trinity's Response to Interrogatory No. 23).) Notably, both Campbell and Trinity responded that they ***would not respond until such time as provided for under LPR 3.6.***[4] (*Id.*) Campbell subsequently supplemented its response

---

[3] Specifically, Plaintiffs disclosed "[I]n Gamon's March 26, 2009 letter to Campbell, Gamon explicitly informed Campbell aware of U.S. Patent No. D588,386 and U.S. Patent No. 6,991,116. The '116 Patent claims priority to Provisional application No. 60/404,648 filed on August 20, 2002. Multiple patents issued from Provisional Application No. '648, [including] the '111 and '326 utility patents-in-suit. Defendants were generally aware of this large family of patents, and, further, at least Campbell's contracted with Gamon for Gamon-provided versions of the IQ Maximizer product. Campbell's was aware of Gamon's intellectual property and that its arrangement with Gamon did not provide a license to this intellectual property. Campbell's further engaged in a campaign, alone and in concert with one or more of the other Defendants, to copy Gamon's protected products, including their functional and non-functional features, and, therefore, engage in willful infringement." (Ex. 3 at 5-6.)

[4] Initial fact discovery closed on April 6, 2023 (*see* Dkt. 346) such that Plaintiffs would not have the full scope of opinion of counsel discovery until March 25, 2024, the close of discovery under LPR 3.6. (Dkt. 377.)

stating it did not believe Gamon would be able to establish willful infringement of the Asserted Patents including, *inter alia*, because, "Campbell has no evidence that it was aware of the issuance of either the '111 patent or the '326 patent – or Gamon's allegations that Campbell infringed those issued patents – until Gamon filed its Complaint." (Ex. 8 at 14-23 (Campbell's Third Supplemental Response to Interrogatory No. 22).) A little more than two weeks later, Trinity supplemented its response to the same interrogatory, likewise stating it did not believe Gamon would be able to establish willful infringement of the Asserted Patents including, *inter alia*, because Trinity's knowledge of Plaintiffs' other patents and pending patent applications was insufficient to, "demonstrate that Trinity was aware of either of the Asserted Patents as granted." (Ex. 9 at 9-17 (Trinity's First Supplemental Response to Interrogatory No. 23).)

A joint status report filed by the parties likewise disclosed Plaintiffs' claim of willfulness. (*See* Dkt. 314 ("Gamon also contends that Defendants Trinity and Campbell's infringement has been knowing and willful, at least since in or around 2006").) Following a claim construction ruling, the Court set a deadline for Defendants to present any opinion of counsel defense in response to willfulness on or before February 19, 2024, and for discovery on the same to conclude on March 25, 2024.[5] (*See* Dkt. 377.)

## C.      Defendants' February 2024 Disclosures Regarding The Asserted Patents

Consistent with their response that they would withhold pertinent discovery regarding willfulness until the Court's LPR 3.6 disclosure deadline, on February 19, 2024, Trinity produced 96 documents comprising over 675 pages, including communications with patent counsel, as Trinity admitted was its, "LPR 3.6 Production." (Ex. 11.) Trinity also served LPR 3.6(b)(4)

---

[5] Plaintiffs subpoenaed the deposition of a former Campbell employee within this period; however, Campbell has refused to provide the witness, instead asserting that it will move to quash the same. (Ex. 16 at 1.)

disclosures. (Ex. 12.) Importantly, that discovery included scores of communications between Defendants Campbell *and* Trinity with patent counsel directly contradicting their prior interrogatory responses.

Pursuant to LPR 3.6(c), Gamon issued deposition notices and subpoenas on March 1 and March 4, 2024, to a number of individuals identified as recipients and/or authors of the opinion of counsel documents, including Messrs. Weisz, Riley, and Bailey, in Trinity's LPR 3.6(b)(4) disclosures. (Ex. 13; Ex. 14.)

The depositions of Mr. Weisz and Mr. Riley were held on March 14 and March 15, 2024, respectively. Following service of the notices of deposition, Campbell informed Gamon that two witnesses, Ms. Subkow and Mr. Bailey were no longer employed by Campbell and thus, subpoenas would be required. (Ex. 15 at 1.) As noted above, Gamon later served a subpoena for deposition on Mr. Bailey, which Campbell has indicated, it will move to quash. (Ex. 16.) Plaintiffs continue to seek a short deposition of Mr. Bailey as he was intimately involved on behalf of Campbell and had direct communications with Trinity and its patent counsel.

