**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GAMON PLUS, INC. and<br>GAMON INTERNATIONAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., and TRINITY MANUFACTURING, L.LC.,<br><br>Defendants. | Case No. 15-cv-8940<br><br>Judge John Robert Blakey<br>Magistrate Judge Young B. Kim<br><br>JURY TRIAL DEMANDED |

# JOINT STATUS REPORT

Plaintiffs Gamon Plus, Inc. and Gamon International, Inc. (collectively, "Plaintiffs"), and Defendants Campbell Soup Company, Meijer, Inc., The Kroger Co., and Trinity Manufacturing, L.L.C. (collectively, "Defendants" and together with Plaintiffs, the "Parties") by and through their attorneys, respectfully provide this Joint Status Report pursuant to the Court's order (July 9, 2024, Dkt. 424).

The parties jointly report as follows:

1. The parties are currently preparing dispositive motions to be briefed according to the schedule ordered by the Court: Opening Briefs due Aug. 14, 2024, Responsive Briefs due Sept. 14, 2024, Reply Briefs due Oct. 2, 2024.
2. The Plaintiffs estimate that jury trial of this case will take approximately five (5) days, with the first half day being dedicated to jury *voir dire* and empaneling the jury for trial. Defendants estimate that the jury trial of this case will take approximately six (6) days, with the first full day being dedicated to jury *voir dire* and empaneling the jury for trial.

3. Counsel and witnesses have a number of conflicts during the first half of 2025 as shown below. For the Court's convenience, counsel and witnesses are available for trial on the following dates:

- Jan. 6-10, 2025
- Feb. 10-14, 2025
- Mar. 31 - Apr. 11, 2025
- June 23-27, 2025

4. Counsel and/or the parties' witnesses currently have the below conflicts during the first half of 2025. However, as reflected below, many current conflicts are due to scheduled trials that may be resolved or rescheduled. The parties will inform the Court promptly should any of the below timeframes become available.[1]

- Jan. 1-3, 2025: Defendants' Conflict – Fact Witness Unavailable
- Jan. 13 - Feb 7, 2025: Plaintiffs' Conflicts – Trial/Claim Construction Hearing; Defendants' Conflicts – Fact Witness Unavailable/Counsel Conflict
- Feb. 17-18, 2025: Defendants' Conflict – Fact Witness Unavailable
- Feb. 24-28, 2025: Plaintiffs' Conflict – Expert at Trial
- Mar. 5-7, 2025: Plaintiffs' Conflict – Claim Construction Hearing
- Mar. 9-28, 2025: Defendants' Conflict – Fact Witness Unavailable/Counsel Conflict
- Apr. 12-27, 2025: Defendants' Conflict – Expert Unavailable/Fact Witness Unavailable
- Apr. 28 - May 2, 2025: Plaintiffs' Conflict – Expert unavailable

---

[1] Also note, if the conflict arises from unavailability of a witness, the parties are amenable to working together to proceed during that timeframe with reasonable accommodations for the witness. If a corresponding window is preferred, the parties can promptly alert the Court to the scope of any conflict and whether trial can proceed with reasonable accommodations.

- May 3-9, 2025: Defendants' Conflict – Counsel Conflict
- May 16-25, 2025: Defendants' Conflict – Expert Unavailable/Fact Witness Unavailable
- May 26-30, 2025: Plaintiffs' Conflict – Expert at Trial; Defendants' Conflict – Client Unavailable
- Jun. 2-15, 2025: Defendants' Conflict – Expert Unavailable/Client Unavailable/Fact Witness Unavailable
- Jun. 16-20, 2025: Plaintiffs' Conflict – Pretrial Conference & Expert at Trial; Defendants' Conflict – Fact Witness Unavailable
- Jun. 30 – Jul. 2, 2025: Plaintiffs' Conflict – Pretrial Conference; Defendants Conflict – Expert Unavailable/Fact Witness Unavailable
- Jul. 3-11, 2025: Defendants' Conflict – Experts Unavailable/Fact Witness Unavailable

5. In addition to the foregoing, Defendants respectfully request that the Court allow the parties to file a single *Daubert* motion either shortly after the close of summary judgment briefing or after the Court issues its decision(s) on summary judgment. The early *Daubert* motions would be supplemental to the motions *in limine* due to be filed along with the other pretrial submissions, as provided for in the Court's rules and prior orders. Defendants believe that the Court's resolution of certain *Daubert* issues would assist the parties in having more meaningful settlement or mediation discussions and could increase the chance of settlement before trial.

6. Plaintiffs do not believe early *Daubert* is warranted, and Defendants fail to state a compelling basis to deviate from this Court's standard practice. The speculative grounds of "could increase the chance of amicable resolution" could be said of all cases. Plaintiffs have waited nearly a decade for trial and are concerned that any interim motion practice would only delay the date to trial. Indeed, any prospect for early resolution of this proceeding is likely to follow only after this Court sets a trial date,

not based on generic and speculative motion practice. At the very least, Defendants' request is premature because Plaintiffs have been forced to bring a motion for sanctions seeking additional deposition time. *See* Dkt. 426. It is unfair to permit early *Daubert* motions until this motion is resolved and, if granted, the second round of expert depositions completed.

Dated: July 31, 2024

Respectfully submitted,

/s/ Terrence J. Wikberg
Anthony J. Fuga
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, 27th floor
Chicago, IL 60606
Tel: (312) 263-3600
Fax: (312)578-6666
anthony.fuga@hklaw.com

Terrence J. Wikberg (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
Tel: (202) 469-5627
Fax: (202) 955-5564
terry.wikberg@hklaw.com

Mark T. Goracke (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
mark.goracke@hklaw.com

*Attorneys for Defendants Campbell Soup Company, Meijer, Inc. and The Kroger Co.*

/s/ Martin B. Pavane (with permission)
Martin B. Pavane (admitted *pro hac vice*)
Martin Pavane & Associates
70 East 77th Street, Suite 3B
New York, NY 10075
MartinPavane@mbplawyer.com

David Lesht (local counsel)
SPERLING & SLATER, LLC
55 W. Monroe Street, 32nd Floor
Chicago, IL 60603
Tel: (312) 641-3200
dlesht@sperling-law.com

*Attorneys for Defendant Trinity Manufacturing, LLC*

/s/ Kal K. Shah
Kal K. Shah
Mircea A. Tipescu
Cristina Q. Almendarez
Louis Constantinou
BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: (312) 212-4949
kshah@beneschlaw.com
mtipescu@beneschlaw.com
calmendarez@beneschlaw.com
lconstantinou@beneschlaw.com

Timothy P. Heaton (admitted *pro hac vice)*
BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
Tel: 646.593.7050
theaton@beneschlaw.com

Jason G. Sheasby (admitted *pro hac vice)*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010
jsheasby@irell.com

Lisa S. Glasser (admitted *pro hac vice)*
Stephen M. Payne (admitted *pro hac vice)*
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, CA 92660
lglasser@irell.com
spayne@irell.com

*Attorneys for Gamon Plus, Inc. and Gamon International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2024, a copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

*/s/ Kal K. Shah*
*One of the attorneys for Gamon Plus, Inc. and Gamon International, Inc.*