IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMON PLUS, INC. and GAMON INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE CAMPBELL'S COMPANY f/k/a CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., and TRINITY MANUFACTURING, L.L.C., <br><br> Defendants. | Case No. 15-cv-8940 <br><br> Judge Georgia N. Alexakis <br> Magistrate Judge Young B. Kim |

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO REMEDY

Pursuant to Federal Rules of Civil Procedure 50(b), Defendants, The Campbell's Company f/k/a Campbell Soup Company and Trinity Manufacturing, L.L.C., hereby renew their motion for judgment as a matter of law of no remedy:

**First**, a patentee seeking reasonable royalty damages bears an affirmative obligation to separate the value of the patented invention from the value contributed by unpatented features. The ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more. Because Gamon chose to rely solely on Mr. Weinstein's damages opinions concerning a royalty base, rate and ultimate damages number, and those opinions were excluded as unreliable, Gamon had no admissible evidence to present any such figures to the jury. Further, Gamon offered no evidence from which the jury could perform this necessary apportionment. It introduced nothing that would allow the jury to separate the value of the Racks' patented features (*e.g.*, dual chutes, put back, door) from the substantial value

1

contributed by unpatented features (*e.g.,* curved door, large door, billboard effect and content of door card). Instead, Gamon sought damages based on the Racks as a whole. Because Gamon failed to provide evidence enabling the jury to apportion between patented and unpatented features, the jury's damages awards against Campbell's and Trinity cannot stand.

**Second**, damages must be proven through competent, non-speculative evidence. Here, Gamon invited the jury to guess at damages, but the Federal Circuit has consistently held that patent damages cannot be left to guesswork, and judgment as a matter of law is appropriate when a jury cannot reasonably determine damages for infringement without speculation. While 35 U.S.C. § 284 entitles a prevailing patentee to a reasonable royalty, it does not require an award of damages if none are proven that adequately tie a dollar amount to the infringing acts. There must at least be enough evidence in the record to allow the factfinder to formulate a royalty, and in a case completely lacking evidence on which to base a damages award, the record may well support a zero royalty award. Gamon's trial presentation consisted of large revenue and profit figures—Defendants' revenues, soup sales, grocers' cost savings and other generalized metrics—but provided no meaningful way for the jury to infer an appropriate damages number from that evidence. Because there is no legally sufficient evidence in the trial record from which a reasonable jury could determine a reasonable royalty in a hypothetical September 2014 negotiation without impermissible conjecture, the damages verdict cannot stand.

The grounds for Defendants' Motion are further detailed in the Memorandum of Law in Support of Defendants' Renewed Motion for Judgment as a Matter of Law.

Dated: November 17, 2025

Respectfully submitted,

/s/ *Anthony J. Fuga*
Anthony J. Fuga
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, 27th floor
Chicago, IL 60606
Tel: (312) 263-3600
Fax: (312)578-6666
anthony.fuga@hklaw.com

Terrence J. Wikberg (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
Tel: (202) 469-5627
Fax: (202) 955-5564
terry.wikberg@hklaw.com

Mark T. Goracke (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
mark.goracke@hklaw.com

Ji Mao (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019
Tel: (212) 513-3420
Fax: (212) 38-9010
ji.mao@hklaw.com

**Attorneys for Defendants The Campbell's Company f/k/a Campbell Soup Company, Meijer, Inc. and The Kroger Co.**

s/ *Martin B. Pavane (with permission)*
Martin B. Pavane (admitted *pro hac vice*)
Martin Pavane & Associates
70 East 77th Street
Suite 3B
New York, NY 10075
MartinPavane@mbplawyer.com

David Lesht

3

        SPERLING KENNY NACHWALTER, LLC
321 N. Clark Street, 25th Floor
Chicago, IL 60654
Tel: (312) 641-3200
Fax: (312) 641-6492
dlesht@sperlingkenny.com

***Attorneys for Defendant Trinity Manufacturing, L.L.C.***