The February 19, 2024 LPR 3.6 disclosures and March 14-15, 2024 depositions revealed:



---

[6] Ex. 21, is but one example of a non-privileged document, dating back to before any formal business relationship between Campbell and Trinity, evincing other non-privileged communications between Defendants that should have been produced during fact discovery.



In short, in February 2024, based on the LPR 3.6 discovery, Gamon uncovered evidence that Campbell and Trinity had pre-suit knowledge of the Asserted Patents and infringed, nonetheless.

### D.    Gamon Seeks To Amend Their Complaint

With this newly disclosed information and LPR 3.6 disclosures and discovery complete (save for the dispute on the deposition of Mr. Bailey), Gamon informed Defendants of their intent to seek leave to amend the complaint to further conform to the evidence on willfulness. (Ex. 27 at 1-2.) Defendants indicated they oppose because the deadline to amend the pleadings was August 2021. (*Id.* at 1.) The parties met and conferred telephonically on March 26, 2024.

### LEGAL STANDARDS

This circuit has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits and not on the basis of technicalities. *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Under Fed. R. Civ. P. 16(b), to amend a complaint after the deadline set by the trial court's scheduling order, the moving party must show good cause. *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 831 (7th Cir. 2016).  In making

a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Upon a showing of good cause under Rule 16, the party seeking leave to amend a pleading must also demonstrate amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *See, e.g., Babych v. Psychiatric Sols., Inc.*, No. 09 C 8000, 2011 WL 5507374, at *8 (N.D. Ill. Nov. 9, 2011) ("If the moving party establishes good cause, then the court applies Rule 15(a) to determine whether amendment is proper.") Rule 15(a)(2) provides that leave to amend pleadings "should freely" be given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts have identified several factors relevant to whether a motion for leave to amend should be granted under Rule 15(a): "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663 (7th Cir. 2007)). Although a court has discretion to deny a motion for leave to file an amended complaint, "such denials are disfavored." *Id.*; *Cutler v. Quality Terminal Servs.*, LLC, No. 08-CV-6630, 2011 WL 98927, at *1 (N.D. Ill. Jan. 12, 2011) (noting that in applying Rule 15(a)(2) this court must exercise its discretion to "liberally grant permission to amend pleadings absent certain factors.") (quoting *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007).

## ARGUMENT

## I. PLAINTIFFS HAVE GOOD CAUSE TO AMEND BECAUSE LPR 3.6 DISCOVERY CLOSED JUST THIS WEEK.

Amendments to a scheduling order under Rule 16(b) require a showing of "good cause,"

which primarily considers the diligence of the party seeking the amendment. *Alioto*, 651 F.3d at 720. Here, Plaintiffs bring this motion the very week LPR 3.6 discovery concluded (*see* Dkt. 377), and the amendment rests on disclosures from this discovery that contradict Defendants' prior representations. Plaintiffs easily meet the diligence standard. *McMaken on behalf of Chemonics Int'l, Inc. Emp. Stock Ownership Plan v. GreatBanc Tr. Co.*, No. 17-CV-04983, 2019 WL 10891860, at *2 (N.D. Ill. Dec. 27, 2019) (finding diligence where plaintiff demonstrated that amendment was the result of additional document production and deposition testimony acquired after the deadline to amend pleadings, including documents that, "added important context for documents produced prior to the pleading deadline"); *see also Murphy v. LTI Trucking Servs., Inc.*, No. 18-2261, 2019 WL 13212728, at *3 (C.D. Ill. Sept. 30, 2019) (granting motion to amend filed six weeks after acquiring the emails and taking the deposition on which the new claim was based); *Price v. Carri Scharf Trucking, Inc.*, No. 119CV01162MMMJEH, 2022 WL 1050506, at *2 (C.D. Ill. Apr. 7, 2022) (finding diligence where plaintiff moved to amend only weeks after the time they became fully aware of deposition testimony supporting the amendment).

During fact discovery, Campbell and Trinity claimed no pre-suit knowledge of the Asserted Patents. (Ex. 8 at 15; Ex. 9 at 13.) Defendants then availed themselves of the local rules, refusing to produce documents on willfulness until the LPR 3.6 deadline. When that deadline arrived on February 19, 2024, Trinity produced scores of documents revealing that Defendants Trinity *and* Campbell were tracking Plaintiffs' patents including the Asserted Patents. █████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

Opinion of counsel discovery ended just this week with disclosures – many of which were not subject to *any* privilege – demonstrating that Trinity and Campbell *were in fact* jointly monitoring Gamon's patent portfolio, including the progression of the '111 Patent and the '326 Patent through the Patent Office well before this suit was filed. ████████████████ ████████████████████████████████████████████████████ Based on this newly disclosed information, Plaintiffs move to amend. Plaintiffs' motion is timely in view of Defendants' reliance on LPR 3.6 to produce these documents after the close of fact discovery.

Plaintiffs' amendment is limited to adding allegations to the Complaint exemplifying Campbell and Trinity's knowledge of the Asserted Patents and corresponding willful infringement as revealed in newly disclosed evidence uncovered as a result of Defendants' express reliance on LPR 3.6. Good cause therefore exists. *See Murphy*, 2019 WL 13212728, at *3 (finding good cause to support modifying scheduling order under Rule 16(b) to allow for amending complaint based on recently produced emails and deposition testimony to support the amendment); *Grant-Overton v. Fort Wayne Urb. League, Inc.*, No. 120CV00128HABSLC, 2020 WL 6689748, at *2 (N.D. Ind. Nov. 13, 2020) (finding Rule 16(b) "good cause" standard was met in part based on plaintiff seeking to bolster allegations in the original complaint based on discovery).

## II. PLAINTIFFS' SOUGHT AMENDMENT WILL NOT CAUSE DELAY OR UNDUE PREJUDICE, NOR IS IT BROUGHT IN BAD FAITH.

### A. Amendment Was Not The Result Of Nor Will It Cause Delay Let Alone Undue Delay

While the Court must consider whether Plaintiffs have unduly delayed in seeking the proposed amendments, the timeline of events shows no undue delay on Plaintiffs' part. As explained above, Plaintiffs' motion comes the same week as the close of LPR 3.6 discovery. Moreover, here, Defendants claimed there was no evidence of their knowledge of the Asserted Patents but then *after* the close of discovery based on LPR 3.6 produced scores of documents

demonstrating the opposite. Plaintiffs further placed Defendants on notice through their SAC and all throughout discovery that Plaintiffs were skeptical of Defendants' claims. Plaintiffs in no way delayed in amending to add this newfound evidence.

Defendants cannot use LPR 3.6 as both a shield to withhold documents until well after fact discovery and as a sword to fend off claims of willful infringement based on purported delay. Indeed, having just concluded the relevant discovery this week, any claim of delay is without merit. *See, e.g., Murphy*, 2019 WL 13212728 at *3 (finding no undue delay where plaintiffs filed motion to amend shortly following disclosure of discovery on which the new claim for punitive damages was based); *SmithKline Beecham Corp. v. Apotex Corp*., No. 98 C 3952, 2000 WL 116082, at *7 (N.D. Ill. Jan. 24, 2000) (in deciding whether a motion to amend is timely, "the pertinent factor is when [the opposing party] completed their document production. Only then could [the moving party] fully synthesize the documents and compose their theory of the case."). Even if it did not, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Wilson v. Grundfos*, No. 16-CV-349, 2017 WL 5001472, at *1 (N.D. Ill. Nov. 2, 2017) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792–93 (7th Cir. 2004)). Similarly, the amendment will not cause a delay or change in schedule. As explained below, the parties have taken fulsome discovery on this issue already such that there is no prejudice. Amendment is therefore warranted.

### B. Plaintiffs' Amendment Similarly Does Not Prejudice Defendants

Even if Plaintiffs delayed, which they did not, the court should then inquire whether the purported delay will result in undue prejudice to the opposing party. *See Tragarz v. Keene Corp*., 980 F.2d 411, 432 (7th Cir.1992) ("[D]elay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party."). Here, Plaintiffs' amendment will in no way prejudice Defendants. Defendants have been on notice since the inception of this case that Plaintiffs believed the infringement was intentional. Moreover, the information at issue

was uniquely in Defendants' possession, precluding any claim of prejudice by Defendants as they chose to withhold it and produce it at the eleventh hour. *Smithkline*, 2000 WL 116082, at *7 (granting motion to amend pleading where non-movant contributed to the delayed production on which the amendment was premised).

As a preliminary matter, willfulness is not a new theory of the case. Defendants were on notice through the existing allegations in the SAC. Specifically, Plaintiffs alleged Trinity and Campbell, "knowingly" induced infringement of the Asserted Patents and further sought, "increased damages" under 35 U.S.C. § 284. (*See, e.g.*, Dkt. 275 at ¶¶ 34, 49; *id*. at 20.) Increased damages under 35 U.S.C. § 284, of course, is predicated on willfulness. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016).

Ostensibly, based on their recognition that willfulness is at issue, Plaintiffs **and** Defendants exchanged discovery specific to willfulness. Defendants in fact asked Plaintiffs to "[i]dentify each claim of each of the Patents-in-Suit that You allege has been willfully infringed by each Defendant[.]" (Ex. 5 at 21.) Not having the benefit of the documents received last month, Plaintiffs responded and supplemented with the information available to it, including "that Defendants Trinity and Campbell willfully infringe each of the asserted claims of the '111 patent" and "of the '326 patent," including, *inter alia*, based on "Defendants' knowing and unrefuted copying of display racks covered by the Asserted Claims." (*Id.* At 23-25.) Thus, Defendants clearly had actual notice of the issue and took corresponding discovery on the same, eliminating any claim of prejudice. *See Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, No. 91 C 6284, 1996 WL 543312, at *4 (N.D. Ill. Sept. 23, 1996) (no undue prejudice from amending complaint to add entirely new party where non-movant had constructive, if not, actual notice of the allegations contained in the complaint).

Additionally, any claim of prejudice by Defendants strains credulity. Defendants claimed

no knowledge of the Asserted Patents and refused to turn over a host of documents to the contrary until the Court's LPR 3.6 deadline. Indeed, the undue prejudice to Plaintiffs if the motion is not granted outweighs any prejudice to Defendants who chose to disclose these documents at this stage of the case under the umbrella of LPR 3.6. *Video Views, Inc. v. Studio 21, Ltd.*, No. 84 C 430, 1987 WL 13971, at *6 (N.D. Ill. July 16, 1987) ("[T]he more merit a proposed amendment has, the stronger the countervailing prejudice must be to justify leave to amend.") Additionally, the amendment will not cause undue prejudice in the form of delay of the case schedule or expanding the scope of discovery as Plaintiffs' proposed amendment is based on the opinion of counsel documents already produced and the related depositions that were already taken. Specifically, Trinity produced LPR 3.6 discovery in accordance with the case schedule, thereby following the contemplated sequence of fact discovery followed by opinion of counsel discovery contemplated under the Local Patent Rules. This is not a case where amendment will lead to a considerable amount of additional discovery; that discovery has already occurred. *Lanigan v. LaSalle Nat'l Bank*, 108 F.R.D. 660, 662 (N.D. Ill. 1985) (describing undue prejudice may occur "where the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in allegations of the complaint and where the amendment would require expensive and time-consuming additional discovery.") (internal quotations omitted).

For the same reasons, the amendment will not cause prejudice in the form of postponing the scheduling of trial, which has not yet been set. *Murphy*, 2019 WL 13212728, at *3 (finding that while defendant had interest in preventing the addition of a new claim, that alone did not justify barring amendment of the complaint where trial was scheduled more than a year out). Rather, amendment of the complaint is a natural consequence of Defendants' disclosure of opinion of counsel discovery and done before dispositive motions are due. (Dkt. 377.) There is therefore

no undue prejudice, so amendment should be permitted.

### C. The Proposed Amendment Is Not Futile

An amendment is futile if the amended pleading would not survive a motion to dismiss. *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To plead willful infringement, "courts in this district have only required allegations that [defendant] knew of both the [Asserted] Patent and its infringement." *Trove Brands, LLC v. California Innovations Inc.*, No. 21 C 1132, 2021 WL 5320408, at *8 (N.D. Ill. Nov. 16, 2021); *see also Dresser, LLC v. VRG Controls, LLC*, No. 18 C 1957, 2018 WL 10426611, at *4 (N.D. Ill. Nov. 28, 2018) ("[I]t is sufficient if the complaint plausibly alleges that the defendant (1) knew of the patent and (2) knew that its conduct infringed").

The proposed amendments to the SAC are not futile because Plaintiffs' new allegations sufficiently plead willful infringement to survive a motion to dismiss. Plaintiffs' Amended Complaint alleges that Campbell and Trinity were monitoring Gamon's patent activity, including the patent applications that would lead to the Asserted Patents. (*See, e.g.,* Exs. 18, 19.) This is enough; facts sufficient to allow a reasonable inference of knowledge support a pleaded claim for willful infringement. *See, e.g.*, *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1342 (Fed. Cir. 2016) (upholding jury finding that an accused infringer had knowledge of the patents based on "record evidence upon which it could have inferred that [the defendant] had knowledge of the patents at issue"); *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 396 F. Supp. 3d 323, 334 (S.D.N.Y. 2019) (finding "evidence from which a jury could reasonably infer that [the defendant] had such knowledge [of the asserted patent]"). In any case, the Amended Complaint alleges actual pre-suit knowledge of the Asserted Patents and the infringing conduct. (*See* Ex. 1.)

14

### D.    Plaintiffs Have Not Acted In Bad Faith

Finally, there is no evidence of bad faith or dilatory motive on the part of Plaintiffs.  To the contrary, if there is any bad faith it is by Defendants. First, Defendants did not timely produce non-privileged documents, springing them on Plaintiffs after the close of discovery under LPR 3.6 and then claiming it is too late for amendment. Second, Defendants steadfastly claimed they had no pre-suit knowledge of the Asserted Patents, which is now demonstrably false as to Trinity and reasonable to infer as false as to Campbell based on the LPR 3.6 discovery. Nevertheless, Plaintiffs disclosed their belief that Defendants' infringement was intentional and sought corresponding discovery on the issue. Plaintiffs' amendment is based on recent discovery disclosed in accordance with this Court's schedule and thus, in good faith. *Morton Grove Pharms., Inc. v. Par Pharm. Companies, Inc.*, No. 04 C 7007, 2005 WL 1766369, at *4 (N.D. Ill. July 22, 2005) (finding no bad faith where plaintiff provided a reasonable explanation for amending based on new information). Even in cases where the case has progressed well beyond the deadline to amend pleadings, this Circuit regularly permits amendment to conform to new evidence. *Triteq Lock & Sec. LLC v. Innovative Secured Solutions, LLC*, No. 10 C 1304, 2011 WL 3203303, at *2 (N.D. Ill. Jul. 21, 2011) (finding no bad faith and granting leave to amend complaint where plaintiff "acquired new evidence through discovery and then promptly sought leave to amend" to "beef up" its claims); *Price*, 2022 WL 1050506, at *2 (granting motion to amend more than 16 months after the amendment of pleadings deadline but weeks after plaintiffs became fully aware of deposition testimony supporting the amendment). Here, the parties took extensive discovery on this issue, and Plaintiffs moved immediately after that discovery concluded; there is no change in schedule nor delay caused by amendment, and trial has not been set. Justice and the law warrant amendment.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend the Complaint should be granted.

Dated: March 28, 2024                     Respectfully submitted,

/s/ *Kal K. Shah*
Kal K. Shah
Mircea A. Tipescu
Cristina Q. Almendarez
Theresa L. Starck
Louis Constantinou
**BENESCH FRIEDLANDER
   COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192
kshah@beneschlaw.com
mtipescu@beneschlaw.com
calmendarez@beneschlaw.com
tstarck@beneschlaw.com
lconstantinou@beneschlaw.com

*Attorneys for Gamon Plus, Inc.
and Gamon International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2024, a copy of the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ Kal K. Shah

*Counsel for Plaintiffs Gamon Plus, Inc. and Gamon International, Inc.*